*Exhibit "5"*

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
------------------------------------------------------- x  
In re  

GILLES Y. MICHAUD and  
JENNIFER R. MICHAUD,  

               Debtor.  
------------------------------------------------------- x  

Presentment Date: April 19, 2010 at noon

Case No. 09-14763 (ALG)

Chapter 7

### OBJECTION OF THE UNITED STATES TRUSTEE TO MOTION OF CITIBANK, N.A. TO VACATE THE AUTOMATIC STAY

**TO THE HONORABLE ALLAN L. GROPPER,**  
**UNITED STATES BANKRUPTCY JUDGE:**

Diana G. Adams, the United States Trustee for the Southern District of New York (the "United States Trustee"), respectfully submits this objection (the "Objection") to the motion (the "Motion") of Citibank, N.A. to lift the automatic stay with respect to a mortgage (the "Mortgage") on 155 Franklin Street, Unit 4N, New York, New York 10013-2946 (the "Property"), owned by the debtors Gilles Y. Michaud and Jennifer R. Michaud (the "Debtors"). In support of her Objection, the United States Trustee alleges as follows:

### SUMMARY OF OBJECTION

Citibank, N.A. has not demonstrated it has standing to file the Motion. Specifically, Citibank, N.A. claims its standing is based upon an assignment dated February 17, 2010 (the "Assignment"), a copy of which is attached hereto as Exhibit A. That Assignment was signed by Elphiniki M. Bechakas, as "Assistant Secretary and Vice President" of the Mortgage Electronic Registration Systems, Inc. ("MERS") "as nominee for CitiMortgage, Inc."[1] The Assignment purports to assign the Mortgage from MERS To Citibank, N.A.

Undisclosed in the Motion, Ms. Bechakas is also an attorney at the firm of Steven J. Baum, P.C. (the "Baum Firm"), the firm that filed the Motion on behalf of Citibank, N.A. It therefore appears that the Baum Firm represents the assignee at the same time that a Baum Firm

---

[1] As described below, CitiMortgage, Inc. is the original lender, while Citibank, N.A. is the movant here.

attorney is a principal of the assignor. Under the circumstances, the Court should not simply accept Citibank, N.A.'s statement that it owns the Mortgage by virtue of the Assignment. Rather, Citibank, N.A. must provide evidence that the transaction between MERS and Citibank, N.A. was valid.

Further, as the Assignment was effectuated just a few months ago, Citibank, N.A. must explain how its employee, David Thornhill, can attest that the records reflecting pre-petition activities and amounts due on the Mortgage are accurate.

The United States Trustee objects to the Motion until and unless: (a) Citibank, N.A. demonstrates that the Assignment between MERS and Citibank, N.A. was a valid assignment, providing Citibank, N.A. with the requisite standing to file the Motion; (b) the Baum Firm provides an adequate explanation as to why it did not disclose that Ms. Bechakas, who executed the Assignment, is at the same time an attorney at the Baum Firm; and (c) Citibank, N.A. describes the procedures for determining the accuracy of the amounts due as set forth in the Motion.

## FACTS

1. The Debtors filed for Chapter 7 bankruptcy relief on July 31, 2009 (the "Filing Date"). The Debtors listed CitiMortgage, Inc. as the secured creditor of a mortgage on the Property. See Motion, Ex. C (Schedule D of the Petition).

2. Alan Nisselson was appointed as interim Chapter 7 trustee and is now serving as the permanent Chapter 7 trustee.

3. According to the Motion, Citibank, N.A. "is the holder by Assignment of a mortgage dated the 1st day of June, 2007 . . ." See Motion at ¶ 1. Citibank, N.A. attached three documents to demonstrate that it owns the Mortgage:

    (a)    An interest-only adjustable rate note dated June 1, 2007 between the Debtors as borrowers and CitiMortgage, Inc. as lender (the "Note").

2

(b) The Mortgage, dated June 1, 2007, between the Debtors as borrowers and CitiMortgage, Inc. as lender. The Mortgage stated that MERS, as nominee for the lender, is the mortgagee of record. See Mortgage at 1.

(c) The Assignment, between MERS as nominee for CitiMortgage, Inc., as assignor, and Citibank, N.A., as assignee.

4. The Note, the Mortgage and the Assignment (attached as Exhibit A to the Motion) are attached hereto as Exhibit B.

5. Citibank, N.A. also attached a worksheet prepared by David Thornhill, an employee of Citibank, N.A (the "Worksheet"). The Worksheet stated that the last mortgage payment was received on May 29, 2009. See Question 11. A copy of the Worksheet (also attached as Exhibit B to the Motion), is attached hereto as Exhibit C.

6. Citibank, N.A. did not disclose in its Motion or the Worksheet the date that the mortgage was assigned to Citibank, N.A.

