*Exhibit "7"*

U.S. BANK, N.A. v. EMMANUEL

*2010 NY Slip Op 50819(U)*

U.S. BANK, N.A., AS TRUSTEE FOR SG MORTGAGE SECURITIES ASSET BACKED CERTIFICATES, SERIES 2006-FRE2,, Plaintiff,
v.
ARRIANA EMMANUEL, ET. AL., Defendants.

19271/09.

Supreme Court, Kings County.

Decided May 11, 2010.

Steven J Baum, P.C., Amherst NY, Plaintiff-US Bank.

ARTHUR M. SCHACK, J.

The *ex parte* motion of plaintiff U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR SG MORTGAGE SECURITIES ASSET BACKED CERTIFICATES, SERIES 2006-FRE2 [U.S. BANK], for service of a supplemental summons by publication upon defendant ARRIANA EMMANUEL [EMMANUEL] and related relief, in the instant mortgage foreclosure action for the premises located at 1388 Lincoln Place, Brooklyn, New York (Block 1391, Lot 13, County of Kings) is denied with prejudice. The instant action is dismissed and the instant notice of pendency is cancelled. Plaintiff U.S. BANK never had standing to prosecute this action because of an ineffective assignment of the subject mortgage and note to it. Plaintiff U.S. BANK's attempt to foreclose upon a mortgage in which it has no legal or equitable interest is without foundation in law or fact.

Further, even if this action was not dismissed, there is a conflict of interest in that plaintiff's counsel, Steven J. Baum, P.C., appears to be in violation of 22 NYCRR § 1200.0 (*Rules of Professional Conduct,* effective April 1, 2009) Rule 1.7, "Conflict of Interest: Current Clients." The Baum firm represents both MORTGAGE ELECTRONIC REGISTRATION SYSTEMS [MERS], as nominee for FREMONT INVESTMENT AND LOAN [FREMONT], the ineffective assignor of the instant mortgage, and plaintiff U.S. BANK, the ineffective assignee of the instant mortgage. If the Court did not dismiss the action, the Court would need proof, in an affirmation by Steven J. Baum, Esq., the principal of Steven J. Baum, P.C., that both MERS, as nominee for FREMONT, and U.S. BANK each gave "informed consent, confirmed in writing" to the concurrent conflict of interest in their representation by Steven J. Baum, P.C., with both MERS, as nominee for FREMONT, and U.S. BANK each being "aware of the relevant circumstances, including the material and reasonably foreseeable ways that the conflict could adversely affect the interests of that client."

## *Background*

Plaintiff's moving papers do not contain exhibits with the underlying mortgage and assignment of the instant mortgage to plaintiff U.S. BANK. I checked the Automated City Register Computer System (ACRIS) website of the Office of the City Register of the City of New York to verify the information in the complaint and moving papers, discovering that defendant EMMANUEL executed the instant mortgage and note on May 3, 2006 and borrowed $480,000.00 from FREMONT. MERS, as nominee for FREMONT, recorded the instant mortgage and note on May 23, 2006, in the Office of the City Register of the City of New York, at City Register File Number (CRFN) 2006000287060. Then, MERS, as nominee for FREMONT, on June 16, 2009, assigned to plaintiff U.S. BANK "said Mortgage, and the full benefit of all the powers and of all the covenants and Provisions therein contained and the said Assignor hereby grants and conveys until the said Assignee, the Assignors beneficial interest under the Mortgage." The note was not assigned. The June 16, 2009 assignment of the mortgage and "the full benefit of all the powers and of all the covenants and Provisions therein contained" were recorded on July 17, 2009, in the Office of the City Register of the City of New York, at CRFN 2009000111146. Subsequently, plaintiff U.S. BANK commenced the instant action by filing the summons, complaint and notice of pendency with the Office of the Kings County Clerk on July 30, 2009.

The June 16, 2009 assignment was executed by "Elpiniki Bechakas, Assistant Secretary and Vice President" of MERS. Ms. Bechakas is a member of the New York State Bar and her business address, according to the Office of Court Administration's Attorney Registration, is "Steven Baum, P.C., 220 Northpointe Parkway, Suite G, Amherst, NY 14228-1894." Steven J. Baum, P.C. is the attorney for plaintiff U.S. BANK, the assignee. The Court is concerned that the concurrent representation by Steven J. Baum, P.C. of both assignor MERS, as nominee for FREMONT, and assignee plaintiff U.S. BANK is a conflict of interest, in violation of 22 NYCRR § 1200.0 (Rules of Professional Conduct, effective April 1, 2009) Rule 1.7, "Conflict of Interest: Current Clients."

Subsequently, in January 2010, plaintiff U.S. BANK made the instant motion to serve defendant EMMANUEL by publication, pursuant to CPLR Rules 315 and 316, claiming that after a diligent search defendant EMMANUEL could not be found. Plaintiff's complaint correctly states, in ¶ 3, that "[t]he mortgage was subsequently assigned to U.S. BANK." The complaint is silent as to whether the subject note was assigned. However, the affidavit of plaintiff's counsel in support of service by publication incorrectly states, in ¶ 6, that "[t]his action is based upon a bond or note and mortgage which is secured by real property." MERS, as nominee for FREMONT, did not assign the note with the mortgage, but assigned, as noted above, the mortgage and "and the full benefit of all the powers and of all the covenants and Provisions therein contained" and "the Assignors beneficial interest under the Mortgage." This verbiage is not the note.

