UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: George S. Bevins,<br><br>          Debtor(s)<br>Address: 100 Starks Knob Road<br>      Schuylerville, NY 12871 | Case No.: 10-12856<br>Chapter 13 |
| George S. Bevins,<br><br>          Plaintiff,<br>-against-<br><br>MRS Associates, Inc.,<br><br>          Defendant. | Adversary Case No. |

**COMPLAINT SEEKING DAMAGES FOR
VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
AND
UNFAIR TRADE PRACTICES**

  George S. Bevins, plaintiff and debtor herein, by and through his attorney of record, Ronald J. Kim, Esq., alleges as follows:

### Introduction

1. This is an action for actual and punitive damages filed by the debtor pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. (hereinafter referred to as "FDCPA"), and New York General Business Law Section 349 (hereinafter referred to as "GBL").

### Jurisdiction and Venue

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the debtor in that case.

3. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

4. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5. This Court also has jurisdiction to hear the FDCPA violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

6. This matter is primarily a core proceeding because it deals with property of the estate and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding, then and in that event, the plaintiff consents to the entry of a final order by the Bankruptcy Judge.

7. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

**Parties**

8. The plaintiff, George S. Bevins, ("plaintiff" or "debtor") was and is a debtor under Chapter 13 of Title 11 of the United States Code in the above-captioned case.

9. MRS Associates, Inc. ("defendant") is on information and belief, a foreign company with a principal place of business located at 1930 Olney Avenue, Cherry Hill, New Jersey 08003.

10. Upon information and belief, defendant was hired or contracted by non-party Capital One Bank (USA), N.A., to collect the debt which is the subject of this complaint.

11. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6), in that it regularly attempts to collect debts alleged to be due to another.

12. The plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. Section 1692(a)(3).

13. The debt that is the subject of this complaint meets the definition of FDCPA, 15 U.S.C. Section 1692(a)(3).

**Factual Allegations**

14. The plaintiff/debtor's case was commenced by the filing of a voluntary petition with the Clerk of this Court on July 30, 2010.

15. The 341(a) meeting of creditors was held in Albany, New York on August 25, 2010.

16. On January 27, 2010, defendant contacted the plaintiff via letter which stated in pertinent part:  "At this point in time, your account has been has been (sic) pre-qualified by Capital One as lawsuit eligible.   If we do not hear from you regarding this important business matter, your account may be subject to litigation."   See attached hereto as Exhibit "A" a true and correct copy of a letter dated January 27, 2010, from Defendant to Plaintiff ("demand letter.")

### First Claim for Relief
### (New York Deceptive Business )

17. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

18. The plaintiff is a "consumer" as that term is defined by GBL Section 349.

19. The defendant's demand letter is an unfair and deceptive business practice on a consumer which was and did mislead the plaintiff and did in fact cause actual harm.

20. The defendant's unfair and deceptive business practice was a willful and knowing violation of GBL Section 349.

21. As a result thereof, the Defendant is liable for actual and compensatory damages, and statutory damages in the sum of $50.00 per violation, along with attorney's fees and costs.

### Second Claim for Relief
### (Fair Debt Collection Practices Act)

22. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

23. The defendant's demand letter, attached hereto, violates 15 U.S.C. Section 1692e in that this communication with its false threat of legal action, is a false, deceptive, and misleading representation.

24. As a result of the above violation of the FDCPA, the defendant is liable to the plaintiff for actual and compensatory damages, including emotional distress, pain and suffering statutory damages of $1,000.00 for each violation, and attorney's fees.

### Third Claim for Relief
### (Fair Debt Collection Practices Act)

25. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

26. The defendant's demand letter, attached hereto, violates 15 U.S.C. Section 1692e(2)(A) in that the communication is a false representation of the nature of the debt and actions that the defendant intends to take in connection with it.

27. As a result of the above violation of the FDCPA, the defendant is liable to the plaintiff for actual and compensatory damages, including emotional distress, pain and suffering statutory damages of $1,000.00 for each violation, and attorney's fees.

### Fourth Claim for Relief
### (Fair Debt Collection Practices Act)

28. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

29. The defendant's demand letter, attached hereto, violates 15 U.S.C. Section 1692e(5) in that the communication is a false threat to take action that the defendant did not intend to take.

30. As a result of the above violation of the FDCPA, the defendant is liable to the plaintiff for actual and compensatory damages, including emotional distress and pain and suffering statutory damages of $1,000.00 for each violation, and attorney's fees.

### Fifth Claim for Relief
### (Fair Debt Collection Practices Act)

31. Plaintiff/Debtor hereby incorporates each and every prior allegation as though fully restated and realleged.

32. The defendant's demand letter, attached hereto, violates 15 U.S.C. Section 1692e(10) in that each communication was a false means to collect the debt.

33. As a result of the above violation of the FDCPA, the defendant is liable to the plaintiff for actual and compensatory damages, including emotional distress, pain and suffering statutory damages of $1,000.00 for each violation, and attorney's fees.

**WHEREFORE,** the plaintiff having set forth his claims for relief against the defendant respectfully prays of the Court as follows:

A. Order the defendant to pay a sum to the plaintiff for actual and compensatory damages; including emotional distress and pain and suffering;

B. Order the defendant to pay a sum to the plaintiff for statutory damages;

C. Order the defendant to pay a sum to the plaintiff for statutory damages;

D. Order the defendant to pay all reasonable legal fees and expenses incurred by plaintiff's attorney;

E. Order the defendant to pay additional actual damages and statutory damages in a sum to be determined by the Court for violation of New York GBL Section 349;

F. Order the defendant to pay additional actual damages and statutory damages in a sum to be determined by the Court for violating the FDCPA pursuant to 15 U.S.C. Section 1692k;

G. Order such other and further relief as the Court may deem just and proper.

Dated: January 27, 2011

*/s/Ronald J. Kim/s/*_____
Ronald J. Kim, Esq.
*Attorney for Plaintiff/Debtor*
Bar Roll # 511156
Law Offices of Ronald J. Kim
PO BOX 318
Saratoga Springs, NY 12866
518-581-8416 Telephone
518-583-9059 Facsimile
Ron@RonaldKimLaw.com E-mail