UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
===================================x

IN RE:  GEORGE S. BEVINS           Case No.:  10-12856
                                                        Chapter 13
                    Debtor

Address:  100 Starks Knob Road
               Schuylerville, NY 12871

Last Four Digits of Debtor's SSN: xxx-xx-3595
===================================x

**SUPPLEMENTAL RESPONSE TO DEBTORS' OBJECTION TO
THE PROOF OF CLAIM OF GMAC MORTGAGE LLC**

      Deutsche Bank Trust Company Americas as Trustee for the Mortgage Asset-Backed Pass-Through Certificates Series 2006-QS18 Trust ("Deutsche Bank") by its servicer and attorney-in-fact GMAC Mortgage LLC, ("GMACM") (together, "Secured Creditor"), by its attorneys, Hinshaw & Culbertson LLP, respectfully submit this Supplemental Response along with the annexed affidavits and exhibits of Judy Farber ("Farber Aff.")(attached hereto as Exhibit 1) and Steve Naasz ("Naasz Aff.")(attached hereto as Exhibit 2) to George S. Bevins' ("Debtor") Objection to GMACM's Proof of Claim # 4, dated August 25, 2010 ("Bevins' Objection") (Docket No. 22).

**PRELIMINARY STATEMENT**

      A hearing on the Bevins Objection was held on January 13, 2011 during which Debtor continued to raise issues concerning Secured Creditor's standing to file a Proof of Claim. Additionally, the Court asked the parties to address the ethical and practical implications of the Secured Creditor's prior counsel's execution of an Assignment of Mortgage on behalf of the

originator to the Secured Creditor. As demonstrated in GMACM's Response, dated January 10, 2011 ("GMACM's Response") (Docket No. 31) to Bevins' Objection, and further demonstrated herein, Deutsche Bank has been and continues to be in possession of the original Note and recorded Mortgage executed by the Debtor[1] and thus, is the proper party to enforce the Proof of Claim ("POC") and seek payment thereof.[2] With respect to the practical implications of execution of the Assignment of Mortgage, it is respectfully submitted that said Assignment has no bearing on the underlying mortgage transaction so as to invalidate or nullify that transaction. Further, we respectfully defer and refer the Court to the Supplemental Response submitted on behalf of the Baum Firm for consideration of the ethical implications.

**DEBTORS' OBJECTION SHOULD BE DISALLOWED BECAUSE
THE SECURED CREDITOR HAS STANDING TO FILE PROOF OF CLAIM**

I.   **Debtor's Challenges To Deutsche Bank's Ownership Or
Standing To Enforce The Proof of Claim Are Without Evidentiary Support**

The evidence establishes that ownership of the Bevins Loan was transferred from Homecomings Financial, LLC to Residential Funding Company, LLC and then to Deutsche Bank Trust as Trustee pursuant to the PSA. Further pursuant to the PSA, the original Note endorsed in blank and the recorded Mortgage executed by the Debtor were delivered to the custodian of mortgages, Wells Fargo Bank, N.A. ("WFB"), on or before December 28, 2006. *See* Exhibit 1: Faber Aff. at ¶¶ 3 and 5; Exhibit 2: Naasz Aff. at ¶ 5, Exhibit B: Custodial Receipt

---

[1] At the January 13, 2011 hearing, we informed the Court that our office had requested and was awaiting receipt of the collateral file from the custodian. We have since received the collateral file containing, *inter alia*, the original note with endorsements, the original recorded mortgage, and the original title policy and have invited the U.S. Trustee to review the file at our offices.

[2] As Debtor's legal arguments do not dispute neither the existence nor validity of the debt, the Secured Creditor respectfully refers the Court to the statement of facts as set forth in its Response to the Bevins' Objection in further support of its rights as secured creditor and its rights to enforce the POC.

2

and Exception Report. The Debtor's loan appears in the PSA on the schedule of loans. *See* Exh. 2: Naasz Aff. at ¶ 3, Exhibit A: Custodial Agreement and relevant page of loan schedule.

Moreover, although debtor has no legal standing to raise alleged non-compliance with the terms of the PSA (as debtor is not a party to that agreement), the Bevins Loan was transferred to Deutsche Bank on behalf of the Trust pursuant to the terms of the PSA. Pursuant to a Custodial Agreement, WFB was responsible for endorsing the Note on behalf of RFC. *See* Custodial Agreement at ¶ 2.3(b), attached to the Naasz Aff. at Exh. A.

