**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: George S. Bevins ) | |
| ) | **Case No.: 10-12856** |
| Debtor(s) ) | **Chapter 13** |
| **Address:** 100 Starks Knob Road ) | |
| Schuylerville, NY 12871 ) | |
| ) | |
| Last four digits of Social Security No.(s):   3595 ) | |
| ) | |

**DEBTOR'S MOTION TO COMPEL**

George S. Bevins, Jr., files this motion, by and through his attorney of record, Ronald J. Kim, seeking an order to compel GMAC Mortgage, LLC ("GMAC") and Deutsche Bank Trust Company Americas as Trustee for Mortgage Asset Backed Pass Through Certificates Series RALI 2006QS18 ("Deutsche") (collectively, "claimants") to respond to certain discovery pursuant to Bankr. R. Civ. P. 7026 and 7037.

**I. CERTIFICATE OF GOOD FAITH**

Debtor, via his attorney, certifies that pursuant to LBR 7026-2(a), Fed. R. Civ. P. 26(c)(1) and Fed. R. Bank. P. 7026(c)(1), he has attempted in good faith to confer with opposing counsel in an effort to resolve the following discovery disputes.  In connection with this attempt, debtor sent a letter to the claimants on or about July 8, 2011 outlining the debtor's objections to claimant's responses. See attached hereto as Exhibit 1 a true and correct copy of July 8, 2011 letter from Ronald J. Kim to Schuyler Kraus.

Thereafter on or about August 15, 2011, claimants responded via letter and a subsequent

telephone conference call was held on August 15, 2011.  <u>See attached hereto as Exhibit 2 a true and correct copy of  August 11, 2011 letter from Schuyler Kraus to Ronald J. Kim.</u>

## II.    RELEVANT FACTS

On or about March 4, 2011, the debtor served Requests for Admissions, Interrogatories and Document Requests on both Deutsche and GMAC.    Later, on March 16, 2011, Bevins served Requests for Forensic Testing of Original Documents on both Deutsche and GMAC.    In addition, Bevins has served Subpoenas for the testimony of GMAC, Judy Faber and Steve Naasz.    On or about April 7, 2011, the claimants served responses to all propounded discovery.   <u>See attached hereto as Exhibit 3, GMAC Response to Debtor's Request for Admissions; Exhibit 4, GMAC Response to Debtor's First Set of Interrogatories; Exhibit 5, GMAC Response to Debtor's Document Requests; Exhibit 6, Deutsche Response to Debtor's Request for Admissions; Exhibit 7, Deutsche Response to Debtor's First Set of Interrogatories; Exhibit 8, Deutsche Bank Response to Debtor's Document Requests.</u>[1]   Finally, on or about August 25, 2011, claimants provided additional documents and a privilege log.

## III.   DISCUSSION

**A.    CLAIMANTS' GENERAL, UNSUBSTANTIATED ASSERTION OF ATTORNEY-CLIENT/WORK PRODUCT PRIVILEGE IS WAIVED AND MUST BE WITHDRAWN BECAUSE EACH HAS FAILED TO**

---

[1] .  Since in many cases, GMAC and Deutsche had identical responses to the debtor's discovery requests,  many of the objections are combined for brevity and convenience of the court.   Where there are differences either in the claimant's response or in debtor's objection to the response it is noted.

**PARTICULARIZE THE CLAIM AND PROVIDE A DETAILED PRIVILEGE LOG**

The claimants have asserted for ALL discovery requests a blanket assertion of attorney-client and work product privilege.  <u>See Ex. 4, 5, 7, & 8</u>.  This assertion has been made for *every* interrogatory and document request.  Despite this, the claimants produced a one page privilege log with a total of four entries! <u>See attached hereto as Exhibit 9, Privilege Log of GMAC and Deutsche Bank.</u>   Moreover, this privilege log was produced more than four months after the claimants filed discovery responses.   This blanket objection should be withdrawn for all claimants' responses because in the vast majority of responses it is not pertinent, nor substantiated by the facts or law, and more importantly the claimants have waived the privilege by failing to produce a timely, detailed log.

