# EXHIBIT ONE



**Law Offices of RONALD J. KIM**

ADMITTED TO PRACTICE LAW IN
NEW YORK AND MASSACHUSETTS

[SARATOGA OFFICE]
36 LONG ALLEY
SARATOGA SPRINGS, NY
518-581-8416 PHONE

[GLENS FALLS OFFICE]
13 CENTER STREET
GLENS FALLS, NY
518-743-8416 PHONE

[MAILING ADDRESS]
PO BOX 318
SARATOGA SPRINGS, NY 12866
518-583-9059 FAX

Ron@RonaldKimLaw.com    www.RonaldKimLaw.com

July 8, 2011

<u>*VIA Facsimile, E-mail*</u>
<u>*& Confirming First Class Mail*</u>
Schuyler Kraus, Esq.
Hinshaw & Culbertson
780 Third Avenue, 4th Floor
New York, NY 10017

RE:   In Re: George S. Bevins
      Case No.: 10-12856

Dear Mr. Kraus:

This letter is sent pursuant to LBR 7026-2(a), Fed. R. Civ. P. 26(c)(1) and Fed. R. Bank. P. 7026(c)(1), and is an attempt to resolve possible discovery disputes. I am of course, available to meet and confer on any of the issues raised in this letter at a mutually convenient time, date and place.

As you know on March 4, 2011, the debtor, George S. Bevins ("Bevins" or "Debtor") served Requests for Admissions, Interrogatories and Document Requests on both Deutsche Bank Trust Company Americas as Trustee for the Mortgage Asset Backed Pass Through Certificates Series RALI 2006QS18 ("Deutsche") and also on GMAC Mortgage, LLC ("GMAC".) (collectively, "Claimants")  Later, on March 16, 2011, Bevins served Requests for Forensic Testing of Original Documents on both Deutsche and GMAC. In addition, Bevins has served Subpoenas for the testimony of GMAC, Judy Faber and Steve Naasz.

Below is a detailed review of the responses filed by GMAC and Deutsche and the debtors' objections to those responses. Since in almost all cases, the claimants had the same responses to the debtor's discovery requests, I have combined the two for brevity. Where there is any variation, I have noted it.

One overall objection that Bevins asserts for ALL discovery requests filed for both GMAC and Deutsche is its blanket assertion of attorney-client and work product privileged. This assertion has been made for *every* interrogatory and document request. Despite this, neither claimant has produced a privilege log in connection with this assertion. Failing to submit objections on a privilege log has been ruled to be sufficient cause to waive the privilege. *Marx v. Kelly, Hallman P.C.*, 929 F.2d 8, 10-11 (1st Cir. 1991); *Eureka Financial Corp., v. Hartford Accident & Indemnity Co.*, 136 F.R.D. 179 (E.D. Cal. 1991.) Moreover, in many of the cases that claimants have asserted the work

MEMBER:
National Association
of Consumer
Bankruptcy Attorneys

Protecting the interests of Consumers, Employees and Debtors.

MEMBER:
National
Association of
Consumer Advocates

Schuyler Kraus, Esq.
RE:   **In Re: George S. Bevins**
July 8, 2011
Page 2.

product and attorney-client privilege it is clearly not appropriate because the information that has been requested has been previously disclosed to third parties. *See Sheet Metal Workers International Ass'n v. Sweeney*, 29 F.3d 120, 125 (4th Cir. 1994); *Kidder Peabody Security Litigation*, 168 F.R.D. 459, 469-472 (S.D.N.Y. 1996.) Bevins requests that the claimant's either withdraw this blanket assertion of privilege or produce a detailed log.

## CLAIMANT'S RESPONSES TO REQUESTS FOR ADMISSIONS

Bevins objects to the claimant's responses to the following requests for admissions as being an attempt to evade the question via "clever semantics:" *See Marchand v. Mercy Medical Center*, 22 F.3d, 933, 938 (9th Cir. 1994):

##1, 2, 5, 6, 7, 8, 9, 10, 13, 14, 32, 33, 40, 43, 57, 58, 71, 101.

Bevins requests that the claimants withdraw the responses to these admissions.

Bevins objects to claimant's responses to the following requests for admission because it is very clear that GMAC and Deutsche are required to make a good faith search for the information and have a duty to consult other sources. See FRCP 36(a). *See United States v. 58.16 Acres of Land*, 66 F.R.D. 570, 572 (E.D. Ill 1975); *Riley v. United Air Lines, Inc.*, 32 F.R.D. 230, 233 (S.D.N.Y. 1962):

##4, 55, 59, 60, 61, 62, 113, 126, 127, 128, 129, 130, 131, 132, 133.

Bevins requests that the claimaints respond to each of these requests for admissions after conducting a good faith search for the information.

## CLAIMANT'S RESPONSES TO INTERROGATORIES

1. ALL INTERROGATORES: GMAC and Deutsche have asserted the following objection to all forty-eight (48) of Bevins' interrogatories: "Beyond the General Objections set forth above, [GMAC or Deutsche] objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is protected by the attorney client and/or work product privilege."

