# EXHIBIT TWO

# HINSHAW
& CULBERTSON LLP

**ATTORNEYS AT LAW**
780 Third Avenue
4th Floor
New York, NY 10017

Khardeen I. Shillingford, Esq.
Direct Dial: 212-471-6208
kshillingford@hinshawlaw.com

T 212-471-6200
F 212-935-1166
www.hinshawlaw.com

August 13, 2011

**VIA E-MAIL AND REGULAR MAIL**
Ronald J. Kim, Esq.
Law Offices of Ronald J. Kim
36 Long Alley
Saratoga Springs, New York 12866

Re:    *In Re George S. Bevins, Case No.: 10-12856*

Dear Mr. Kim:

As you know, we represent Deutsche Bank Trust Company Americas as Trustee for Mortgage Asset-Backed Pass-Through Certificates Series RALI 2006QS18 and its servicer GMAC Mortgage, LLC (collectively, "Secured Creditor") in the above-captioned matter. We are in receipt of your letter dated July 8, 2011 wherein you outline certain issues relating to the discovery exchanged between parties to date. In our continued efforts to resolve the discovery issues raised, we submit the following response to your July 8, 2011 letter.

## Secured Creditors' Responses to Requests for Admissions

Fed.R.Civ.P. 36(a) provides that when good faith requires that a party qualify an answer or deny only part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. See Diederich v. Department of Army, 132 F.R.D. 614, 619 (S.D.N.Y. 1990). Furthermore, "qualification is permitted if the statement, although containing some truth…standing alone out of context of the whole truth…convey[s] unwarranted and unfair inferences." Id. See also, Myers v. Andzel, 2007 WL 3010329, (S.D.N.Y. 2007)(request for admission unclear where plaintiff sought admissions relating to a February 18, 2005 medical report but attached a February 19, 2005 medical report).

We disagree with your contention that Secured Creditors' responses to certain requests for admissions were attempts to evade the questions "via clever semantics." Specifically, Requests for Admissions 1, 2, 5, 6, 7, 8, 9, 10, 13, 14, 32, 33, 40, 43, 57, 58, 71, 101 each contained factual misstatements and or sought admissions with respect to documents that Secured Creditor could not authenticate their genuineness. For example,

REQUEST No.: 2 states:

Admit that the attached Exhibit 1 is a true and correct copy of Official Form 10 that you filed with the Court, on or about August 25, 2010, in the matter, In re: George S. Bevins, #10-12856.

# EXHIBIT TWO

Mr. Ronald J. Kim
August 13, 2011
Page 2

> **RESPONSE:**
> Deny. The Official Form 10 attached to the Secured Creditor's Proof of Claim filed in the Bevins Matter on August 26, 2010 does not have the numbers "00001" typewritten on the bottom right corner of the document.
>
> **REQUEST NO. 8:**
> Admit that the attached Exhibit 3 is a true and correct copy of the two page document that was filed with the Court entitled "Breakdown of Corporate Advances."
>
> **RESPONSE:**
> Deny. The document entitled "Breakdown of Corporate Advances" attached to the Secured Creditor's Proof of Claim filed in the Bevins Matter on August 26, 2010 is not consecutively numbered "00003 – 00004" on the bottom right corner of each page of the document.

In each of above examples, Debtor asks Secured Creditor to admit that the "attached Exhibit" was filed with the court in connection with Secured Creditor's proof of claim. However, as properly explained in each response, the documents attached to Debtor's Requests do not appear to be "true and correct copies" of the purported documents. The Official Form 10, for example, that was actually filed with the Court and is available for review on the court's ECF website, does not bear "00001" typewritten on the bottom right corner of the document. The same is true for the "two page document...entitled 'Breakdown of Corporate Advances.'" The document entitled "Breakdown of Corporate Advances" annexed to Secured Creditor's proof of claim on file with the court does not bear "00003-00004" on the bottom right corner of each page of that documents. Therefore, Secured Creditor cannot admit that all of the documents attached to the Debtor's Requests were "true and correct" copies of the documents that were actually filed with the court in support of its proof of claim.

