# EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: GEORGE S. BEVINS, | Index No. 10-12856 |
| Debtor | Chapter 13 |
| Address: 100 Starks Knob Road Schuylerville, NY 12871 | |
| Last four digits of Social Security No. 3595 | |

## GMAC MORTGAGE, LLC'S
## RESPONSE TO DEBTOR'S REQUESTS FOR ADMISSIONS

GMAC Mortgage, LLC as servicer for Deutsche Bank Trust Company Americas as

Trustee for Mortgage Asset-Backed Pass-Through Certificates Series RALI 2006QS18, through

its attorneys, Hinshaw & Culbertson LLP, pursuant to Rules 36 of the Federal Rules of Civil

Procedure and the Local Rules of this Court, hereby objects and responds to Debtor George S.

Bevins' First Request for Admissions ("Requests"), as follows:

### OBJECTIONS AND RESPONSES TO REQUEST FOR ADMISSIONS

1.     Admit that on or about August 25, 2010, you filed with the Court, a proof of
claim in the matter, In re: George S. Bevins, 10-12856.

### RESPONSE:

Deny.   A Proof of Claim in the matter, In re: George S. Bevins, Docket # 10-12856
("Bevins Matter") was filed on August 26, 2010.

2.     Admit that the attached Exhibit 1 is a true and correct copy of Official Form 10
that you filed with the Court, on or about August 25, 2010, in the matter, In re: George S.
Bevins, #10-12856.

## EXHIBIT 3

**RESPONSE:**

Deny. The Official Form 10 attached to the Secured Creditor's Proof of Claim filed in the Bevins Matter on August 26, 2010 does not have the numbers "00001" typewritten on the bottom right corner of the document.

3.  Admit that the Official Form 10 was signed by Michelle C. Marans, Esq.

**RESPONSE:**

Admit that the Official Form 10 bears a signature block that reads: Michelle C. Marans, Esq.

4.  Admit that Michele C. Marans, Esq., is an employee of the law firm, Steven J. Baum, P.C., 220 Northpointe Parkway, Suite G, Amherst, New York.

**RESPONSE:**

The information sought in the Request is not within Secured Creditor's knowledge. Accordingly, Secured Creditor is unable to admit or deny the Request as it is without sufficient information.

5.  Admit that as part of the proof of claim a one page document was also filed with the Court, listing the total amount of debt owed as $122,420.13 and the pre-petition arrears as $18,964.93.

**RESPONSE:**

Admit that a one page document listing the total amount of debt owed as $122,420.13 and pre-petition arrears as $18, 964.93 was attached to the Secured Creditor's Proof of Claim filed in the Bevins Matter on August 26, 2010.

6.  Admit that the attached Exhibit 2 is a true and correct copy of the one page document that was filed with the Court and which listed the total amount of debt owed as $122,420.13 and the pre-petition arrears as $18,864.93.

**RESPONSE:**

Deny. The one page document listing the amount of debt owed and pre-petition arrears attached to the Secured Creditor's Proof of Claim filed in the Bevins Matter on August 26, 2010 does not have the numbers "00002" typewritten in the bottom right corner of the document.

7.  Admit that as part of the proof of claim a two page document was also filed with the Court entitled "Breakdown of Corporate Advances."

EXHIBIT 3

**RESPONSE:**

Admit that a two page document entitled "Breakdown of Corporate Advances" was attached to the Secured Creditor's Proof of Claim filed in the Bevins Matter on August 26, 2010.

8.    Admit that the attached Exhibit 3 is a true and correct copy of the two page document that was filed with the Court entitled "Breakdown of Corporate Advances."

**RESPONSE:**

Deny.  The document entitled "Breakdown of Corporate Advances" attached to the Secured Creditor's Proof of Claim filed in the Bevins Matter on August 26, 2010 is not consecutively numbered "00003 – 00004" on the bottom right corner of each page of the document.

9.    Admit that as part of the proof of claim a three page document was also filed with the Court entitled: "Note."

**RESPONSE:**

Admit that the copy of  the "Note" attached to the Secured Creditor's Proof of Claim filed in the Bevins Matter on August 26, 2010 was three pages.  A complete copy of the Note, including all endorsements, was provided in response to the Debtor's Objection to Claim.

