# EXHIBIT 7

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: GEORGE S. BEVINS, | Index No.  10-12856 |
| Debtor | Chapter 13 |
| Address:   100 Starks Knob Road<br>Schuylerville, NY 12871 | |
| Last four digits of Social Security No. 3595 | |

## DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES RALI 2006QS18'S RESPONSE TO DEBTOR'S FIRST SET OF INTERROGATORIES

Deutsche Bank Trust Company Americas as Trustee for Mortgage Asset-Backed Pass-Through Certificates Series RALI 2006QS18 ("Secured Creditor"), through its attorneys, Hinshaw & Culbertson LLP, pursuant to Rules 33 of the Federal Rules of Civil Procedure and Rules 7033 of the Federal Rules of Bankruptcy Procedure, hereby objects and responds to Debtor George S. Bevins' First Set of Interrogatories as follows:

## GENERAL STATEMENT AND OBJECTIONS

1.      Debtor's First Set of Interrogatories are improper as they exceed the twenty-five (25) allowable written interrogatories under Rule 33 of the Federal Rules of Civil Procedure. Specifically, Rule 33 of the Federal Rules of Civil Procedure specifically states that "[U]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, *including* all discrete subparts."

# EXHIBIT 7

2.      By responding to any request, Secured Creditor does not concede the materiality of the subject to which it refers.  Secured Creditor's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

3.      Secured Creditor objects to any and all Interrogatories to the extent that they seek information concerning activities, policies, practices, information, or procedures of entities or persons other than Secured Creditor, whether a party to this action or otherwise, because such entities or persons are best able to provide Answers regarding their operations.  Answers will be provided for Secured Creditor only and will be based on information known and reasonably available to them or otherwise retrievable through reasonable efforts.

4.      The Answers to many of the Interrogatories can be derived or ascertained from Plaintiff's records and the burden of doing so is substantially the same for Secured Creditor. Accordingly, Secured Creditor will refer Plaintiff to documents where responsive information may be derived.

5.      Secured Creditor submits these Answers without conceding the necessity or materiality of the subject matter of any Interrogatory or any information provided in Answer thereto, and without prejudice to all objections to its use or to further production, or to its admissibility.

# EXHIBIT 7

6.     Secured Creditor objects to those Interrogatories that seek information that is neither relevant to this action nor material and necessary to the resolution of the issues in this case.

7.     Secured Creditor object to those Interrogatories that seek:

(a)     information that embodies or discloses confidential communications between Secured Creditor or their employees and their attorneys;

(b)     information that represents the work product of Secured Creditor's employees and/or attorneys or that otherwise reflects the mental impressions, conclusions, opinions, or legal theories of their attorneys or their agents; and/or

(c)     information that has been compiled in anticipation of litigation or for trial by or on behalf of Secured Creditor, their employees, or their attorneys.

8.     Secured Creditor objects to those Interrogatories that are duplicative, repetitive, or cumulative and as to which information may be obtained from another source that is more convenient, less burdensome, and less expensive.   Secured Creditor further objects to the Interrogatories to the extent that they seek information not in the possession, custody, or control of Secured Creditor, their employees, agents, and/or attorneys.

9.     Secured Creditor objects to each Interrogatory that is improper for one or more of the following reasons: (i) it is overbroad; (ii) it is impermissibly vague and non-specific; (iii) it is couched in sweeping and all-encompassing language that is disfavored by the Courts; (iv) compliance would be unduly burdensome to Secured Creditor, if not impossible; (v) it is not reasonably and appropriately restricted in temporal duration; (vi) it is not reasonably and appropriately restricted in scope to relevant subject mater; (vii) it does not sufficiently identify or particularize the specific information that is being sought; (viii) it is made without an adequate, proper or legally sufficient factual predicate; (ix) it seeks evidentiary information; and (x) it is otherwise beyond the scope of disclosure.

3

# EXHIBIT 7

10.     Secured Creditor's general and specific objections shall apply both to these Interrogatories and to all later interrogatories Secured Creditor's general and specific objections shall apply both to these Interrogatories and to all later interrogatories.

11.     Secured Creditor objects to each Interrogatory that attempts to impose upon Secured Creditor any obligations beyond those established by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of New York or by case law.

12.     The Answers are based on such information as is reasonably available to Secured Creditor and/or their representatives, and susceptible to retrieval through reasonable efforts, except to the extent such information is privileged or otherwise undiscoverable under the rules and case law pertaining to this arbitration. Secured Creditor expressly reserves their right to amend, revise, clarify, or supplement their Answers.