## ARGUMENT

Under Rule 9014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), which by virtue of Bankruptcy Rule 4001(a)(1) governs stay relief requests, certain "Part VII" rules are applicable. See Bankruptcy Rule 9014(c). Among these incorporated rules is Bankruptcy Rule 7017, which in turn incorporates Fed. R. Civ. P. 17, and Rule 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest." In re Wilhelm, 407 B.R. 392, 399 (Bankr. D. Idaho 2009). As applied in the stay relief context, movants bear the burden of proof on standing, in addition to the other elements necessary to obtain relief. In re Hayes, 393 B.R. 259, 267 (Bankr. D. Mass. 2008) ("To have standing to seek relief from the automatic stay, [movant] Deutsche Bank was required to establish that it is a party in interest and that its rights are not those of another entity.").

Courts in this district have discussed the need for secured lenders to provide accurate pleadings by creditors in filings before the Court or else "[t]he debtor and his/her family may lose their home, and the debtor and other creditors may lose significant equity in foreclosure." In re

3

Gorshtein, 285 B.R. 118, 122 (Bankr. S.D.N.Y. 2002); In re Fagan, 376 B.R. 81, 82 (Bankr. S.D.N.Y. 2007) (sanctioning secured creditor to reinforce "my strongly-held view that debtors must not be subjected to the risk of foreclosure and loss of their homes on the basis of false certifications of post-petition defaults.").

Citibank, N.A. attached Schedule D of the Debtors' Schedules as proof of its standing. However, these Schedules show CitiMortgage, Inc., and not Citibank, N.A., as the secured creditor of a mortgage on the Property. See Motion, Ex. C (Schedule D of the Petition). The only evidence presented by the movant that Citibank, N.A. has an interest in the Mortgage is the Assignment. It appears that the Assignment was prepared just prior to the filing of the Motion.

The Assignment was signed by Elpiniki M. Bechakas as assistant secretary and vice president of MERS, as nominee for CitiMortgage, Inc., its successors and assigns. See Ex. A. Ms. Bechakas is an attorney at the Baum Firm. See Attorney Detail from the New York State Unified Court System Website, annexed hereto as Exhibit D. The Baum Firm has failed to disclose Ms. Bechakas' relationship to the Baum Firm, and merely identified her as an assistant secretary and vice president of MERS.

Regardless of disclosure, it is clear that an attorney from the Baum Firm represented the assignor at about the same time that the Baum Firm represented the assignee, Citibank, N.A.[2] As such, the Motion should be denied with an opportunity for Citibank, N.A. or MERS to provide further information on the process by which Citibank, N.A. became the alleged owner of the Mortgage, including the officer at MERS who approved the transaction. Absent an adequate explanation, Citibank, N.A. lacks standing to file the Motion.

---

[2]The Baum Firm may have also run afoul of N.Y. Comp. Codes R. & Regs. tit. 22 § 1200.0 Rule 1.8(a) (2009) (prohibiting a lawyer from entering into a "business transaction with a client if they have differing interests therein."); cf. Lasalle Bank N.A. v. Smith, 2010 NY Slip Op 50470U, 2010 N.Y. Misc. LEXIS 564, at * 7-10 (N.Y. Sup. Ct. Mar. 22, 2010) (Court required an affidavit of the Baum Firm explaining why it was not a conflict of interest to represent a bank listed as a plaintiff and an entity listed as a subordinate mortgage defendant).

4

Citibank, N.A. also states that the Debtors have made no payments on the Mortgage since May 2009. See Ex. C, at ¶ 11. Even assuming the Assignment was valid, Citibank, N.A. provides no explanation as to how it determined, through business records, that it knows the prepetition amounts due and owing. Further, Citibank, N.A. did not explain how it determined that prepetition property inspection fees of $72.50 and BPO/Appraisal charges of $259.00 were due and owing. As stated above, Citibank, N.A., at the earliest, obtained the Mortgage in February 2010.

Simply put, some motions to vacate the stay require more disclosure than others. This was not a simple transaction in which the original mortgagee seeks to vacate the automatic stay. Here, in light of the uncertainties and lack of disclosure regarding the transfer to Citibank, N.A., the Court should deny the Motion. In re Weisband, Case No. 09-05175 (EWH), 2010 WL 1253182, *6 (Bankr. D. Ariz. 2010) (finding that the servicer did not have standing to prosecute a motion for relief from the stay when there was no evidence of actual transfers of the note and deed of trust to the trustee in a securitization arrangement).

WHEREFORE, the United States Trustee respectfully requests that the Court deny to the Motion.

Dated: New York, New York
April 12, 2010

          Respectfully Submitted,

          DIANA G. ADAMS
          UNITED STATES TRUSTEE
By:   /s/ Greg M. Zipes
          Greg M. Zipes (GMZ-4539)
          Trial Attorney
          33 Whitehall Street
          21st Floor
          New York, New York 10004
          Tel. No. (212) 510-0500