## *Plaintiff's lack of standing*

"Standing to sue is critical to the proper functioning of the judicial system. It is a threshold issue. If standing is denied, the pathway to the courthouse is blocked. The plaintiff who has standing, however, may cross the threshold and seek judicial redress." (*Saratoga County Chamber of Commerce, Inc. v Pataki*, 100 NY2d 801 812 [2003], *cert denied* 540 US 1017 [2003]). Professor Siegel (NY Prac, § 136, at 232 [4d ed]), instructs that:

[i]t is the law's policy to allow only an aggrieved person to bring a lawsuit ... A want of "standing to sue," in other words, is just another way of saying that this particular plaintiff is not involved in a genuine controversy, and a simple syllogism takes us from there to a "jurisdictional" dismissal: (1) the courts have jurisdiction only over controversies; (2) a plaintiff found to lack "standing" is not involved in a controversy; and (3) the courts therefore have no jurisdiction of the case when such a plaintiff purports to bring it.

"Standing to sue requires an interest in the claim at issue in the lawsuit that the law will recognize as a sufficient predicate for determining the issue at the litigant's request." (*Caprer v Nussbaum* (36 AD3d 176, 181 [2d Dept 2006]). If a plaintiff lacks standing to sue, the plaintiff may not proceed in the action. (*Stark v Goldberg*, 297 AD2d 203 [1st Dept 2002]). "Standing is jurisdictional and goes to a court's authority to resolve litigation, we [the Court] can raise this matter *sua sponte*." (*Axelrod v New York State Teachers' Retirement System*, 154 AD2D 827, 828 [3d Dept 1989]).

The instant June 16, 2009 assignment from MERS, as nominee for FREMONT, to U.S. BANK is a nullity, because MERS, as nominee for FREMONT, did not assign the note, but only assigned "said Mortgage, and the full benefit of all the powers and of all the covenants and Provisions therein contained and the said Assignor hereby grants and conveys until the said Assignee, the Assignors beneficial interest under the Mortgage." The Appellate Division, Second Department in *Kluge v Fugazy* (145 AD2d 537, 538 [2d Dept 1988]), held that a "foreclosure of a mortgage may not be brought by one who has no title to it and ***absent transfer of the debt***, the assignment of the mortgage is a nullity [***Emphasis added***]." Moreover, "a mortgage is but an incident to the debt which it is intended to secure ... the logical conclusion is that a transfer of the mortgage without the debt is a nullity, and no interest is assigned by it. The security cannot be separated from the debt, and exist independently of it. This is the necessary legal conclusion." (*Merritt v Bartholick*, 36 NY 44, 45 [1867]. The Appellate Division, First Department, citing *Kluge v Fugazy* in *Katz v East-Ville Realty Co.* ( 249 AD2d 243 [1d Dept 1998]), instructed that "[p]laintiff's attempt to foreclose upon a mortgage in which he had no legal or equitable interest was without foundation in law or fact." Last December, the Appellate Division, Second Department, instructed that "[w]here a mortgage isrepresented by a bond or other instrument, an assignment of the mortgage without assignment of the underlying note or bond is a nullity (*see Merritt v Bartholick*, 36 NY 44, 45 [1867]; *Kluge v Fugazy*, 145 AD2d 537, 538)." (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2d Dept 2009]).

Therefore, the subject June 16, 2009 assignment is a nullity and plaintiff U.S. BANK has no standing in this action. The instant motion is denied. The instant action is dismissed with prejudice and the instant notice of pendency is cancelled.

## Conflict of interest of plaintiff's counsel

Even if plaintiff could cure the assignment defect, plaintiff's counsel would then have to address its conflict of interest in its concurrent representation of both purported assignor MERS, as nominee for FREMONT, and purported assignee U.S. BANK. 22 NYCRR § 1200.0 (*Rules of Professional Conduct,* effective April 1, 2009) Rule 1.7, "Conflict of Interest: Current Clients," states in relevant part:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if a reasonable lawyer would conclude that either:
(1) the representation will involve the lawyer in representing differing interests; or (2) there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests.
(b) *Notwithstanding the existence of a concurrent conflict of interest* under paragraph (a), a *lawyer may represent a client if*: (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and (4) *each affected client gives informed consent, confirmed in writing*. [*Emphasis added*]

*Rules of Professional Conduct* Rule 1.0 defines various "Terminology" and *Rules of Professional Conduct* Rule 1.0 (j) states that "[i]nformed consent' denotes the agreement by a person to a proposed course of conduct after the lawyer has communicated information adequate for the person to make an informed decision, and after the lawyer has adequately explained to the person the material risks of the proposed course of conduct and reasonably available alternatives." Comment (18) to Rule 1.7 states:

Informed consent requires that each affected client be aware of the relevant circumstances, including the material and reasonably foreseeable ways that the conflict could adversely affect the interests of that client. Informed consent also requires that the client be given the opportunity to obtain other counsel if the client so desires. *See* Rule 1.0 (j) . . . When representation of multiple clients in a single matter is undertaken, the information must include the implications of the common representation, including possible effects on loyalty, confidentiality and the attorney-client privilege, and the advantages and risks involved.