Under New York law, a promissory note is a negotiable instrument within the meaning of Article 3 of the Uniform Commercial Code ("UCC"). *See MERS v. Coakley*, 41 A.D.3d 674, 838 N.Y.S.2d 622, 622 (2d Dept. 2007); UCC 3-104. An instrument payable to order and endorsed in blank becomes payable to the bearer and may be negotiated by delivery alone. *See M.G. Sales, Inc. v. Chemical Bank*, 161 A.D.2d 148, 554 N.Y.S.2d 863, 865 (1st Dept. 1990) (citing UCC 3-204(2)); *see also Collins v. Gilbert*, 94 U.S.753, 745 (1876) ("possession of a negotiable instrument payable to bearer or endorsed in blank, is *prima facie* evidence that the holder is the proper owner and lawful possessor of the same"). As the documentary evidence establishes that the Secured Creditor is the "holder" and owner of the Note within the purview of Article 3 of the Uniform Commercial Code ("UCC") it therefore has standing to file the POC.

Moreover, it is well-established that in New York an assignment can be effected solely by transfer of the relevant note and mortgage by the assignor to the assignee with the intention that all ownership interests are thereby transferred. *See Deutsche Bank Nat'l Trust Co. v. McRae*, 27 Misc.3d 247, 894 N.Y.S.2d 720 (Sup.Ct. Alleghany Cty. 2010)*; Minbatiwalla,* 424 B.R. at 109 (citing N.Y. Real Property Law §244: "a grant takes effect, so as to vest the estate or interest intended to be conveyed, only from its delivery"). Accordingly, once Deutsche Bank

130056928v2 0919091 55921

was in possession of the original Note and recorded Mortgage executed by the Debtor, Deutsche Bank was an assignee with standing to enforce its rights with respect to the Bevins loan pursuant to the PSA, including filing the POC.

Debtor argues that further discovery is needed as the Note attached to the POC lacked the endorsements while the Note provided in GMACM's Response contains the appropriate endorsements. The original Note was endorsed on the reverse of the last page, however, a copy of the back of the last page was inadvertently not included with the copy of the Note attached to the POC. This omission does not render the POC defective.

As demonstrated by the documents submitted previously and the further documentation submitted herein, Deutsche Bank has continuously possessed the original Note and recorded Mortgage executed by this Debtor since they were deposited into the Trust on or before December 28, 2006 as evinced by the Custodial Receipt. *See* Exh. 2: Naasz Aff. at ¶ 5 and Exh. B. By virtue of its possession of the Note, the Secured Creditor is the holder of the Note, and thus, has standing in this proceeding to seek payment thereof.

**II.    That the Assignment of Mortgage was Executed by a Baum Employee Does Not Impact the Underlying Securitization of the Note and Mortgage**

In addition to the arguments and documentary evidence set forth in Baum's Response to the Bevins' Objection, it is respectfully submitted that the Assignment of Mortgage does not impact the underlying mortgage transaction nor does it affect the transfer of ownership into the Trust. Debtor essentially asks that this Court render the entire underlying mortgage transaction a nullity as a result of an alleged defective Assignment of Mortgage because it was executed by a Baum attorney. Here, the Assignment of Mortgage only served to document in the land records of the County Clerk's Office in Saratoga County, New York, that the ownership of the Debtor's

loan had been previously assigned to Deutsche Bank.[3] *See* Exh. 1: Faber Aff. at ¶6. Therefore, the confirmatory Assignment of Mortgage does not affect, impact or undermine the actual transfer of ownership, particularly where the Secured Creditor was in actual physical custody of the original Note and recorded Mortgage executed by this Debtor when the Proof of Claim was filed on August 25, 2010. Bare allegations of impropriety, with nothing more are insufficient to permit Debtor to avoid his acknowledged obligations under the Note and Mortgage.

The Secured Creditor respectfully refers the Court to the papers submitted on behalf of the Baum Firm with regard to the ethical concerns raised by the Court.

## CONCLUSION

As set forth in GMACM's Response and herein, the Secured Creditor's standing to file its Claim has been clearly demonstrated. Accordingly, Debtor's Objection should be disallowed.

| | |
|---|---|
| DATED:   New York, New York<br>         January 28, 2011 | HINSHAW & CULBERTSON LLP<br><br>*/s/ Khardeen I. Shillingford*<br>Schuyler B. Kraus (515364)<br>Khardeen I. Shillingford (516622)<br><br>780 Third Avenue, 4th Floor<br>New York, New York 10017<br>(212) 471-6200<br>*Attorneys for Secured Creditor* |

---

[3] GMACM's Response erroneously identified the New City Department of Finance, where land records concerning real property located in New York City are filed, as the office where the assignment at issue here was recorded. Unfortunately, the error was not captured prior to filing.

5