Rule 26 of the Federal Rules of Civil Procedure states:

When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5).

"Blanket assertions of a privilege are unacceptable, and the court and other parties must be able to test the merits of a privilege claim." *United Investors Life Co. v. Nationwide Life Insurance Co.,* et. al., 233 F.R.D. 483, 486 (N.D.Miss.2006) *citing United States v. El Paso Co.,* 682 F.2d 530, 541 (5th Cir.1982).   Moreover, a claim is strictly confined within the narrowest possible limits since it is in derogation of the [debtor's] right to evidence. *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000); *United States*

*v. Weissman,* 195 F.3d 96, 100 (2d Cir. 1999).    It is the claimants' burden to establish all elements of both the attorney-client and work product privileges.  *United States v. Constr. Prods. Research, Inc.,* 73 F.3d 464, 473 (2d Cir. 1996); *See also Breon v. Coca-Cola Bottling Co. of New England,* 232 F.R.D. 49, 54 (D. Conn. 2005).

The claimants must submit a detailed privilege log.  Failing to submit objections on a privilege log has been ruled to be sufficient cause to waive the privilege.  *Marx v. Kelly, Hallman P.C.,* 929 F.2d 8, 10-11 (1st Cir. 1991); *Eureka Financial Corp., v. Hartford Accident & Indemnity Co.,* 136 F.R.D. 179 (E.D. Cal. 1991.)    Claimant's failure in this regard means they have waived this claim and must now withdraw it. *United States v. Constr. Prods. Research, Inc.,* 73 F.3d 464, 473-474 (2d Cir. 1996) (the cursory description provided by defendants is so inadequate that their claim should be rejected under Second Circuit standards.)

Adding support to this conclusion is that in many of the responses that claimants have asserted these privileges,  it is clearly not appropriate because the information that has been requested has been previously disclosed to third parties.  *See Sheet Metal Workers International Ass'n v. Sweeney*, 29 F.3d 120, 125 (4th Cir. 1994); *Kidder Peabody Security Litigation,* 168 F.R.D. 459, 469-472 (S.D.N.Y. 1996.)    For example, the debtor has requested from GMAC in Document Request #44, "…copies of all written or recorded communications between you and any employee or agent of MERS with respect to the mortgage or note…"  <u>See Ex. 5 at #47.</u>    In typical fashion, GMAC provides no documents responsive to this request and responds:

> Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly

> burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the attorney client andlor work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.  Id.

GMAC's objection to this request based on attorney-client privilege has no basis. First, it has failed to produce a privilege log of any such communications with any employees or agents of MERS so it has effectively waived the privilege.  See Ex. 9. Second, the assertion of an attorney-client privilege relating to communications with a third party is unsupported by the law and simply non-sensical.   How do the claimants assert an attorney-client privilege for communications with MERS, a non-lawyer third party?   *United States v. Tellier*, 255 F. 2d 441, 447 (2d Cir. 1958) (information conveyed to others not confidential.)

Accordingly, the claimant's assertion of an attorney-client work product privilege for all document requests and interrogatories should be denied because each has failed to meet its burden by producing a timely, detailed privilege log and thus has waived this right.  Moreover, the claimant's should be ordered to propound new responses to all interrogatories and document requests without the assertion of the attorney-client/work product privilege.