   BEVINS' POSITION: These repetitive boilerplate objections are invalid and should be withdrawn. Claimants have failed to particularize a specific reason to interpose this objection in each and every one of the interrogatory responses. *See Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 241 (M.D.N.C. 2010);

# EXHIBIT ONE

Schuyler Kraus, Esq.
RE:   In Re: George S. Bevins
July 8, 2011
Page 3.

*Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358-359 (D. M.D. 2008.) Moreover, conclusory objections are insufficient and should be withdrawn or otherwise stricken.   See *Panola Land Buyers' Assn. v. Shuman*, 762 F.2d 1550 (11th Cir. 1985); *Oleson v. Kmart Corp.*, 175 F.R.D. 570, 571 (D. Kan. 1996.)

2. INTERROGATORY #3 (First) – "Identify all persons known to you who have personal knowledge of any facts or issues referring, relating or concerning the debtor and/or the note and/or the mortgage."

   GMAC/DEUTSCHE PERTINENT RESPONSE: "…Subject to and without waiving said objections, GMAC/DEUTSCHE identifies Debtor, his attorneys and/or agents and Judy Faber and Steve Naasz may have knowledge responsive to this Request…"

   BEVINS' POSITION: GMAC/DEUTSCHE has a duty to identify ALL persons. This answer is incomplete or ambiguous. The answer is incomplete if GMAC/DEUTSCHE is aware of additional people who have personal knowledge. If GMAC/DEUTSCHE is stating that ONLY Faber and Naasz have personal knowledge then it should state that explicitly. However it is clear that GMAC/DEUTSCHE has a duty to respond to this interrogatory after doing a reasonable investigation, including consulting with any third parties who may have the requested information. See *Cada v. Costa Line, Inc.*, 95 F.R.D. 346 (N.D. Ill. 1982); *In Re Auction Houses Antitrust Litigation*, 196 F.R.D. 444 (S.D.N.Y. 2000.)

3. INTERROGATORY #3 (Second)- "Identify the person(s) involved in the underwriting of note and mortgage."

   GMAC/DEUTSCHE PERTINENT RESPONSE: "…Subject to and without waiving said objections, GMAC/DEUTSCHE refers Debtor to the documents bate stamped: "DBGMAC 000754;" "DBGMAC 000759 — DBGMAC 000806;" "DBGMAC 000812 — DBGMAC 000819;" "DBGMAC 000824 — DBGMAC 000827;" "DBGMAC 000970 — DBGMAC 000971;" "DBGMAC 000984 — DBGMAC 998;" "DBGMAC 1016' and "DBGMAC 001135 — DBGMAC 001142…."

   BEVINS' POSITION: GMAC/DEUTSCHE has a duty to identify ALL persons involved in the underwriting of the note and mortgage, and since it purports to be the mortgage servicer/trustee of this note and mortgage its response that Bevins should essentially look through more than 700 pages of documents is inadequate and incomplete. Moreover, a review of these documents does not completely respond to the question. GMAC/DEUTSCHE has a duty to provide the answer to

# EXHIBIT ONE

Schuyler Kraus, Esq.
RE:   In Re: George S. Bevins
July 8, 2011
Page 4.

this interrogatory and not simply say "look for it yourself," because the burden of GMAC/DEUTSCHE, as mortgage servicer/trustee, to directly provide this information is substantially less than the burden on Bevins to review more than 700 pages of documents. See *O'Connor v. Boeing N. Am., Inc.,* 185 F.R.D. 272, 277 (C.D.Cal. 1999); *Pascale v. G.D. Searle & Co.,* 90 F.R.D. 55, 60 (D.R.I. 1981.)

4. INTERROGATORY #5- Identify all persons or entities known or believed by you to have participated in the securitization of the subject note and mortgage including but not limited to mortgage aggregators, mortgage brokers, financial institutions, structured investment vehicles, special purpose vehicles, Trustees, managers of derivative securities, managers of the company that issued any asset-backed securities, underwriters, rating agencies, and credit enhancement providers.

    GMAC/DEUTSCHE PERTINENT RESPONSE: "Subject to and without waiving said objections, GMAC/DEUTSCHE refers Debtor to the documents bates stamped DBCMAC 000001 through DBGMAC 00751..."

    BEVINS' POSITION: GMAC/DEUTSCHE has a duty to identify ALL persons or entities involved in the securitization of the subject note and mortgage, and since it purports to be the mortgage servicer/trustee of this note and mortgage its response that Bevins should essentially look through 700 pages of documents is inadequate and incomplete. Moreover, a review of these documents does not completely respond to the question. GMAC/DEUTSCHE has a duty to provide the answer to this interrogatory and not simply say "look for it yourself," because the burden of GMAC/DEUTSCHE, as mortgage servicer/trustee, to directly provide this information is substantially less than the burden on Bevins to review 700 pages of documents. See *O'Connor v. Boeing N. Am., Inc.,* 185 F.R.D. 272, 277 (C.D.Cal. 1999); *Pascale v. G.D. Searle & Co.,* 90 F.R.D. 55, 60 (D.R.I. 1981.)