Additionally, other requests were factually inaccurate and could not simply be "admitted" or "denied" and required qualification. For instance, **Request No. 1** states:

> Admit that on or about August 25, 2010, you filed with the Court, a proof of claim in the matter, In re: George S. Bevins, 10-12856.
>
> **RESPONSE:**
> Deny. A Proof of Claim in the matter, In re: George S. Bevins, Docket #10-12856 ("Bevins Matter") was filed on August 26, 2010.

Here, truthful statements are intermixed with a clearly inaccurate statement, i.e., a proof of claim was filed, however, the proof of claim was not filed on August 25, 2010. Secured

EXHIBIT TWO

Mr. Ronald J. Kim
August 13, 2011
Page 3

Creditor's response "denied" the factually inaccurate statement but also qualified that denial and provided the correct date of filing of the proof of claim.

> **Request No. 13:**
>
> Admit that the name of the lender on the Note (Exhibit 4) is Homecomings.
>
> **RESPONSE:**
>
> Deny. Exhibit 4 names "Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.)" as the lender.

This request and, other similarly phrased requests, is misleading and contains factual misstatements. Debtor provided "definitions" of certain terms in his preamble to his request for admissions. In certain instances, those definitions were wrong. Debtor's definition defines "Homecomings" as "Homecomings Financial Network, LLC (f/k/a Homecomings Financial, LLC)..." Because that definition is wrong, each request propounded by Debtor that relies on that definition is wrong and each response must, in good faith, be qualified.

> **Request No. 14:**
>
> Admit that the Note (Exhibit 4) does not specify any nominee for or of the lender.
>
> **RESPONSE:**
>
> The Secured Creditor objects to the ambiguous and vague use of the phrase "specify any nominee." The Note speaks for itself and provides that it may be transferred.

Request No. 14, and other similarly phrased requests, is vague and seeks an impermissible interpretation of a document that clearly speaks for itself. Another example worth noting is **Request No. 32**, which states: admit that the name: "Nancy Figy" does not appear anywhere on the Note (Exhibit 4).

> **RESPONSE:**
>
> Admit that the name: "Nancy Figy" does not appear on the copy of the Note attached to the Secured Creditor's Proof of Claim filed in the Bevins Matter on August 26, 2010.

Secured Creditor provided a permissible response and sought only to clarify that the name "Nancy Figy" was not on that particular copy of the Note, "Exhibit 4." As Debtor is well aware, Secured Creditor supplemented its original filing and provided additional documentation, including a copy of the wet ink, original Note, with the endorsement on the back of the last page of the Note, to evince its standing to foreclosure on the Note and Mortgage.

Mr. Ronald J. Kim
August 13, 2011
Page 4

Based on the foregoing, Secured Creditor will not amend or supplement its responses to the following Requests for Admissions: 1, 2, 5, 6, 7, 8, 9, 10, 13, 14, 32, 33, 40, 43, 57, 58, 71, 101. Each of Secured Creditor's responses to the above Requests were proper, answered in full and were not attempts to evade the questions "via clever semantics" particularly where a substantive response was provided to each Request.

With respect to Requests for Admissions 4, 55, 59, 60, 61, 62, 113, 126, 127, 128, 129, 130, 131, 132, and 133, Secured Creditor has made reasonable inquiries into each Request and responded accordingly. Generally, a party must make a reasonable inquiry of information known or readily obtainable by him that allows him to fairly admit or deny the request. Additionally, what is "considered reasonable inquiry and what information is readily obtainable is "relative" and "depends upon the facts of each case." T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc., 174 F.R.D. 38 (S.D.N.Y. 1997). However, under Fed.R.Civ.P. 36, the responding party need only make reasonable efforts to secure information that is readily obtainable. Further, a "reasonable inquiry" is limited to review and inquiry of those persons and documents that are within the responding party's control. Id. The information sought in Requests 4, 55, 59, 60, 61, 62, 113, 126, 127, 128, 129, 130, 131, 132, and 133 is not readily obtainable by the Secured Creditor. The following examples illustrate information known by others which is improperly included in Debtor's Requests for Admission:

> **Request No. 62:**
> Admit that Elpiniki M. Bechakas' employment with the law firm Steven J. Baum, P.C., is not disclosed on the Mortgage Assignment (Exhibit 6).
>
> **Request No. 126:**
> Admit that the debtor is not an agent for MERSCORP.
>
> **Request No.127:**
> Admit that the debtor is not the principal for MERSCORP.
>
> **Request No. 128:**
> Admit that MERSCORP is not an agent for the debtor.
>
> **Request No. 129:**
> Admit that MERSCORP is not the principal for the debtor.
>
> **Request No. 130:**
> Admit that the debtor is not the agent for MERS.
>
> **Request No. 131:**
> Admit that the debtor is not the principal for MERS.
>
> **Request No.132:**
> Admit that MERS is not an agent for the debtor.

# EXHIBIT TWO

Mr. Ronald J. Kim
August 13, 2011
Page 5

This information is clearly not within the knowledge of the Secured Creditor.

<u>Secured Creditor's Responses to Interrogatories</u>

Debtor claims that the Secured Creditor's objections are "repetitive boilerplate" while acknowledging that his interrogatories exceed the twenty-five (25) maximum allowable written interrogatories permitted under Fed.R.Civ.P. 33. Specifically, Rule 33 states that "unless otherwise stipulated or ordered by the court, a party may serve on any other party no more that 25 written interrogatories, including all discrete subparts. Here, GMAC and Deutsche Bank were collectively served with more than 70 Interrogatories, as well as more than 260 Requests for Admissions and more than 100 document demands.

Debtor takes issue with GMAC's and Deutsche Bank's response to Interrogatory 3. Interrogatory No. 3 sought the identity of "all persons known to you who have personal knowledge of any facts or issues referring, relating or concerning the debtor and/or the note and/or the mortgage." GMAC rightfully objected to that Interrogatory on vagueness grounds as the Interrogatory is neither limited in scope nor time and seemingly seeks information from the beginning of time as it relates to the mortgage, note and debtor. Interrogatory No. 3 propounded on Deutsche Bank sought the identity of the "person(s) involved in the underwriting of note and mortgage." Again, Deutsche Bank's objections were appropriate as the Interrogatory is clearly seeking information that is not relevant to the issues raised by Debtor. Debtor acknowledges that he took a mortgage and gave a security interest in the property. Indeed, Debtor listed GMAC as a secured creditor on his initial Schedule E. Moreover, Secured Creditor provided Debtor with a copy of the closing file related to the mortgage origination. Contrary to Debtor's contention, Secured Creditor did not direct Debtor to "essentially look through more than 700 pages of documents." Secured Creditor directed Debtor to review specific pages and provided Debtor with those bates-stamped page numbers.

Debtor's issue with the adequacy of Secured Creditor's responses to Interrogatories Nos. 5, 6, 7, 8, 9, 13, 14, 15, 21 are feigned and without merit. The response to each of those Interrogatories was appropriate and answered fully to the best of Secured Creditor's abilities. Each of these interrogatories sought information relating to the securitization of the note and mortgage, the identity of the loan servicers, identity of persons in custody of document that refers or relate to any instruction or authority to enforce the note or mortgage, the date on which the Originator sold the note and mortgage to the sponsor and the date on which the Sponsor and Master Servicer sold the note and mortgage to the Depositor. Secured Creditor correctly directed the Debtor to the Pooling and Servicing Agreement which is the best source of the information sought in Debtor's requests.

Secured Creditor's response to Interrogatories Nos. 10, 11, 12, 22 were likewise sufficient. Secured Creditor provided a complete description of Judy Faber's employment history. However, information relating to the employment history of Nancy Figy and Epliniki Bechakas is not within Secured Creditor's possession. Moreover, Interrogatory 22 and all its subparts is overbroad, burdensome and seeks information pertaining to non-parties that is neither relevant nor within Secured Creditor's possession. Contrary to Debtor's position that Secured Creditor is under a "duty to respond" to these interrogatories, the Rules of Civil Procedure do not

# EXHIBIT TWO

Mr. Ronald J. Kim
August 13, 2011
Page 6

place such an onerous burden on the interrogated party to obtain information from non-parties of whom they have no control.