10.    Admit that the attached Exhibit 4 is a true and correct copy of the three page document that was filed with the Court and entitled "Note."

**RESPONSE:**

Deny.  The copy of the "Note" attached to the Secured Creditor's Proof of Claim filed in the Bevins Matter on August 26, 2010 is not consecutively numbered "00005 – 00007" on the bottom right corner of each page of the document.

11.    Admit that the Note, (Exhibit 4) is a three page document.

**RESPONSE:**

Admit that the copy of the Note annexed to Debtor's Requests as Exhibit 4 is a three page document.

# EXHIBIT 3

12.    Admit that the date on the Note (Exhibit 4) is October 27, 2006.

**RESPONSE:**

Admit that the copy of the Note annexed to Debtor's Requests as Exhibit 4 is dated October 27, 2006.

13.    Admit that the name of the lender on the Note (Exhibit 4) is Homecomings.

**RESPONSE:**

Deny.  Exhibit 4 names "Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.)" as the lender.

14.    Admit that the Note (Exhibit 4) does not specify any nominee for or of the lender.

**RESPONSE:**

The Secured Creditor objects to the ambiguous and vague use of the phrase "specify any nominee."  The Note speaks for itself and provides that it may be transferred.

15.    Admit that the amount listed on the Note (Exhibit 4) is $107,696.00.

**RESPONSE:**

Admit that the amount listed on the copy of the Note annexed to Debtor's Requests as Exhibit 4 is $107,696.00.

16.    Admit that RFC is not listed as the lender on the Note (Exhibit 4).

**RESPONSE:**

Admit.

17.    Admit that the name: RFC does not appear anywhere on the Note (Exhibit 4).

**RESPONSE:**

Admit that the name RFC does not appear on the copy of the Note annexed to Debtor's Request as Exhibit 4.

# EXHIBIT 3

18.     Admit that the Trustee is not listed as the lender on the Note (Exhibit 4).

**RESPONSE:**

Admit.

19.     Admit that the name of the Trustee does not appear anywhere on the Note (Exhibit 4).

**RESPONSE:**

Admit that the name of the Trustee does not appear on the copy of the Note annexed to Debtor's Requests as Exhibit 4.

20.     Admit that RALI, Inc. is not listed as the lender on the Note (Exhibit 4).

**RESPONSE:**

Admit.

21.     Admit that the name RALI, Inc. does not appear anywhere on the Note (Exhibit 4).

**RESPONSE:**

Admit.

22.     Admit that the Trust is not listed as the lender on the Note (Exhibit 4).

**RESPONSE:**

Admit.

23.     Admit that the name of the Trust does not appear anywhere on the Note (Exhibit 4).

**RESPONSE:**

Admit.

# EXHIBIT 3

24.    Admit that the Trustee is not listed as the lender on the Note (Exhibit 4).

**RESPONSE:**

See Response to Request 18.

25.    Admit that the name of the Trustee does not appear anywhere on the Note (Exhibit 4).

**RESPONSE:**

See Response to Request 19.

26.    Admit that WFB is not listed as the lender on the Note (Exhibit 4).

**RESPONSE:**

Admit.

27.    Admit that the name, WFB does not appear anywhere on the Note (Exhibit 4).

**RESPONSE:**

Admit.

28.    Admit that MERSCORP is not listed as the lender on the Note (Exhibit 4).

**RESPONSE:**

Admit.

29.    Admit that the name, MERSCORP does not appear anywhere on the Note (Exhibit 4).

**RESPONSE:**

Admit.

# EXHIBIT 3

30.     Admit that MERS is not listed as the lender on the Note (Exhibit 4).

**RESPONSE:**

Admit

31.     Admit that the name, MERS does not appear anywhere on the Note (Exhibit 4).

**RESPONSE:**

Admit.

32.     Admit that the name: "Nancy Figy" does not appear anywhere on the Note (Exhibit 4).

**RESPONSE:**

Admit that the name: "Nancy Figy" does not appear on the copy of the Note attached to the Secured Creditor's Proof of Claim filed in the Bevins Matter on August 26, 2010.

33.     Admit that the name: "Judy Faber" does not appear anywhere on the Note (Exhibit 4).

**RESPONSE:**

Admit that the name: "Judy Faber" does not appear on the copy of the Note attached to the Secured Creditor's Proof of Claim filed in the Bevins Matter on August 26, 2010.

34.     Admit that on the top margin of the first page of the Note (Exhibit 4), approximately two thirds of an inch from the top edge of the paper, two black oval/circular shaped marks appear approximately two inches apart.

**RESPONSE:**

Admit.

35.     Admit that on the top margin of the second page of the Note (Exhibit 4), approximately two thirds of an inch from the top edge of the paper, two black oval/circular shaped marked appear approximately two inches apart.

## EXHIBIT 3

**RESPONSE:**

Admit.

36.    Admit that in the top margin of the third page of the Note (Exhibit 4), approximately two thirds of an inch from the top edge of the paper, two black oval/circular shaped marks appear approximately two inches apart.

**RESPONSE:**

Admit.

37.    Admit that on the third page of the Note (Exhibit 4) there are no black dots or other non-alphanumeric markings in the lower third of the Note immediately to the left of the printed words: "(Sign Original Only).

**RESPONSE:**

Admit.

38.    Admit that on the third page of the Note (Exhibit 4) there are no black dots or other non-alphanumeric markings in the lower third of the Note immediately to the left of the printed words: "Page 3 of 3."

**RESPONSE:**

Admit.

39.    Admit that as part of the proof of claim a seventeen (17) page document was also filed with the Court entitled: "Mortgage."

**RESPONSE:**

Deny.  An eighteen (18) page document entitled "Mortgage" was attached to the Secured Creditor's   Proof   of   Claim   filed   in   the   Bevins   Matter   on   August   26,   2010.

40.    Admit that the attached Exhibit 5 is a true and correct copy of the seventeen (17) page document that was filed with the Court and entitled "Mortgage."

**RESPONSE:**

Deny.  The document entitled "Mortgage" attached to the Secured Creditor's Proof of Claim filed in the Bevins Matter on August 26, 2010 is not consecutively numbered "00009 – 00026" on the bottom right corner of each page of the document.  Further Exhibit 5 is an eighteen (18) page document.

## EXHIBIT 3

41.     Admit that at the top of the first page of the Mortgage (Exhibit 5) approximately one inch from the top edge of the paper, and approximately one inch to the right of the printed words: "One Meridian Crossing, Ste 100" there is no handwriting or alphanumeric markings.

**RESPONSE:**

Admit that the copy of the original Mortgage filed with the Saratoga County Clerk annexed to the Debtor's Requests as Exhibit 5 does not have  "handwriting or alphanumeric markings" to the right of the printed words: "One Meridian Crossing, Ste 100" on the first page.

42.     Admit in the lower right hand corner of the first page of the Mortgage (Exhibit 5), approximately one and three quarters inch from the right edge of the paper, there is a filing stamp from the Saratoga County Clerk's Office dated 11/06/2006.

**RESPONSE:**

Admit that the copy of the original Mortgage annexed as Exhibit 5 to Debtor's Requests has a filing stamp from the Saratoga County Clerk's Office dated 11/06/2006.

43.     Admit that the name of the lender on the Mortgage (Exhibit 5) is Homecomings.

**RESPONSE:**

Deny.   The Mortgage names "Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.)" as the lender.

44.     Admit that RFC is not listed as the lender on the Mortgage (Exhibit 5).

**RESPONSE:**

Admit.

45.     Admit that the name, RFC does not appear anywhere on the Mortgage (Exhibit 5).

**RESPONSE:**

Admit.

46.     Admit that RALI, Inc. is not listed as the lender on the Mortgage (Exhibit 5).

**RESPONSE:**

Admit.

47.     Admit that the name, RALI, Inc. does not appear anywhere on the Mortgage (Exhibit 5).

# EXHIBIT 3



**RESPONSE:**

Admit.

48.    Admit that the Trustee is not listed as the lender on the Mortgage (Exhibit 5).

**RESPONSE:**

Admit.

49.    Admit that the Trustee's name does not appear anywhere on the Mortgage (Exhibit 5).

**RESPONSE:**

Admit.

50.    Admit that the Trust is not listed as the lender on the Mortgage (Exhibit 5).

**RESPONSE:**

Admit.

51.    Admit that the Trust's name does not appear anywhere on the Mortgage (Exhibit 5).

**RESPONSE:**

Admit.

52.    Admit that WFB is not listed as the lender on the Mortgage (Exhibit 5).

**RESPONSE:**

Admit.

53.    Admit that the name, WFB does not appear anywhere on the Mortgage (Exhibit 5).

**RESPONSE:**

Admit.

# EXHIBIT 3

54.     Admit that MERSCORP is not listed as the lender on the Mortgage (Exhibit 5).


**RESPONSE:**

Admit.

55.     Admit that the name MERSCORP does not appear anywhere on the Mortgage (Exhibit 5).

**RESPONSE:**

The information sought in this Request is not within the Secured Creditor's knowledge. Accordingly, Secured Creditor is unable to admit or deny the Request as it is without sufficient information.

56.     Admit that MERS is listed on the Mortgage (Exhibit 5) as "nominee for Lender and Lender's successors and assigns."

**RESPONSE:**

Admit.

57.     Admit that as part of the proof of claim a one (1) page document was also filed with the Court entitled: "Assignment of Mortgage"

**RESPONSE:**

Admit that a one page document entitled "Assignment of Mortgage" was annexed to the Proof of Claim filed in the Bevins Matter on August 26, 2010.


58.     Admit that the attached Exhibit 6 is a true and correct copy of the one (1) page document that was filed with the Court and entitled "Mortgage Assignment."

**RESPONSE:**

Deny. The Assignment of Mortgage" attached to the Secured Creditor's Proof of Claim filed in the Bevins Matter on August 26, 2010 does not bear the numbers "000027" typewritten in the bottom right corner of the document.

59.     Admit that the Mortgage Assignment (Exhibit 6) was signed by Elpiniki M. Bechakas.

# EXHIBIT 3

**RESPONSE:**

The information sought in this Request is not within Secured Creditor's knowledge. Accordingly, Secured Creditor is unable to admit or deny the Request as it is without sufficient information. Further, Secured Creditor admits that the copy of the "Assignment of Mortgage" annexed to Debtor's Requests as Exhibit 6 contains a signature block that reads "Elpiniki M. Bechakas."

60.     Admit that Elpiniki M. Bechakas executed the Mortgage Assignment (Exhibit 6) on or about August 31, 2009.

**RESPONSE:**

The information sought in this Request is not within Secured Creditor's knowledge. Accordingly, Secured Creditor is unable to admit or deny the Request as it is without sufficient information. Further, Secured Creditor admits that the copy of the "Assignment of Mortgage" annexed to Debtor's Requests as Exhibit 6 is dated August 31, 2009.

61.     Admit that Elpiniki M. Bechakas was an employee of the law firm, Steven J. Baum, P.C., 220 Northpointe Parkway, Suite G, Amherst, New York, on or about August 31, 2009.

**RESPONSE:**

The information sought in this Request is not within the Secured Creditor's knowledge. Accordingly, Secured Creditor is unable to admit or deny the Request as it is without sufficient information.

62.     Admit that Elpiniki M. Bechakas' employment with the law firm Steven J. Baum, P.C., is not disclosed on the Mortgage Assignment (Exhibit 6).

**RESPONSE:**

The information sought in this Request is not within the Secured Creditor's knowledge. Accordingly, Secured Creditor is unable to admit or deny the Request as it is without sufficient information.

63.     Admit that the Mortgage Assignment (Exhibit 6) lists the original lender as "Mortgage Electronic Registration Systems Inc., as nominee for Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.,) its successors and assigns."

# EXHIBIT 3

**RESPONSE:**

Admit that the copy of the "Assignment of Mortgage" annexed to Debtor's Requests as Exhibit 6 lists the original lender as "Mortgage Electronic Registration Systems Inc., as nominee for Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.,) its successors and assigns."

64.     Admit that the name: RFC does not appear anywhere on the Mortgage Assignment (Exhibit 6).

**RESPONSE:**

Admit. Further documentation of Secured Creditor's Claim # 4 was provided in response to the Debtor's Objection to Claim.

65.     Admit that the name: RALI, Inc., does not appear anywhere on the Mortgage Assignment (Exhibit 6).

**RESPONSE:**

Admit.  However, the copy of the "Assignment of Mortgage" annexed to Debtor's Requests as Exhibit 6 identifies the Assignee as "Deutsche Bank Trust Company Americas as Trustee for *RALI* 2006QS18, 300 Grand Avenue, Los Angeles, CA 90071."

66.     Admit that the name: WFB does not appear anywhere on the Mortgage Assignment (Exhibit 6).

**RESPONSE:**

Admit.

67.     Admit that as part of your response to the Debtor's Objection to Proof of Claim you filed with the Court, an Affidavit of Judy Faber dated January 10, 2011.

**RESPONSE:**

Admit.

68.     Admit that the attached Exhibit 7 is a true and correct copy of the three (3) page Affidavit of Judy Faber dated January 10, 2011 ("First Faber Affidavit").

**RESPONSE:**

Admit that Exhibit 7 is a true and correct copy of the three (3) page Affidavit of Judy Faber dated January 10, 2011 without its accompanying exhibits.

# EXHIBIT 3

69.   Admit that attached to the First Faber Affidavit the affiant attached and incorporated five exhibits labeled separately A, B, C, D and E.

**RESPONSE:**

Deny.  The Faber Affidavit dated January 10, 2011 incorporated four separate exhibits labeled as "Exhibit A," "Exhibit B," "Exhibit C," and "Exhibit D" which included copies of the original note and mortgage.  The Faber Affidavit erroneously referred to exhibit "D" as exhibit "E".

70.   Admit that as part of your response to the Debtor's Objection to Proof of Claim, you filed with the Court, attached as Exhibit A to the First Faber Affidavit, a four (4) page document entitled Note which for purposes of this admission is attached hereto as Exhibit 7-A ("Second Copy of Note").

**RESPONSE:**

Admit that a four (4) page copy of the original Note including endorsements was attached as Exhibit A to the Faber Affidavit dated January 10, 2011.  The fourth page is a photocopy of the back of the third page.

71.   Admit that the name of the lender on the Second Copy of Note (Exhibit 7-A) is Homecomings.

**RESPONSE:**

Deny.  Exhibit 7-A names "Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.)" as the lender.

72.   Admit that the Second Copy of Note (Exhibit 7-A) does not specify any nominee for or of the lender.

**RESPONSE:**

Admit.

73.   Admit that the amount listed on the Second Copy of Note (Exhibit 7-A) is $107,696.00.

**RESPONSE:**

Admit.

# EXHIBIT 3

74.     Admit that the Second Copy of Note (Exhibit 7-A) is a four page document.

**RESPONSE:**

Admit.  The fourth page of the Exhibit 7-A is a photocopy of the back of the third page of the Note.

75.     Admit that RFC is not listed as the lender on the Second Copy of Note (Exhibit 7-A).

**RESPONSE:**

Admit.

76.     Admit that the name, RFC does not appear anywhere on the Second Copy of Note (Exhibit 7-A).

**RESPONSE:**

Deny.

77.     Admit that the Trustee is not listed as the lender on the Second of Copy of Note (Exhibit 7-A).

**RESPONSE:**

Admit.

78.     Admit that the name of the Trustee does not appear anywhere on the Second Copy of Note (Exhibit 7-A)

**RESPONSE:**

Deny.

79.     Admit that RALI, Inc., is not listed as the lender on the Second Copy of Note (Exhibit 7-A).

**RESPONSE:**

Admit.

80.     Admit that the name, RALI, Inc., does not appear anywhere on the Second Copy of (Exhibit 7-A).

## EXHIBIT 3

**RESPONSE:**

Admit.

81.    Admit that the Trustee is not listed as the lender on the Second Copy of Note (Exhibit 7-A).

**RESPONSE:**

See Response to Request 77.

82.    Admit that the name of the Trustee does not appear anywhere on the Second Copy of Note (Exhibit 7-A)

**RESPONSE:**

See Response to Request 78.

83.    Admit that WFB is not listed as the lender on the Second Copy of Note (Exhibit 7-A).

**RESPONSE:**

Admit.

84.    Admit that the name, WFB does not appear anywhere on the Second Copy of Note (Exhibit 7-A).

**RESPONSE:**

Admit.

85.    Admit that MERSCORP is not listed as the lender on the Second Copy of Note (Exhibit 7-A).

**RESPONSE:**

Admit.

86.    Admit that the name, MERSCORP does not appear anywhere on the Second Copy of Note (Exhibit 7-A).

# EXHIBIT 3

**RESPONSE:**

Admit.

87.    Admit that MERS is not listed as the lender on Second Copy of Note (Exhibit 7-A)

**RESPONSE:**

Admit.

88.    Admit that the name, MERS does not appear anywhere on the Second Copy of Note (Exhibit 7-A).

**RESPONSE:**

Admit.

89.    Admit that the name: "Nancy Figy" appears on the Second Copy of Note (Exhibit 7-A).

**RESPONSE:**

Admit.

90.    Admit that the name: "Judy Faber" appears on the Second Copy of Note (Exhibit 7-A)

**RESPONSE:**

Admit.

91.    Admit that on the top margin of the first page of the Second Copy of Note (Exhibit 7-A), approximately two thirds of an inch from the top edge of the paper, there are not two black oval/circular shaped marks approximately two inches apart.

**RESPONSE:**

Admit.

# EXHIBIT 3

92.    Admit that on the top margin of the second page of the Second Copy of Note (Exhibit 7-A), approximately two thirds of an inch from the top edge of the paper, there are not two black oval/circular shaped marks approximately two inches apart.

**RESPONSE:**

Admit.

93.    Admit that on the top margin of the third page of the Second Copy of Note (Exhibit 7-A), approximately two thirds of an inch from the top edge of the paper, there are not two black oval/circular shaped marks approximately two inches apart.

**RESPONSE:**

Admit.

94.    Admit that on the third page of the Second Copy of Note (Exhibit7-A) a series of black dots and/or non-alphanumeric black markings appear in the lower third of the note immediately to the left of the printed words: "(Sign Original Only)."

**RESPONSE:**

Admit.

95.    Admit that on the third page of the Second Copy of Note (Exhibit7-A) a series of black dots and/or alpha-numeric black markings appear in the lower third  of the Note immediately to the left of the printed words: "Page 3 of 3."

**RESPONSE:**

Admit.

96.    Admit that as part of your response to the Debtor's Objection to Proof of Claim, you filed with the Court, attached as Exhibit B to the First Faber Affidavit, an eighteen (18) page document entitled Mortgage which for purposes of this admission is attached hereto as Exhibit 7-B ("Second Copy of Mortgage").

**RESPONSE:**

Admit that the certified copy of the original Mortgage, an eighteen (18) page document, was annexed as Exhibit B to the Faber Affidavit dated January 10, 2011.

97.    Admit that the attached Second Copy of the Mortgage (Exhibit 7-B) is a true and correct copy of the eighteen (18) page document that was filed with the Court and entitled "Mortgage."

# EXHIBIT 3

**RESPONSE:**

Admit that the certified copy of the original Mortgage, an eighteen (18) page document, was annexed as Exhibit B to the Faber Affidavit dated January 10, 2011 which was filed with the Court.

98.    Admit that at the top of the first page of the Second Copy of the Mortgage (Exhibit 7-B) approximately one inch from the top edge of the paper, and approximately one inch to the right of the printed words: "One Meridian Crossing, Ste 100" there are three separate lines of alphanumeric handwriting.

**RESPONSE:**

Admit.

99.    Admit in the lower right hand corner of the first page of the Second Copy of the Mortgage (Exhibit 7-B), approximately one and three quarters inch from the right edge of the paper there is no filing stamp from the Saratoga County Clerk's Office dated 11/06/2006.

**RESPONSE:**

Admit.

100.    Admit that no filing stamp from the Saratoga County Clerk's Office appears anywhere on the Second Copy of the Mortgage (Exhibit 7-B).

**RESPONSE:**

Admit that the certified copy of the original Mortgage annexed to Debtor's Requests as Exhibit 7-B does not have a filing stamp from the Saratoga County Clerk's Office.

101.    Admit that the name of the lender on the Second Copy of the Mortgage (Exhibit 7-B) is Homecomings.

**RESPONSE:**

Deny.    The Mortgage names "Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.)" as the lender.

102.    Admit that RFC is not listed as the lender on the Second Copy of the Mortgage (Exhibit 7-B).

**RESPONSE:**

Admit.

# EXHIBIT 3

103.    Admit that the name, RFC does not appear anywhere on the Second Copy of the Mortgage (Exhibit 7-B).

**RESPONSE:**

Admit.


104.    Admit that the Trustee is not listed as the lender on the Second Copy of the Mortgage (Exhibit 7-B).

**RESPONSE:**

Admit.


105.    Admit that the Trustee's name does not appear anywhere on the Second Copy of the Mortgage (Exhibit 7-B).

**RESPONSE:**

Admit.


106.    Admit that RALI, Inc. is not listed as the lender on the Second Copy of the Mortgage (Exhibit 7-B).

**RESPONSE:**

Admit.


107.    Admit that the name, RALI, Inc. does not appear anywhere on the Second Copy of the Mortgage (Exhibit 7-B).

**RESPONSE:**

Admit.


108.    Admit that the Trust is not listed as a lender on the Second Copy of the Mortgage (Exhibit 7-B).

**RESPONSE:**

Admit.

# EXHIBIT 3

109.    Admit that the Trust's name does not appear anywhere on the Second Copy of the Mortgage (Exhibit 7-B).

**RESPONSE:**

Admit.

110.    Admit that WFB is not listed as the lender on the Second Copy of the Mortgage (Exhibit 7-B).

**RESPONSE:**

Admit.

111.    Admit that the name, WFB does not appear anywhere on the Second Copy of the Mortgage (Exhibit 7-B).

**RESPONSE:**

Admit.

112.    Admit that MERSCORP is not listed as the lender on the Second Copy of the Mortgage (Exhibit 7-B)

**RESPONSE:**

Admit.

113.    Admit that the name, MERSCORP does not appear anywhere on the Second Copy of the Mortgage (Exhibit 7-B).

**RESPONSE:**

The information sought in this Request is not within the Secured Creditor's knowledge. Accordingly, Secured Creditor is unable to admit or deny the Request as it is without sufficient information.

114.    Admit that MERS is listed on the Second Copy of the Mortgage (Exhibit 7-B) as "nominee for Lender and Lender's successors and assigns."

# EXHIBIT 3

**RESPONSE:**

Admit.

115.   Admit that the original note in connection with this matter has not been lost.

**RESPONSE:**

Admit that the Secured Creditor is in possession of the original Note executed by Debtor on October 27, 2006.

116.   Admit that the original note in connection with this matter has not been destroyed.

**RESPONSE:**

Admit that the Secured Creditor is in possession of the original Note executed by Debtor on October 27, 2006.

117.   Admit that the original note in connection with this matter has not been stolen.

**RESPONSE:**

Admit that the Secured Creditor is in possession of the original Note executed by Debtor on October 27, 2006.

118.   Admit that the original mortgage in connection with this matter has not been lost.

**RESPONSE:**

Admit that the Secured Creditor is in possession of the original Mortgage executed by Debtor on October 27, 2006.

119.   Admit that the original mortgage in connection with this matter has not been destroyed.

**RESPONSE:**

Admit that the Secured Creditor is in possession of the original Mortgage executed by debtor on October 27, 2006.

# EXHIBIT 3

120.    Admit that the original mortgage in connection with this matter has not been stolen.

**RESPONSE:**

Admit that the Secured Creditor is in possession of the original mortgage executed by debtor on October 27, 2006.

121.    Admit that the Trust was created pursuant to New York law.

**RESPONSE:**

The Secured Creditor objects to the use of the term "created" as stating a legal conclusion that is not appropriate for an admission of facts.  One clause of the PSA states, in part, that it is to be governed by the laws of the State of New York.

122.    Admit that the Trust was created by a PSA.

**RESPONSE:**

The Secured Creditor objects to the use of the term "created" as stating a legal conclusion that is not appropriate for an admission of facts.

123.    Admit that the PSA that created the Trust specifies that RFC is the Sponsor and Master Servicer.

**RESPONSE:**

The Secured Creditor objects to the use of the term "created" as stating a legal conclusion that is not appropriate for an admission of facts.   The PSA identified RFC as the Sponsor and Master Servicer.

124.    Admit that the PSA that created the Trust specifies that RALI, Inc. is the Depositor.

**RESPONSE:**

Deny. The Secured Creditor objects to the use of the term "created" as stating a legal conclusion that is not appropriate for an admission of facts.  Further, the PSA identified RALI as the Depositor.

125.    Admit that the PSA that created the Trust specifies that Deutsche Bank Trust Company Americas is the Trustee.

EXHIBIT 3

**RESPONSE:**

The Secured Creditor objects to the use of the term "created" as stating a legal conclusion that is not appropriate for an admission of facts.   The PSA identified Deutsche Bank Trust Company Americas as the Trustee.

126.   Admit that the debtor is not an agent for MERSCORP.

**RESPONSE:**

The information sought in this Request is not within the Secured Creditor's knowledge. Accordingly, Secured Creditor is unable to admit or deny the Request as it is without sufficient information.

127.   Admit that the debtor is not the principal for MERSCORP.

**RESPONSE:**

The information sought in this Request is not within the Secured Creditor's knowledge. Accordingly, Secured Creditor is unable to admit or deny the Request as it is without sufficient information.

128.   Admit that MERSCORP is not an agent for the debtor.

**RESPONSE:**

The information sought in this Request is not within the Secured Creditor's knowledge. Accordingly, Secured Creditor is unable to admit or deny the Request as it is without sufficient information.

129.   Admit that MERSCORP is not the principal for the debtor.

**RESPONSE:**

The information sought in this Request is not within the Secured Creditor's knowledge. Accordingly, Secured Creditor is unable to admit or deny the Request as it is without sufficient information.

130.   Admit that the debtor is not the agent for MERS.

# EXHIBIT 3

**RESPONSE:**

The information sought in this Request is not within the Secured Creditor's knowledge. Accordingly, Secured Creditor is unable to admit or deny the Request as it is without sufficient information.

131.    Admit that the debtor is not the principal for MERS.

**RESPONSE:**

The information sought in this Request is not within the Secured Creditor's knowledge. Accordingly, Secured Creditor is unable to admit or deny the Request as it is without sufficient information.

132.    Admit that MERS is not an agent for the debtor.

**RESPONSE:**

The information sought in this Request is not within the Secured Creditor's knowledge. Accordingly, Secured Creditor is unable to admit or deny the Request as it is without sufficient information.

133.    Admit that MERS is not the principal for the debtor.

**RESPONSE:**

The information sought in this Request is not within the Secured Creditor's knowledge. Accordingly, Secured Creditor is unable to admit or deny the Request as it is without sufficient information.

DATED:    New York, New York
            April 8, 2011

                            HINSHAW & CULBERTSON LLP

                            By: _____
                                Schuyler B. Kraus

                            780 Third Avenue
                            4th Floor
                            New York, NY 10017
                            212-471-6200

# EXHIBIT 3

To:    Ronald J. Kim
      Attorney for Debtor
      Bar Roll #511156
      Law Offices of Ronald J. Kim
      PO Box 318
      Saratoga Springs, NY 12866
      518-581-8416 Telephone
      518-583-9059 Facsimile
      Ron@ronaldkimlaw.com