13.     These General Objections shall be deemed to be continuing throughout the Answers herein, even where not specifically stated These General Objections shall be deemed to be continuing throughout the Answers herein, even where not specifically stated.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR INTERROGATORIES

1.     Identify each individual person, officer, employee, agent, or other entity answering or providing any information used by defendant to respond to these interrogatories.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds:  it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or

# EXHIBIT 7

work product privilege. Subject to and without waiving said objections, Secured Creditor

identifies Judy Faber, Steve Naasz and attorneys for the Secured Creditor. Finally, Secured

Creditor reserves the right to supplement and/or amend this response up to and including the

time of trial.

2.     Identify and produce each document referred to or consulted by the persons
identified in your answer to the immediately preceding interrogatory in the course of responding
to these interrogatories, document requests and requests for admissions.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds: it is vague, ambiguous, premature, made

without an adequate, proper or legally sufficient factual predicate, to the extent it seeks

documents that are not relevant nor reasonably calculated to lead to the discovery of admissible

evidence, and to the extent that it seeks information that is protected by the attorney client and/or

work product privilege. Subject to and without waiving said objections, Secured Creditor refers

Debtor to documents bate stamped "DBGMAC 000001" through "DBGMAC 001758." Finally,

Secured Creditor reserves the right to supplement and/or amend this response up to and including

the time of trial.

3.     Identify all persons known to you who have personal knowledge of any facts or
issues referring, relating or concerning the debtor and/or the note and/or the mortgage.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds: it is vague, ambiguous, premature, made

without an adequate, proper or legally sufficient factual predicate, to the extent it seeks

documents that are not relevant nor reasonably calculated to lead to the discovery of admissible

evidence, and to the extent that it seeks information that is protected by the attorney client and/or

work product privilege. Subject to and without waiving said objections, Secured Creditor

# EXHIBIT 7

identifies Debtor, his attorneys and/or agents and Judy Faber and Steve Naasz may have

knowledge responsive to this Request.    Finally, Secured Creditor reserves the right to

supplement and/or amend this response up to and including the time of trial.

3.    Identify the person(s) involved in the underwriting of note and mortgage.[1]

**RESPONSE:**  Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, premature, made

without an adequate, proper or legally sufficient factual predicate, to the extent it seeks

documents that are not relevant nor reasonably calculated to lead to the discovery of admissible

evidence, and to the extent that it seeks information that is protected by the attorney client and/or

work product privilege.  Subject to and without waiving said objections, the Secured Creditor

refers Debtor to the documents bate stamped: "DBGMAC 000754;" "DBGMAC 000759 –

DBGMAC 000806;" "DBGMAC 000812 – DBGMAC 000819;" "DBGMAC 000824 –

DBGMAC 000827;"   "DBGMAC 000970 – DBGMAC 000971;" "DBGMAC 000984 –

DBGMAC 998;" "DBGMAC 1016"" and "DBGMAC 001135 – DBGMAC 001142."   Finally,

Secured Creditor reserves the right to supplement and/or amend this response up to and including

the time of trial.

4.    Identify any and all person(s)  known by you or believed by you to have had
physical possession of the original note, the original mortgage, or other document in the
collateral file, and/or legal file and/or investor file, and/or mortgage file.

---

[1] Please note that Debtor's First Set of Interrogatories are incorrectly numbered and contains two number "3."

# EXHIBIT 7

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, Secured Creditor identifies the original lender, Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.), Residential Funding Company, LLC, Deutsche Bank Trust Company Americas as Trustee for Mortgage Asset-Backed Pass-Through Certificates Series RALI 2006QS18 and their agents. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

5.    Identify all persons or entities known or believe by you to have participated in the securitization of the subject note and mortgage including but not limited to mortgage aggregators, mortgage brokers, financial institutions, structured investment vehicles, special purpose vehicles, Trustees, managers of derivative securities, managers of the company that issued any asset-back securities, underwriters, rating agencies, and credit enhancement providers.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bates stamped "DBGMAC 000001" through "DBGMAC 000751." Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

# EXHIBIT 7

6.    Identify all person(s) or entities that are entitled, directly or indirectly to the stream of revenue from the payments by the debtor on the note and mortgage.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds:  it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's Objection to Proof of Claim # 4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege.  Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bates stamped "DBGMAC 000001" through "DBGMAC 000751."  Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

7.    Identify the person(s) in custody of any document that identifies the loan servicer(s) of the note and mortgage.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds:  it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege.  Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 000001" through "DBGMAC 000751."  Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

8.    Identify any person(s) in custody of any document which refers or relates to any instruction or authority to enforce the note or mortgage.

# EXHIBIT 7

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 000001 -- DBGMAC 000751;" "DBGMAC 000808 – DBGMAC 000811;" "DBGMAC 000868 – DBGMAC 945;" "DBGMAC 000949 – DBGMAC 000963;" "DBGMAC 001641 – DBGMAC 001713" and "DBGMAC 001721 – DBGMAC 001748." Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

9.      Identify any and all persons who have or had personal knowledge of the note and mortgage transaction, underwriting of the note and mortgage transaction, securitization, sale, transfer, assignment or hypothecation of the note and mortgage, or the decision to enforce the note or mortgage.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 000001 -- DBGMAC 000751;" "DBGMAC 000754;" "DBGMAC 000759 – DBGMAC 000806;" "DBGMAC 000808 – DBGMAC 000811;" "DBGMAC 000812 – DBGMAC 000819;" "DBGMAC 000824 – DBGMAC

# EXHIBIT 7

000827;" "DBGMAC 000868 – DBGMAC 945;"  "DBGMAC 000949 – DBGMAC 000963;"

"DBGMAC 000970 – DBGMAC 000971;" "DBGMAC 000984 – DBGMAC 998;" "DBGMAC

1135 – "DBGMAC 1142;" "DBGMAC 001328 – DBGMAC 001329"  "DBGMAC 001353 –

DBGMAC 001462" "DBGMAC 001641 – DBGMAC 001713" and "DBGMAC 001721 –

DBGMAC 001748."  Finally, Secured Creditor reserves the right to supplement and/or amend

this response up to and including the time of trial.

     10.    Explain fully the employment history from October 2006 and continuing to the
present of Judy Faber.

    **RESPONSE:**  Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, premature, made

without an adequate, proper or legally sufficient factual predicate, to the extent it seeks

documents that are not relevant nor reasonably calculated to lead to the discovery of admissible

evidence as it relates to Debtor's Objection to Proof of Claim #4, and to the extent that it seeks

information that is protected by the attorney client and/or work product privilege.  Subject to and

without waiving said objections, Secured Creditor states that Judy Faber has been employed by

Residential Funding Company, LLC from on or about 1997 and by GMAC from on or about

2008 through present.  Finally, Secured Creditor reserves the right to supplement and/or amend

this response up to and including the time of trial.

     11.    Explain fully the employment history from October 2006 and continuing to the
present of Nancy Figy.

    **RESPONSE:**  Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, premature, made

without an adequate, proper or legally sufficient factual predicate, to the extent it seeks

documents that are not relevant nor reasonably calculated to lead to the discovery of admissible

# EXHIBIT 7

evidence as it relates Debtor's Objection to Proof of Claim # 4, and to the extent that it seeks

information that is protected by the attorney client and/or work product privilege.  Finally,

Secured Creditor reserves the right to supplement and/or amend this response up to and including

the time of trial.

12.    Explain fully the employment history from October 2006 and continuing to the
present of Epliniki Bechakas.

**RESPONSE:**  Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, premature, made

without an adequate, proper or legally sufficient factual predicate, to the extent it seeks

documents that are not relevant nor reasonably calculated to lead to the discovery of admissible

evidence, and to the extent that it seeks information that is protected by the attorney client and/or

work product privilege.  Subject to and without waiving said objections, Secured Creditor states

that the information sought in this request is not within its knowledge and it is not in possession

of documents responsive to this Request.    Finally, Secured Creditor reserves the right to

supplement and/or amend this response up to and including the time of trial.

13.    Identify and explain fully the date on which the Originator sold the note and
mortgage to the Sponsor and Master Servicer, in your answer identify all persons involved in this
sale and all documents that evidence, refer or relate to this sale.

**RESPONSE:**  Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, premature, made

without an adequate, proper or legally sufficient factual predicate, to the extent it seeks

documents that are not relevant nor reasonably calculated to lead to the discovery of admissible

evidence, and to the extent that it seeks information that is protected by the attorney client and/or

work product privilege.  Subject to and without waiving said objections, Secured Creditor refers

# EXHIBIT 7

Debtor to the documents bate stamped "DBGMAC 000001 -- DBGMAC 000751." Finally,

Secured Creditor reserves the right to supplement and/or amend this response up to and including

the time of trial.

14.    Identify and explain fully the date on which the Sponsor and Master Servicer sold
the note and mortgage to the Depositor, in your answer identify all persons involved in this sale
and all documents that evidence, refer or relate to this sale.

**RESPONSE:**  Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, premature, made

without an adequate, proper or legally sufficient factual predicate, to the extent it seeks

documents that are not relevant nor reasonably calculated to lead to the discovery of admissible

evidence, and to the extent that it seeks information that is protected by the attorney client and/or

work product privilege.  Subject to and without waiving said objections, Secured Creditor refers

Debtor to the documents bate stamped "DBGMAC 000001 -- DBGMAC 000751."  Finally,

Secured Creditor reserves the right to supplement and/or amend this response up to and including

the time of trial.

15.    Identify and explain fully the date on which the Depositor sold the note and
mortgage to the Trust, in your answer identify all persons involved in this sale and all documents
that evidence, refer or relate to this sale.

**RESPONSE:**  Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, premature, made

without an adequate, proper or legally sufficient factual predicate, to the extent it seeks

documents that are not relevant nor reasonably calculated to lead to the discovery of admissible

evidence, and to the extent that it seeks information that is protected by the attorney client and/or

work product privilege.  Subject to and without waiving said objections, Secured Creditor refers

Debtor to the documents bate stamped "DBGMAC 000001 -- DBGMAC 000751."  Finally,

# EXHIBIT 7

Secured Creditor reserves the right to supplement and/or amend this response up to and including

the time of trial.

16.    Identify all servicers, master servicers, subservicers and specialty servicers of the
note and mortgage from October 2006 and continuing to the present, in your answer identify all
documents that evidence, refer or relate to the authority of that servicer to service the note and
mortgage.

**RESPONSE:**  Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, premature, made

without an adequate, proper or legally sufficient factual predicate, to the extent it seeks

documents that are not relevant nor reasonably calculated to lead to the discovery of admissible

evidence, and to the extent that it seeks information that is protected by the attorney client and/or

work product privilege.    Subject to and without waiving said objections, Secured Creditor

identifies, upon information and belief, Residential Funding Company, LLC, Homecomings

Financial, LLC (f/k/a Homecomings Financial Network, LLC) and GMAC as servicers, master

servicers and/or subservicers.    Secured Creditor further refers Debtor to the documents bate

stamped "DBGMAC 000001 -- DBGMAC 000751."  Finally, Secured Creditor reserves the right

to supplement and/or amend this response up to and including the time of trial.

17.    Explain fully each and every form of compensation, fee, commission, payment,
rebate or other financial consideration paid to the Originator by the Sponsor and Master Servicer
for handling, processing, originating or administering this note and mortgage.

**RESPONSE:**  Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, premature, made

without an adequate, proper or legally sufficient factual predicate, to the extent it seeks

documents that are not relevant nor reasonably calculated to lead to the discovery of admissible

evidence as it relates to Debtor's Objection to Proof of Claim #4, and to the extent that it seeks

# EXHIBIT 7

information that is protected by the attorney client and/or work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

18.    Identify any party, person or entity known or suspected by you who may posses or claim rights under the note and mortgage.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

19.    Identify the auditor and/or accountant of your financial statements or tax returns.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

20.    Identify any attorney with whom you consulted or who rendered an opinion regarding the note and mortgage.

# EXHIBIT 7

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

21. Explain fully whether an investor/certificate holder approved or authorized foreclosure proceedings on note and mortgage.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 000001 -- DBGMAC 000751." Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

22. Identify all current and past employees of the following entities from October 2006 to the present who had knowledge, responsibility, or otherwise made or received reports referring or relating to the note and mortgage:

     a. GMAC
     b. Homecoming
     c. RFC
     d. RALI, Inc.
     e. Trust
     f. Trustee

# EXHIBIT 7

g.  WFB
h.  Steven J. Baum, P.C.
i.  Frontier Abstract and Research Services, Inc.
j.  Originator
k.  Sponsor and Master Servicer
l.  Depositor
m. Custodian

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds:  it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege.  Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

23.    Identify all persons present at the closing of the note and mortgage.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds:  it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege.  Subject to and without waiving said objections, Secured Creditor states that the information sought in the Request is not within its knowledge.  Further, this Request calls for information in Debtor's possession.  Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

# EXHIBIT 7

Dated: New York, New York
       April 7, 2011

HINSHAW & CULBERTSON LLP

By: _____
       Schuyler B. Kraus

780 Third Avenue, 4th Floor
New York, NY 10017
212-471-6200

# EXHIBIT 7

## VERIFICATION

STATE OF MINNESOTA      )
                               ) ss:

COUNTY OF HENNEPIN     )

      JUDY FABER, being duly sworn, depose s and states:

      I am a Records Services Manager and a Limited Signing Officer for GMAC Mortgage, LLC and a Director for Residential Funding Company, LLC, the attorney-in-fact for Deutsche Bank Trust Company Americas as Trustee for the Mortgage Asset-Backed Pass-Through Certificates Series 2006-QS18 Trust. I have read the foregoing Verified Responses to Debtor George S. Bevins' Demand for Interrogatories served on Deutsche Bank Trust Company Americas as Trustee for the Mortgage Asset-Backed Pass-Through Certificates Series 2006-QS18 Trust, know the contents thereof and the same are true based on my review of documents in GMAC Mortgage, LLC's and Residential Funding Company, LLC's control, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true based on my review of said documents.

                                _Judy Faber_
                                Judy Faber

SUBSCRIBED and SWORN to
before me this __8th__ day of April, 2011.

_____
Notary Public

LISA A. MAGNUSON
Notary Public-Minnesota
My Commission Expires Jan 31, 2015