If the Court allowed the instant action to proceed, Steven J. Baum, Esq., the principal of Steven J. Baum, P.C., would need to provide an affirmation explaining whether both MERS, as nominee for FREMONT, and U.S. BANK gave "informed consent, confirmed in writing" in the instant action, and the information presented to them by the Baum firm

included "the implications of the common representation, including possible effects on loyalty, confidentiality and the attorney-client privilege, and the advantages and risks involved."

The Appellate Division, Fourth Department, the Department where both Ms. Bechakas and Mr. Baum are registered, censured an attorney for, *inter alia,* violating 22 NYCRR § 1200.24 (the pre-April 1, 2009 *Code of Professional Responsibility* Rule, dealing with conflict of interest and simultaneous representation), for representing both a buyer and sellers in the sale of a motel. (*In re Rogoff,* 31 AD3d 111 [2006]). The *Rogoff* Court, at 112, found that the attorney, "failed to make appropriate disclosures to either the sellers or the buyer concerning dual representation." Further, the Court, at 113, censured the attorney, after it considered the matters submitted by respondent in mitigation, including:

that respondent undertook the dual representation at the insistence of the buyer, had no financial interest in the transaction and charged the sellers and the buyer one half of his usual fee. Additionally, we note that respondent cooperated with the Grievance Committee and has expressed remorse for his misconduct.

### *Cancelling of notice of pendency*

The dismissal with prejudice of the instant foreclosure action requires the cancellation of the notice of pendency. CPLR § 6501 provides that the filing of a notice of pendency against a property is to give constructive notice to any purchaser of real property or encumbrancer against real property of an action that "would affect the title to, or the possession, use or enjoyment of real property, except in a summary proceeding brought to recover the possession of real property." The Court of Appeals, in *5308 Realty Corp. v O & Y Equity Corp.* (64 NY2d 313, 319 [1984]), commented that "[t]he purpose of the doctrine was to assure that a court retained its ability to effect justice by preserving its power over the property, regardless of whether a purchaser had any notice of the pending suit," and, at 320, that "the statutory scheme permits a party to effectively retard the alienability of real property without any prior judicial review."

CPLR § 6514 (a) provides for the mandatory cancellation of a notice of pendency by:

**The Court, upon motion** of any person aggrieved and upon such notice as it may require, **shall direct any county clerk to cancel a notice of pendency,** if service of a summons has not been completed within the time limited by section 6512; or **if the action has been** settled, discontinued or **abated**; or if the time to appeal from a final judgment against the plaintiff has expired; or if enforcement of a final judgment against the plaintiff has not been stayed pursuant to section 551. [*emphasis added*]

The plain meaning of the word "abated," as used in CPLR § 6514 (a) is the ending of an action. "Abatement" is defined (Black's Law Dictionary 3 [7th ed 1999]) as "the act of eliminating or nullifying." "An action which has been abated is dead, and any further enforcement of the cause of action requires the bringing of a new action, provided that a cause of action remains (2A Carmody-Wait 2d § 11.1)." (*Nastasi v Natassi,* 26 AD3d 32,

40 [2d Dept 2005]). Further, *Nastasi* at 36, held that the "[c]ancellation of a notice of pendency can be granted in the exercise of the inherent power of the court where its filing fails to comply with CPLR § 6501 (*see 5303 Realty Corp. v O & Y Equity Corp., supra* at 320-321; *Rose v Montt Assets,* 250 AD2d 451, 451-452 [1d Dept 1998]; Siegel, NY Prac § 336 [4th ed])." Thus, the dismissal of the instant complaint must result in the mandatory cancellation of U.S. BANK's notice of pendency against the property "in the exercise of the inherent power of the court."

## *Conclusion*

Accordingly, it is

ORDERED, that the motion of plaintiff, U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR SG MORTGAGE SECURITIES ASSET BACKED CERTIFICATES, SERIES 2006-FRE2, for service of a supplemental summons by publication upon defendant ARRIANA EMMANUEL and related relief, in the instant mortgage foreclosure action for the premises located at 1388 Lincoln Place, Brooklyn, New York (Block 1391, Lot 13, County of Kings) is denied with prejudice; and it is further

ORDERED, that the instant action, Index Number 19271/09, is dismissed with prejudice; and it is further

ORDERED that the Notice of Pendency in this action, filed with the Kings County Clerk on July 30, 2009, by plaintiff, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR SG MORTGAGE SECURITIES ASSET BACKED CERTIFICATES, SERIES 2006-FRE2, to foreclose a mortgagefor real property located at 1388 Lincoln Place, Brooklyn New York (Block 1391, Lot 13, County of Kings), is cancelled.

This constitutes the Decision and Order of the Court.