### B.    CLAIMANT'S BOILERPLATE OBJECTIONS TO ALL INTERROGATORIES AND DOCUMENT REQUESTS SHOULD BE WITHDRAWN

For all interrogatories propounded by the debtor, the claimants have asserted the following objection:

"Beyond the General Objections set forth above, [GMAC or Deutsche] objects to this request on the following specific grounds:  it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is protected by the attorney client and/or work product privilege."   <u>See Ex. 4 & 7.</u>

Similarly, for all document requests, the claimants have asserted the following

objection:

"Beyond the General Objections set forth above, [GMAC or Deutsche] objects to this request on the following specific grounds:  it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is protected by the attorney client and/or work product privilege."   <u>See Ex. 5 & 8.</u>

These repetitive boilerplate objections are invalid and should be withdrawn. Claimants have failed to particularize a specific reason to interpose this objection in each and every one of the interrogatory responses.  *See Kinetic Concepts, Inc. v. ConvaTec Inc.,* 268 F.R.D. 226, 241 (M.D.N.C. 2010); *Mancia v. Mayflower Textile Servs. Co.,* 253 F.R.D. 354, 358-359 (D. M.D. 2008.)   Similarly, its objections to the document requests fail because there is no specific reason to interpose these objections in every response. *See In Re Aircrash Diaster near Roselawn, Ind.,* 172 F.R.D. 295, 306-307 (N.D.Ill. 1997); *Obiajulu v. City of Rochester,* 166 F.R.D. 293, 295 (W.D.N.Y. 1996.)    Moreover, such conclusory objections are insufficient and should be withdrawn or otherwise stricken.   *See Panola Land Buyers' Assn. v. Shuman,* 762 F.2d 1550  (11th Cir. 1985); *Oleson v. Kmart Corp.,* 175 F.R.D. 570, 571 (D. Kan. 1996.)    Debtor requests that the Court strike these boilerplate, unsubstantiated objections for every interrogatory and document response by claimants.

### C. CLAIMANTS AS MORTGAGE SERVICER AND TRUSTEE HAVE A DUTY TO INVESTIGATE AND RESPOND TO DISCOVERY.

For a number of interrogatories the debtor has requested the identity of individuals, entities or facts that are clearly relevant to the proceeding and to which it has knowledge. <u>See Ex 4, #'s 3, 3, 5, 7, 8, 9, 13, 14, 15, 17, 18, 21, & 22; Ex. 7, #3, 3, 5, 7, 8, 9, 13, 14, 15, 17, 18, 21 & 22</u>. For example for both GMAC and Deutsche, the debtor has asked in Interrogatory #13: "…Identify and explain fully the date on which the Originator sold the note and mortgage to the Sponsor and Master Servicer, in your answer identify all persons involved in this sale and all documents that evidence, refer or relate to this sale." The claimants have responded:

> "Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, [GMAC/Deutsche] refers Debtor to the documents bates stamped DBCMAC 000001 through DBGMAC 00751…" <u>See Ex 4, #13 and Ex. 7, #13.</u>

Essentially, what GMAC and Deutsche are saying in its response for this and all the other above-noted interrogatories is: "look for it yourself in the documents that we have provided." First, such a response is impermissible when the burden of the respondent is substantially less than that of the burden of the debtor. GMAC is the mortgage servicer of the note and loan and Deutsche is the Trustee of the Trust that purports to own the note and mortgage. Either and both are in a position to answer these fundamental questions

about the identities of individuals and entities that may have a relationship to the note and mortgage. Their respective burden to respond to these interrogatories is minimal. *See O'Connor v. Boeing N. Am., Inc.,* 185 F.R.D. 272, 277 (C.D.Cal. 1999); *Pascale v. G.D. Searle & Co*., 90 F.R.D. 55, 60 (D.R.I. 1981).

Additionally, it is clear that the claimants have a duty to do a reasonable investigation, including consulting with any third parties who may have such information. *See Cada v. Costa Line, Inc.,* 95 F.R.D. 346 (N.D. Ill. 1982); *In Re Auction Houses Antitrust Litigation,* 196 F.R.D. 444 (S.D.N.Y. 2000.) Accordingly, if GMAC and Deutsche do not know when the Originator sold the note and mortgage, it has a duty, as the Trustee of the Trust that purports to own the note and mortgage and the current mortgage servicer, to consult with the Originator and/or Master Servicer.

Finally, in many cases, as for example in the above Interrogatory #13, the claimants' perfunctory and oft-repeated command to look at 751 pages of documents is non-responsive because reviewing the documents that were provided does not in fact give an answer to this interrogatory. A complete review of the 751 pages produced by the claimants (most of which is the publicly available Pooling and Servicing Agreement that is registered with the Security and Exchange Commission) does not provide: "the date on which the Depositor sold the note and mortgage to the Trust" nor does it "identify all persons involved in this sale and all documents that evidence, refer or relate to this sale…" Accordingly, the claimants answer to these interrogatories is non-responsive and appears to be propounded merely to frustrate the legitimate discovery rights of the debtor.

These interrogatories are clearly relevant or at least are fashioned to lead to the discovery of admissible evidence. *See Bankr. R. Civ. P. 26(b)(1).* Since it is clear that the burden for a mortgage servicer and purported owner to answer them is substantially less than the debtor's,[2] this Court should order the claimants to amend all its answers to these interrogatories.

### D. CLAIMANTS HAVE FAILED TO FULLY ANSWER INTERROGATORIES RELATING TO THE EMPLOYMENT HISTORY OF KEY INDIVIDUALS INDENTIFIED IN THE NOTE AND MORTGAGE

For several interrogatories the debtor has requested the employment history of an individual or individuals that either has executed an indorsement on the note and/or mortgage assignment. <u>See Ex 4, #10, 11, 12, and 22; Ex. 7, #10, 11,12, and 22; Ex. 7, #10, 11, 12, and 22.</u> For example, Nancy Figy is one of two apparent endorsers of the note in the instant matter.[3] The debtor has requested from both claimants: "Explain fully the employment history from October 2006 and continuing to the present of Nancy Figy." Both claimants responded:

> Beyond the General Objections set forth above, [GMAC/Deutsche] objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates Debtor's Objection to Proof of Claim # 4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, [GMAC/Deutsche]

---

[2]. Not to mention that in many cases, the debtor does not have a way to get these questions answered absent a response by the claimants.

[3]. Significantly, it should be kept in mind that the two indorsements that appear on the note, were not on the original copy of the note that was submitted with the proof of claim. These indorsements suddenly appeared after the debtor filed the instant objection.

reserves the right to supplement and/or amend this response up to and including the time of trial."

Accordingly, the claimants have simply refused to respond to this question! It is clearly relevant. Nancy Figy endorsed the note that GMAC now services and that Deutsche purports to own.[4] The claimants have a duty to respond to this interrogatory after doing a reasonable investigation, including consulting with any third parties who may have the requested information. *See Cada v. Costa Line*, Inc., 95 F.R.D. 346 (N.D. Ill. 1982); *In Re Auction Houses Antitrust Litigation*, 196 F.R.D. 444 (S.D.N.Y. 2000). The claimant's failure to respond to these interrogatories is baseless and this Court should order amended answers.

### E.    CLAIMANTS HAVE A DUTY TO PROVIDE ELECTRONIC DISCOVERY

For a number of document requests, the debtor has explicitly requested "digital copies" of any and all responsive records, but to date has not received any such records.[5]  See Ex. 5, #6, 8, 9, 10, 11, 12, 13, 16, 20, 25, 27, 37, 39, & 40; Ex. 8, #6, 7, 8,9, 10, 11, 12, 13, 25, & 27.    To date, the claimants have failed to provide any

---

[4] . The debtor has also asked this question about Judy Faber who also endorsed the note and received a limited answer that did not address most of the interrogatory.  See Ex 4, #10; Ex. 7, #10.  In addition, the debtor has also requested this information for Epliniki Bechakas who was the signatory of the mortgage assignment on behalf of the originator when it was purportedly assigned to the Trustee and both claimants refused to respond. See Ex 4, #12; Ex. 7, #12.

[5] . It should be noted that Bevins' discovery requests define documents as including: "….computer print-outs or tapes, digitized data, electronically stored data…." Accordingly, each and every discovery request directs the production of computer data in addition to any "paper" records, however no computer records have been produced by claimants.  See *Playboy Enters., Inc., v. Welles*, 60 F. Supp. 2d 1050 (S.D. Cal. 1999) (electronically stored information is subsumed in a request for "documents.")

electronic discovery.   It is beyond dispute that the claimants must produce responsive digital records in addition to "paper"records.  *Zubulake v. UBS Warburg,* 217 F.R.D. 309 (S.D.N.Y. 2003); *Rowe Entertainment, Inc., v. William Morris Agency, Inc*., 205 F.R.D. 421 (S.D.N.Y. 2002); *Lorraine v. Markel American Ins. Co*., 241 F.R.D. 534, 547 (D.Md.,2007); Santiago v. Miles, 121 F.R.D. 636,640 (W.D.N.Y. 1988.)    This court should order the production of all digital records, and in light of the claimant's utter disregard of this legitimate request, order that all costs for such production be paid by the claimants.

### F.    CLAIMANTS HAVE NO BASIS TO REFUSE TO PRODUCE RELEVANT DOCUMENTS

The debtor has also requested several key documents and both claimants have simply refused to produce them.   These documents include:

a. Fully Executed copy of the Trust's Pooling and Servicing Agreement; Ex. 5, #19; Ex. 8, #19.
b. Notary registration book for any public notary who certified the signature of any person on any documents referred to herein; Ex. 5, #23; Ex. 8, #23.
c. MERS documents referring or relating to the note and mortgage. Ex. 5, #42, 43, 44.
d. All written rules, regulations or procedures referring or relating to the assignments of a deed of trust or mortgage to the Trust. Ex. 5, #47; Ex. 8, #38.

First, if claimants actually have documents in their custody and control responsive to these requests, it is clear they cannot withhold them.   In all these cases, debtor is asking for a document that is relevant or at least minimally could lead to the discovery of admissible evidence.  *See Bankr. R. Civ. P. 7026(b(1)*    A copy of the fully executed pooling and servicing agreement and all written rules relating to mortgage assignments

are two examples of requests that claimants cannot reasonably refuse to provide based on relevancy grounds.

Moreover, even if claimants currently are not in possession of responsive documents each has a duty to conduct a reasonable search of related third parties. *Bush Ranch, Inc., v. E.I. DuPont de Nemours & Co.*, 918 F.Supp. 1524, 1543 (M.D. Ga. 1996.) If as a result of that search, it is determined that the claimants have a legal right to obtain documents from a third party, these documents must be produced by claimants. *See Riddell Sports Inc., v. Brooks*, 158 F.R.D. 555,558 (S.D.N.Y. 1994); *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 420, 423 (N.D. Ill. 1977). For both the notary registration books and the MERS documents, the claimants have a legal right to request this information from a third party and if obtained provide it to the debtor.

**WHEREFORE**, the Plaintiffs respectfully pray to the Court that it enter an order:

A. Directing claimants to produce all documents requested and respond to all interrogatories;

B. Striking the claimants' respective attorney-client and work product privileges;

C. Directing that the claimants' produce all responsive electronic documents and things at its expense;

D. Awarding Debtor his reasonable attorney's fees and costs for this motion;

E. Awarding any other sanctions it deems proper; and

F. Awarding any further relief this Court deems just and proper under the circumstances.

/s/Ronald J. Kim/s/_____
Ronald J. Kim, Esq.
Attorney for Debtor(s)
Bar Roll #511156
Law Offices of Ronald J. Kim
P.O. Box 318
Saratoga Springs, NY 12866
518-581-8416 Telephone
518-583-9059 Facsimile
Ron@RonaldKimLaw.com E-mail