5. INTERROGATORY #6- Identify all person(s) or entities that are entitled, directly or indirectly to the stream of revenue from the payments by the debtor on the note and mortgage.

    GMAC/DEUTSCHE PERTINENT RESPONSE: "Subject to and without waiving said objections, GMAC/DEUTSCHE refers Debtor to the documents bates stamped DBCMAC 000001 through DBGMAC 00751..."

    BEVINS' POSITION: GMAC/DEUTSCHE has a duty to identify ALL persons or entities entitled to the stream of revenue, and since it purports to be the mortgage servicer/trustee of this note and mortgage its response that Bevins should essentially look through 700 pages of documents is inadequate and

# EXHIBIT ONE

Schuyler Kraus, Esq.
RE:   **In Re: George S. Bevins**
July 8, 2011
Page 5.

incomplete. Moreover, a review of these documents does not completely respond to the question. GMAC/DEUTSCHE has a duty to provide the answer to this interrogatory and not simply say "look for it yourself," because the burden of GMAC/DEUTSCHE, as mortgage servicer/trustee, to directly provide this information is substantially less than the burden on Bevins to review 700 pages of documents. *See O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 277 (C.D.Cal. 1999); *Pascale v. G.D. Searle & Co.*, 90 F.R.D. 55, 60 (D.R.I. 1981.)

6. INTERROGATORY #7- Identify the person(s) in custody of any document that identifies the loan servicer(s) of the note and mortgage.

   GMAC/DEUTSCHE PERTINENT RESPONSE: "Subject to and without waiving said objections, GMAC/DEUTSCHE refers Debtor to the documents bates stamped DBCMAC 000001 through DBGMAC 00751..."

   BEVINS' POSITION: GMAC/DEUTSCHE has a duty to identify ALL persons that have documents that identify the loan servicer, and since it purports to be the mortgage servicer/trustee of this note and mortgage its response that Bevins should essentially look through 700 pages of documents is inadequate and incomplete. Moreover, a review of these documents does not completely respond to the question. GMAC/DEUTSCHE has a duty to provide the answer to this interrogatory and not simply say "look for it yourself," because the burden of GMAC/DEUTSCHE, as mortgage servicer/trustee, to directly provide this information is substantially less than the burden on Bevins to review 700 pages of documents. *See O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 277 (C.D.Cal. 1999); *Pascale v. G.D. Searle & Co.*, 90 F.R.D. 55, 60 (D.R.I. 1981). Moreover, the identity of these individuals is clearly relevant to the central issue of standing.

7. INTERROGATORY #8- Identify any person(s) in custody of any document which refers or relates to any instruction or authority to enforce the note or mortgage.

   GMAC/DEUTSCHE PERTINENT RESPONSE: "Subject to and without waiving said objections, GMAC/DEUTSCHE refers Debtor to the documents bate stamped "DBGMAC 000001 -- DBGMAC 000751;" "DBGMAC 000808 — DBGMAC 000811;" "DBGMAC 000868 — DBGMAC 945;" "DBGMAC 000949 — DBGMAC 000963;" "DBGMAC 001641 — DBGMAC 001713" and "DBGMAC 001721 — DBGMAC 001748..."

   BEVINS' POSITION: GMAC/DEUTSCHE has a duty to identify ALL persons that have such documents and since it purports to be the mortgage servicer/trustee of this note and mortgage its response that Bevins should essentially look through more than 800 pages of documents is inadequate and incomplete.

# EXHIBIT ONE

Schuyler Kraus, Esq.
**RE:   In Re: George S. Bevins**
July 8, 2011
Page 6.

Moreover, a review of these documents does not completely respond to the question. GMAC/DEUTSCHE has a duty to provide the answer to this interrogatory and not simply say "look for it yourself," because the burden of GMAC/DEUTSCHE, as mortgage servicer/trustee, to directly provide this information is substantially less than the burden on Bevins to review 700 pages of documents. *See O'Connor v. Boeing N. Am., Inc.,* 185 F.R.D. 272, 277 (C.D.Cal. 1999); *Pascale v. G.D. Searle & Co.,* 90 F.R.D. 55, 60 (D.R.I. 1981.)  Moreover, the identity of these individuals is clearly relevant to the central issue of standing

8. INTERROGATORY #9- Identify any and all persons who have or had personal knowledge of the note and mortgage transaction, underwriting of the note and mortgage transaction, securitization, sale, transfer, assignment or hypothecation of the note and mortgage, or the decision to enforce the note or mortgage.

   GMAC/DEUTSCHE PERTINENT RESPONSE: "Subject to and without waiving said objections, GMAC/DEUTSCHE refers Debtor to the documents bate stamped "DBGMAC 000001 -- DBGMAC 000751;" "DBGMAC 000754;" "DBGMAC 000759 — DBGMAC 000806;" "DBGMAC 000808 — DBGMAC 000811;" "DBGMAC 000812 — DBGMAC 000819;" "DBGMAC 000824 — DBGMAC 000827;" "DBGMAC 000868 — DBGMAC 945;" "DBGMAC 000949 — DBGMAC 000963;" "DBGMAC 000970 — DBGMAC 000971;" "DBGMAC 000984 — DBGMAC 998;" "DBGMAC 1135 — "DBGMAC 1142;" "DBGMAC 001328 — DBGMAC 001329" "DBGMAC 001353 —DBGMAC 001462" "DBGMAC 001641 — DBGMAC 001713" and "DBGMAC 001721 — DBGMAC 001748..."

   BEVINS' POSITION: GMAC/DEUTSCHE has a duty to identify ALL persons that have such knowledge and since it purports to be the mortgage servicer of this note and mortgage its response that Bevins should essentially look through more than 800 pages of documents is inadequate and incomplete. GMAC/DEUTSCHE has a duty to provide the answer to this interrogatory and not simply say "look for it yourself," because the burden of GMAC/DEUTSCHE, as mortgage servicer/trustee, to directly provide this information is substantially less than the burden on Bevins to review 700 pages of documents. Moreover, a review of these documents does not completely respond to the question. *See O'Connor v. Boeing N. Am., Inc.,* 185 F.R.D. 272, 277 (C.D.Cal. 1999); *Pascale v. G.D. Searle & Co.,* 90 F.R.D. 55, 60 (D.R.I. 1981.)  Moreover, the identity of these individuals is clearly relevant to the central issue of standing.

9. INTERROGATORY #10- Explain fully the employment history from October 2006 and continuing to the present of Judy Faber.

Schuyler Kraus, Esq.
RE: In Re: George S. Bevins
July 8, 2011
Page 7.

> GMAC/DEUTSCHE PERTINENT RESPONSE: "Subject to and without waiving said objections, states that Judy Faber has been employed by Residential Funding Company, LLC from on or about 1997 and by GMAC/DEUTSCHE from on or about 2008 through present…"
>
> BEVINS' POSITION: GMAC/DEUTSCHE has failed to provide the full employment history of Faber. For the two positions that GMAC/DEUTSCHE has identified in its response it has failed to provide job title, responsibilities, address and location of employment or any other details about her employment history.

10. INTTERROGATORY #11- Explain fully the employment history from October 2006 and continuing to the present of Nancy Figy.

    > GMAC/DEUTSCHE PERTINENT RESPONSE: "Beyond the General Objections set forth above, GMAC/DEUTSCHE objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates Debtor's Objection to Proof of Claim # 4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, GMAC/DEUTSCHE reserves the right to supplement and/or amend this response up to and including the time of trial."
    >
    > BEVINS' POSITION: GMAC/DEUTSCHE has failed to provide ANY response to this interrogatory and it is clearly relevant. Figy purports to have endorsed the note in question. GMAC/DEUTSCHE has a duty to respond to this interrogatory after doing a reasonable investigation, including consulting with any third parties who may have the requested information. *See Cada v. Costa Line*, Inc., 95 F.R.D. 346 (N.D. Ill. 1982); *In Re Auction Houses Antitrust Litigation*, 196 F.R.D. 444 (S.D.N.Y. 2000).

11. INTERROGATORY #12- Explain fully the employment history from October 2006 and continuing to the present of Epliniki Bechakas.

    > GMAC/DEUTSCHE PERTINENT RESPONSE: "Beyond the General Objections set forth above, GMAC/DEUTSCHE objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, GMAC/DEUTSCHE states that the information sought in this request is not within its knowledge and it is not in

# EXHIBIT ONE

Schuyler Kraus, Esq.
RE:   In Re: George S. Bevins
July 8, 2011
Page 8.

possession of documents responsive to this Request. Finally, GMAC/DEUTSCHE reserves the right to supplement and/or amend this response up to and including the time of trial."

BEVINS' POSITION: GMAC/DEUTSCHE has failed to provide ANY response to this interrogatory and it is clearly relevant. Bechakas purports to have executed a mortgage assignment in this matter. GMAC/DEUTSCHE has a duty to respond to this interrogatory after doing a reasonable investigation, including consulting with any third parties who may have the requested information. *See Cada v. Costa Line*, Inc., 95 F.R.D. 346 (N.D. Ill. 1982); *In Re Auction Houses Antitrust Litigation*, 196 F.R.D. 444 (S.D.N.Y. 2000.)

12. INTERROGATORY #13- Identify and explain fully the date on which the Originator sold the note and mortgage to the Sponsor and Master Servicer, in your answer identify all persons involved in this sale and all documents that evidence, refer or relate to this sale.

    GMAC/DEUTSCHE PERTINENT RESPONSE: "Subject to and without waiving said objections, GMAC/DEUTSCHE refers Debtor to the documents bates stamped DBCMAC 000001 through DBGMAC 00751..."

    BEVINS' POSITION: GMAC/DEUTSCHE has a duty to directly respond to this question and since it purports to be the mortgage/trustee of this note and mortgage its response that Bevins should essentially look through more than 700 pages of documents is inadequate and incomplete. Moreover, a review of these documents does not completely respond to the question. GMAC/DEUTSCHE has a duty to provide the answer to this interrogatory and not simply say "look for it yourself," because the burden of GMAC/DEUTSCHE, as mortgage servicer/trustee, to directly provide this information is substantially less than the burden on Bevins to review 700 pages of documents. *See O'Connor v. Boeing N. Am., Inc.,* 185 F.R.D. 272, 277 (C.D.Cal. 1999); *Pascale v. G.D. Searle & Co.*, 90 F.R.D. 55, 60 (D.R.I. 1981.) Finally the information requested in this interrogatory is clearly relevant to the central issue of standing.

13. INTERROGATORY #14- Identify and explain fully the date on which the Sponsor and Master Servicer sold the note and mortgage to the Depositor, in your answer identify all persons involved in this sale and all documents that evidence, refer or relate to this sale.

    GMAC/DEUTSCHE PERTINENT RESPONSE: "Subject to and without waiving said objections, GMAC/DEUTSCHE refers Debtor to the documents bates stamped DBCMAC 000001 through DBGMAC 00751..."

# EXHIBIT ONE

Schuyler Kraus, Esq.
RE: **In Re: George S. Bevins**
July 8, 2011
Page 9.

> BEVINS' POSITION: GMAC/DEUTSCHE has a duty to directly respond to this question and since it purports to be the mortgage servicer/trustee of this note and mortgage its response that Bevins should essentially look through more than 700 pages of documents is inadequate and incomplete. Moreover, a review of these documents does not completely respond to the question. GMAC/DEUTSCHE has a duty to provide the answer to this interrogatory and not simply say "look for it yourself," because the burden of GMAC/DEUTSCHE, as mortgage servicer/trustee, to directly provide this information is substantially less than the burden on Bevins to review 700 pages of documents. *See O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 277 (C.D.Cal. 1999); *Pascale v. G.D. Searle & Co.*, 90 F.R.D. 55, 60 (D.R.I. 1981.) Finally the information requested in this interrogatory is clearly relevant to the central issue of standing.

14. INTERROGATORY #15- Identify and explain fully the date on which the Depositor sold the note and mortgage to the Trust, in your answer identify all persons involved in this sale and all documents that evidence, refer or relate to this sale.

    GMAC/DEUTSCHE PERTINENT RESPONSE: Subject to and without waiving said objections, GMAC/DEUTSCHE refers Debtor to the documents bate stamped "DBGMAC 000001 -- DBGMAC 000751...'

    BEVINS' POSITION: GMAC/DEUTSCHE has a duty to directly respond to this question and since it purports to be the mortgage servicer/trustee of this note and mortgage its response that Bevins should essentially look through more than 700 pages of documents is inadequate and incomplete. Moreover, a review of these documents does not completely respond to the question. GMAC/DEUTSCHE has a duty to provide the answer to this interrogatory and not simply say "look for it yourself," because the burden of GMAC/DEUTSCHE, as mortgage servicer/trustee, to directly provide this information is substantially less than the burden on Bevins to review 700 pages of documents. *See O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 277 (C.D.Cal. 1999); *Pascale v. G.D. Searle & Co.*, 90 F.R.D. 55, 60 (D.R.I. 1981.) Finally the information requested in this interrogatory is clearly relevant to the central issue of standing.

15. INTERROGATORY #17- Explain fully each and every form of compensation, fee, commission, payment, rebate or other financial consideration paid to the Originator by the Sponsor and Master Servicer for handling, processing, originating or administering this note and mortgage.

    GMAC/DEUTSCHE PERTINENT RESPONSE: Beyond the General Objections set forth above, GMAC/DEUTSCHE objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate,

# EXHIBIT ONE

Schuyler Kraus, Esq.
RE:   In Re: George S. Bevins
July 8, 2011
Page 10.

proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, GMAC/DEUTSCHE reserves the right to supplement and/or amend this response up to and including the time of trial."

BEVINS' POSITION: GMAC/DEUTSCHE has a duty to directly respond to this question, moreover the assertion of an attorney client and/or work product privilege is baseless. Finally, as the mortgage servicer/trustee, this information is available to the claimants.

16. INTERROGATORY #18- Identify any party, person or entity known or suspected by you who may possess or claim rights under the note and mortgage.

    GMAC/DEUTSCHE PERTINENT RESPONSE: Beyond the General Objections set forth above, GMAC/DEUTSCHE objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, GMAC/DEUTSCHE reserves the right to supplement and/or amend this response up to and including the time of trial.

    BEVINS' POSITION: GMAC/DEUTSCHE has a duty to identify anyone who may possess or claim rights under the note and mortgage. The assertion of an attorney client and/or work product privilege is baseless. Its collective failure to answer this question is groundless.

17. INTERROGATORY #21- Explain fully whether any investor/certificate holder approved or authorized foreclosure proceedings on note and mortgage.

    GMAC/DEUTSCHE RESPONSE: "…Subject to and without waiving said objections, GMAC/DEUTSCHE refers Debtor to the documents bate stamped "DBGMAC 000001 -- DBGMAC 000751." Finally, GMAC reserves the right to supplement and/or amend this response up to and including the time of trial."

    BEVINS' POSITION: GMAC/DEUTSCHE has a duty to answer this question, and since it purports to be the mortgage servicer/trustee of this note and mortgage its response that Bevins should essentially look through 700 pages of documents is inadequate and incomplete. Moreover, a review of these documents does not completely respond to the question. GMAC/DEUTSCHE has a duty to provide the answer to this interrogatory and not simply say "look for it yourself," because

# EXHIBIT ONE

Schuyler Kraus, Esq.
RE:    In Re: George S. Bevins
July 8, 2011
Page 11.

the burden of GMAC/DEUTSCHE, as mortgage servicer/trustee, to directly provide this information is substantially less than the burden on Bevins to review 700 pages of documents. *See O'Connor v. Boeing N. Am., Inc.,* 185 F.R.D. 272, 277 (C.D.Cal. 1999); *Pascale v. G.D. Searle & Co.,* 90 F.R.D. 55, 60 (D.R.I. 1981.)

18. INTERROGATORY #22- Identify all current and past employees of the following entities from October 2006 to the present who had knowledge, responsibility, or otherwise made or received reports referring or relating to the note and mortgage:
    a. GMAC
    b. Homecoming
    c. RFC
    d. RALI, Inc.
    e. Trust
    f. Trustee
    g. WFB
    h. Steven J. Baum, P.C.
    i. Frontier Abstract and Research Services, Inc.
    j. Originator
    k. Sponsor and Master Servicer
    l. Depositor
    m. Custodian

    GMAC/DEUTSCHE RESPONSE: Beyond the General Objections set forth above, GMAC/DEUTSCHE objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, GMAC/DEUTSCHE reserves the right to supplement and/or amend this response up to and including the time of trial.

    BEVINS' POSITION: GMAC/DEUTSCHE has a duty to answer this question, it is clearly relevant and could lead to the discovery of admissible evidence in this matter. Moreover, GMAC/DEUTSCHE has a duty to respond to this interrogatory after doing a reasonable investigation, including consulting with any third parties who may have the requested information. *See Cada v. Costa Line, Inc.,* 95 F.R.D. 346 (N.D. Ill. 1982); *In Re Auction Houses Antitrust Litigation,* 196 F.R.D. 444 (S.D.N.Y. 2000.)

19. INTERROGATORY #23- Identify all persons present at the closing of the note and mortgage.

# EXHIBIT ONE

Schuyler Kraus, Esq.
RE: In Re: George S. Bevins
July 8, 2011
Page 12.

> GMAC/DEUTSCHE RESPONSE: Beyond the General Objections set forth above, GMAC/DEUTSCHE objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, GMAC/DEUTSCHE states that the information sought in the Request is not within its knowledge.
>
> BEVINS' POSITION: GMAC/DEUTSCHE has a duty to answer this question, it is clearly relevant and could lead to the discovery of admissible evidence in this matter. Moreover, GMAC/DEUTSCHE has a duty to respond to this interrogatory after doing a reasonable investigation, including consulting with any third parties who may have the requested information. *See Cada v. Costa Line, Inc.*, 95 F.R.D. 346 (N.D. Ill. 1982); *In Re Auction Houses Antitrust Litigation*, 196 F.R.D. 444 (S.D.N.Y. 2000.)

## GMAC'S RESPONSES TO DOCUMENT REQUESTS

> 1. ALL DOCUMENT REQUESTS: GMAC has asserted the following objection to all fifty-six (56) of Bevins' document requests: "Beyond the General Objections set forth above, GMAC objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is protected by the attorney client and/or work product privilege."
>
>    BEVINS' POSITION: These repetitive boilerplate objections are invalid and should be withdrawn. Claimants have failed to particularize a specific reason to interpose this objection in each and every one of the responses to document requests. *See In Re Aircrash Diaster near Roselawn, Ind.*, 172 F.R.D. 295, 306-307 (N.D.Ill. 1997); *Obiajulu v. City of Rochester*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996.)
>
> 2. GMAC DOCUMENT REQUEST #8, 9, 10, 11, 12, 13, 16, 20, 25, 27, 37, 40
>
>    BEVIN'S POSITION: In each of these document requests, Bevins has explicitly requested "digital copies" of any and all responsive records, but to date has not received any such records.[1] It is beyond dispute that the claimants must produce

---

[1]. It should be noted that Bevins' discovery requests define documents as including: "....computer print-outs or tapes, digitized data, electronically stored data...." Accordingly, each and every discovery

Schuyler Kraus, Esq.
RE: In Re: George S. Bevins
July 8, 2011
Page 13.

responsive digital records in addition to "paper" records. *Zubulake v. UBS Warburg*, 217 F.R.D. 309 (S.D.N.Y. 2003); *Rowe Entertainment, Inc., v. William Morris Agency, Inc.*, 205 F.R.D. 421 (S.D.N.Y. 2002); *Lorraine v. Markel American Ins. Co.*, 241 F.R.D. 534, 547 (D.Md.,2007); Santiago v. Miles, 121 F.R.D. 636, 640 (W.D.N.Y. 1988.)

3. DOCUMENT REQUEST #19-Provide a completely executed copy of the Trust's Pooling and Servicing Agreement.

   GMAC RESPONSE: Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objection, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 000001" through "DBGMAC 000751." Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial

   BEVINS' POSITION: GMAC has failed to provide a completely executed copy of the Trust's Pooling and Servicing Agreement. This document is clearly relevant and the assertion of an attorney client and/or work product privilege is unsubstantiated by GMAC.

4. DOCUMENT REQUEST #23- Provide the notary registration book for any public notary who certified the signature of any person on any documents referred to herein.

   GMAC RESPONSE: Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objection, Secured Creditor is not in possession of

---

request directs the production of computer data in addition to any "paper" records, however no computer records have been produced by claimants. See *Playboy Enters., Inc., v. Welles*, 60 F. Supp. 2d 1050 (S.D. Cal. 1999) (electronically stored information is subsumed in a request for "documents.")

# EXHIBIT ONE

Schuyler Kraus, Esq.
RE: In Re: George S. Bevins
July 8, 2011
Page 14.

documents responsive to this Request. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

BEVINS' POSITION: GMAC has failed to provide this document despite its clear duty to provide it, even if it is not currently in its possession. First, GMAC has an obligation to conduct a reasonable search. *Bush Ranch, Inc., v. E.I. DuPont de Nemours & Co.*, 918 F.Supp. 1524, 1543 (M.D. Ga. 1996.) Second, GMAC is in fact in custody and control of this document, if it has a legal right to obtain it, and Bevins believes that the claimant has a legal right to these logs as the mortgage servicer. *See Riddell Sports Inc., v. Brooks*, 158 F.R.D. 555,558 (S.D.N.Y. 1994); *In re Folding Carton Antitrust Litigation*, 76 F.R.D. 420, 423 (N.D. Ill. 1977.)

5. DOCUMENT REQUEST #33-Provide all documents referring or relating to any attorney's opinion of title or similar guarantee of title acceptable to mortgage lenders generally in this jurisdiction and related to this mortgage.

GMAC RESPONSE: Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

BEVINS' POSITION: GMAC has failed to produce these clearly relevant documents that typically are publicly available to investors. Accordingly, the assertion that these documents are privileged or attorney work product is unsubstantiated. *See Granite Partners, LP v. Bear, Stearns & Co.*, 184 F.R.D. 49, 54-55 (S.D.N.Y. 1999).

6. DOCUMENT REQUEST #37-Provide any and all electronic documents in the NewTrack system referring or relating to the mortgage and/or note.

GMAC RESPONSE: Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client

Schuyler Kraus, Esq.
RE: In Re: George S. Bevins
July 8, 2011
Page 15.

and/or work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

BEVINS' POSITION: GMAC has failed to produce these clearly relevant documents. Moreover, GMAC's claims of attorney client and/or work product privilege are unsubstantiated.

7. DOCUMENT REQUEST #39- Provide any and all electronic documents in the LPS Desktop workstation referring or relating to the mortgage and note.

GMAC RESPONSE: Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

BEVINS' POSITION: GMAC has failed to produce these clearly relevant documents. Moreover, GMAC's claims of attorney client and/or work product privilege are unsubstantiated.

8. DOCUMENT REQUEST #40-Provide any and all electronic mail messages referring or relating to the mortgage and note.

GMAC RESPONSE: Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

BEVINS' POSITION: GMAC has failed to produce these clearly relevant documents. It has been previously held that emails are discoverable—even when paper copies of emails have been produced. *Prebena Wire Bending Machinery Co., v. Transit Worldwide Corp.*, 45 Fed. R. Serv. 3d 1066 (S.D.N.Y. 1999.)

9. DOCUMENT REQUEST #41-Provide a copy of any Disclosure Statements provided to any Investor referring or relating to the mortgage and note.

# EXHIBIT ONE

Schuyler Kraus, Esq.
RE:   In Re: George S. Bevins
July 8, 2011
Page 16.

> GMAC RESPONSE: Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.
>
> BEVINS' POSITION: GMAC has failed to produce these clearly relevant documents. Moreover, its claim that these documents are protected by the attorney-client privilege is unsubstantiated.

10. DOCUMENT REQUEST #42- Provide any MERS Milestone Report and/or the MERS Plus Milestone Report referring or relating to the mortgage and note.

    > GMAC RESPONSE: Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.
    >
    > BEVINS' POSITION: GMAC has failed to produce these clearly relevant documents. Moreover, its claim that these documents are protected by the attorney-client privilege is unsubstantiated.

11. DOCUMENT REQUEST # 43-Provide copies of all entries you have made on the MERS electronic data base with respect to the mortgage and note.

    > GMAC RESPONSE: Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

# EXHIBIT ONE

Schuyler Kraus, Esq.
RE:    In Re: George S. Bevins
July 8, 2011
Page 17.

BEVINS' POSITION: GMAC has failed to produce these clearly relevant documents. Moreover, its claim that these documents are protected by the attorney-client privilege is unsubstantiated.

12. DOCUMENT REQUEST #44-Provide copies of all written or recorded communications between you and any employee or agent of MERS with respect to the mortgage or note.

   GMAC RESPONSE: Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

   BEVINS' POSITION: GMAC has failed to produce these clearly relevant documents. Moreover, its claim that these documents are protected by the attorney-client privilege is unsubstantiated.

13. DOCUMENT REQUEST #45-Provide any and all documents referred to herein that have been executed by the Master Servicer in its capacity as Seller.

   GMAC RESPONSE: Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

   BEVINS' POSITION: GMAC has failed to produce these clearly relevant documents. Moreover, its claim that these documents are protected by the attorney-client privilege is unsubstantiated.

14. DOCUMENT REQUEST #46- Provide any rating agency opinion referring or relating to the real property law and/or regulations and the assignment of a deed of trust or mortgage to the Trust.

   GMAC RESPONSE: Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague,

Schuyler Kraus, Esq.
RE:   In Re: George S. Bevins
July 8, 2011
Page 18.

ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

BEVINS' POSITION: GMAC has failed to produce these clearly relevant documents. Moreover, its claim that these documents are protected by the attorney-client privilege is unsubstantiated.

15. DOCUMENT REQUEST #47. Provide all written rules, regulations or procedures referring or relating to the assignments of a deed of trust or mortgage to the Trust.

    GMAC RESPONSE: Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

    BEVINS' POSITION: GMAC has failed to produce these clearly relevant documents. Moreover, its claim that these documents are protected by the attorney-client privilege is unsubstantiated.

16. DOCUMENT REQUEST #56- Provide the legal opinion that Counsel Vincent Doyle referred to during the January 13, 2011, hearing before Judge Littlefield referring or relating to an ethics opinion rendered in 2009 to the law firm of Steven J. Baum, P.C.

    GMAC RESPONSE: Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's Objection to Proof of Claim # 4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Further, the

Exhibit One - Page 19 of 20

# EXHIBIT ONE

Schuyler Kraus, Esq.
RE:   In Re: George S. Bevins
July 8, 2011
Page 19.

information requested in this Request in not within Secured Creditor's possession. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

BEVINS' POSITION: GMAC has failed to produce these clearly relevant documents. Moreover, GMAC's claims of attorney client and/or work product privilege are unsubstantiated and in fact not supported by law. Doyle referred to a memorandum of law that he provided to the Steven J. Baum firm in open court. From Doyle's comments in open court and on the record, it is clear that this memorandum of law was relied upon by the claimants in the execution of the mortgage assignment by Eplnicki Bechakas. This reliance effectively waives any privilege. *See Glenmede Trust Co., v. Thompson*, 56 F. 3d 476, 486 (3d Cir. 1995) (relying on advice of counsel as a defense waives privilege;) *In re Snell*, 232 B.R. 684 (Bankr. S.D. Ohio 1999) (defense that actions were based on advice of counsel waived privilege.) Moreover placing an attorney's factual investigation or legal theories and opinions at issue waives the attorney client privilege. *See Brownell v. Roadway Package Sys.*, 185 F.R.D. 19, 26 (N.D.N.Y. 1999); *Pyramid Controls, Inc., v. Siemens Indus. Automations, Inc.*, 176 F.R.D. 269, 276 (N.D. Ill. 1997.)

## DEUTSCHE'S RESPONSES TO DOCUMENT REQUESTS

Deutsche's responses and objections to the Debtor's Document Requests are almost identical to those enumerated above for GMAC. Accordingly, Bevins repeats his objections to Deutsche's corresponding document responses in full.

## DEPOSITIONS AND STIPULATION

I also wanted to include a formal response to your request for a stipulation seeking to limit the scope of the depositions of Judy Faber and Steve Naasz. As I mentioned prior to reviewing the proposed stipulation, the "devil is in the details." Unfortunately, I must respectfully decline your proposal after reviewing the stipulation. I firmly believe that additional rules narrowing discovery outside of the Federal Rules of Civil Procedure ("FRBP") are really superfluous and could create more conflict as an unintended consequence. FRBP 7026-7037 were established by smarter people than the two of us, and have the benefit of Congressional intent and extensive caselaw interpretation to guide us if there is disagreement about the scope of discovery. In my estimation, a stipulation like the one you propose, rather than limiting the potential conflict over what is an is not an appropriate question, will actually increase the problems because now we will be governed by an artificial constraint that has no written rules, Congressional or Committee intent or caselaw interpretation. Accordingly, I believe that the depositions should proceed without any stipulation. Thereafter if there are concerns about relevancy, scope

# EXHIBIT ONE

Schuyler Kraus, Esq.
RE:   In Re: George S. Bevins
July 8, 2011
Page 20.

or other objections those can be dealt with in the appropriate motion in limine after the deposition has taken place.

**FORENSIC TESTING OF ORIGINALS**

Finally, I wanted to arrange for the testing of the documents identified in Bevins' Request for Inspection. Towards that end, and per the suggestion of the Chapter 13 Trustee, I am attaching the Order that Judge Littlefield signed in the In Re Szumowski case. Please let me know when we can obtain these originals.

I look forward to hearing from you in the near future so that we can resolve these issues absent motion practice.

Sincerely,

Ronald J. Kim
RJK/cml
Enclosure
cc:   Lisa Penpraze, United States Trustee
      Andrea Celli, Chapter 13 Trustee