Finally, Interrogatories 17, 18 and 23 seek information that has no bearing on the disputed issues. Interrogatory 17 sought information relating to the "compensation, fee, commission, payment or other financial consideration paid to the Originator by the Sponsor and Master Servicer for handling, processing, originating or administering this note and mortgage." Interrogatory 23 sought the identity of "all persons present at the closing of the note and mortgage." Secured Creditor's objections to interrogatories 17 and 22 were well founded as this information is neither germane to the issues herein nor is it reasonably calculated to lead to discovery of admissible evidence. Likewise, Interrogatory 18, asked Secured Creditor to speculate as to who, from the public at large, may possess or claim rights under the note and mortgage. Secured Creditor's objection was reasonable and appropriate given the breadth of the interrogatory.

## GMAC's Responses to Document Requests

The majority of Debtor's document requests were vague, burdensome and not narrowly tailored to lead to the discovery of admissible evidence relating to Debtor's objection to Secured Creditor's proof of claim. Indeed, Secured Creditor has produced more than 1,700 pages of documents, including copies of the wet ink, original note and mortgage held by Secured Creditor and evidence as to when the note and mortgage were delivered to the Trustee.

With respect to document requests 8, 9, 10, 11, 12, 13, 16, 20, 25, 27, 37, and 40, Secured Creditor, to the extent it has any responsive documents, will review its files and records, and will supplement its responses if necessary. However, Secured Creditor does not concede or waive any of its objections relating to those documents nor does it agree that Debtor is entitled to "digital copies."

Document Request 19 requested an executed copy of the Pooling and Servicing Agreement. Secured Creditor provided a copy of the Pooling and Servicing Agreement that was on file with the Securities and Exchange Commission and which is also publicly available.

Document Requests 33, 41, 46, and 47 are vague and request documents that are either not within Secured Creditor's possession or not even remotely relevant to Debtor's claims. For example, Request 33 seeks all documents relating to any attorney's opinion of title or similar guarantee of title acceptable to mortgage lenders generally in this jurisdiction and related to this mortgage. The Request is vague and replete with undefined terms and seeks documents that have no relevance to Debtor's claims. Equally vague and burdensome is Debtor's Request No. 46 for documents relating to "rating agency opinion or relating to the real property law and/or regulations and the assignment of a deed of trust or mortgage to the Trust" and Request 47 seeks documents "relating to all written rules, regulations or procedures referring or relating to the assignments of a deed or mortgage to the Trust." Again, Debtor cannot articulate any proper basis to demand production of these documents. Debtor is not a party to the Trust or its creation and is not a third-party beneficiary of the Trust and has no standing to challenge the Trust. With respect to Document Request 45, Secured Creditor's objection was appropriate inasmuch as

Mr. Ronald J. Kim
August 13, 2011
Page 7

Debtor's request is vague and burdensome. The Request is seemingly seeking wholesale production of *all* documents signed by the Master Servicer in its capacity as Seller, with no regard as to whether the documents have anything to do with Debtor's note and mortgage.

With respect to requests 37, 39, 40, 42, 43, and 44, the Secured Creditor is continuing its review of relevant files and will supplement its responses if appropriate. Lastly, Request 56 seeks the legal opinion of Vincent Doyle, Esq., who appeared in this matter as counsel for Steven J. Baum, P.C. The Secured Creditor has no control over Mr. Doyle and is not in possession of the requested information.

### Depositions and Request for Forensic Testing

We are happy to continue our discussions with respect to the breadth and scope of depositions and the availability of witnesses as well as your request for forensic testing of the originals.

Feel free to call either myself or Schuyler Kraus (212-471-6204) to discuss further.

Sincerely,

HINSHAW & CULBERTSON LLP

/s/ *Khardeen I. Shillingford*
Khardeen I. Shillingford

KIS: