# EXHIBIT EIGHT

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In Re: GEORGE S. BEVINS,

                Debtor

Index No.  10-12856

Chapter 13

Address:   100 Starks Knob Road
              Schuylerville, NY 12871

Last four digits of Social Security No. 3595

## DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES RALI 2006QS18'S RESPONSE TO DEBTOR'S DOCUMENT REQUESTS

      Deutsche Bank Trust Company Americas as Trustee for Mortgage Asset-Backed Pass-Through Certificates Series RALI 2006QS18 ("Secured Creditor"), through its attorneys, Hinshaw & Culbertson LLP, pursuant to Rules 34 of the Federal Rules of Civil Procedure and Rules 7034 of the Federal Rules of Bankruptcy Procedure, hereby objects and responds to Debtor George S. Bevins' Document Requests, as follows:

### GENERAL STATEMENT AND OBJECTIONS

      1.     By responding to any request, Secured Creditor does not concede the materiality of the subject to which it refers.  Secured Creditor's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

# EXHIBIT EIGHT

2.      Secured Creditor objects to these Document Requests to the extent that they

demand documents and/or information that are protected by the attorney-client or work product

privileges, or which constitute material prepared for litigation purposes.

3.      Inadvertent production of any document or information that is privileged, was

prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute

a waiver of any privilege or of another ground for objecting to discovery with respect to that

document or any other document, or its subject matter, or the information contained therein, or of

Secured Creditor's right to object to the use of any such document or the information contained

therein during any proceeding in this litigation or otherwise.

4.      Secured Creditor objects to these Document Requests, in their entirety, to the

extent that they invoke obligations beyond those required by the Federal Rules of Civil

Procedure and the Federal Rules of Bankruptcy Procedure.

5.      Secured Creditor is continuing to search for information responsive to debtor's

requests and therefore reserve the right to supplement their responses to each request with

additional information, if and when such information becomes available to Secured Creditor's

counsel.  Secured Creditor also reserves the right to object to the future disclosure of any such

information.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

1.      Provide the original Note, Mortgage, Riders, HUD-1 Settlement Statement,
Notice of Right to Cancel, Truth in Lending Disclosure Statement and all other documents
executed by the debtor at the closing.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome,

premature, made without an adequate, proper or legally sufficient factual predicate, to the extent

# EXHIBIT EIGHT

it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 0001310 – DBGMAC 1631" and "DBGMAC 001641 – DBGMAC 1713."[*]  Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

2.      Provide the original collateral file referring or relating to the debtor.

**RESPONSE:**  Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege.  Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 001641" through "DBGMAC 001713."[*]  Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

3.      Provide the original legal file referring or relating to the debtor.

---------------------------

[*] **The Origination and Collateral Files, including the Original Note and Mortgage are available for inspection at the offices of Hinshaw & Culbertson LLP.**

3

# EXHIBIT EIGHT

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 001641" through "DBGMAC 001713."* Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

4. Provide the original investor file referring or relating to the debtor.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 001641" through "DBGMAC 001713."* Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

5. Provide the original mortgage file referring or relating to the debtor.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, premature, made

4

# EXHIBIT EIGHT

without an adequate, proper or legally sufficient factual predicate, to the extent it seeks

documents that are not relevant nor reasonably calculated to lead to the discovery of admissible

evidence, and to the extent that it seeks information that is protected by the attorney client and/or

work product privilege. Subject to and without waiving said objections, Secured Creditor refers

Debtor to the documents bate stamped "DBGMAC 0001310 – DBGMAC 1631" and

"DBGMAC 001641" through "DBGMAC 001713."*    Finally, Secured Creditor reserves the

right to supplement and/or amend this response up to and including the time of trial.

6.    Provide all copies, including digital and/or computer copies, of the original Note, Mortgage, Riders, HUD-1 Settlement Statement, Notice of Right to Cancel, Truth in Lending Disclosure Statement, and all other documents executed by the Debtor at the closing.

**RESPONSE:**  Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome,

premature, made without an adequate, proper or legally sufficient factual predicate, to the extent

it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of

admissible evidence, and to the extent that it seeks information that is protected by the attorney

client and/or work product privilege.  Subject to and without waiving said objections, Secured

Creditor refers Debtor to the documents bate stamped "DBGMAC 000821 – DBGMAC 000963"

and "DBGMAC 000999 – DBGMAC 001086;" "DBGMAC 001215 – DBGMAC 001219;"

"DBGMAC 001310 – DBGMAC 001631;" "DBGMAC 001641 – DBGMAC 001713."*

Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and

including the time of trial.

7.    Provide all copies of the original mortgage note executed at the time of the closing, including copies of all additions, deletions and changes made after the note was executed.

# EXHIBIT EIGHT

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 000868 – DBGMAC 000945;" "DBGMAC 000949 – DBGMAC 000963;" "DBGMAC 001476 – DBGMAC 001479;" "DBGMAC 001480 – DBGMAC 1483;" "DBGMAC 001642 – DBGMAC 001645;" "DBGMAC 001648 – DBGMAC 1684."*    Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

8.    Provide all documents, including digital and/or computer documents, relating to the transfer and assignment of the note and Mortgage from the Originator to the Sponsor and Master Servicer.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 000001" through "DBGMAC 000751;" "DBGMAC 000808 – DBGMAC 000811;" "DBGMAC 000949 – DBGMAC 00963;" "DBGMAC 001476 – DBGMAC 001479;"

# EXHIBIT EIGHT

"DBGMAC 001642 – DBGMAC 001645."* Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

9.      Provide all documents, including digital and/or computer documents, relating to the transfer and assignment of the Note and Mortgage from the Sponsor and Master Servicer to the Depositor.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege.  Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 000001" through "DBGMAC 000751;" "DBGMAC 000808 – DBGMAC 000811;" "DBGMAC 000949 – DBGMAC 00963;" "DBGMAC 001476 – DBGMAC 001479;" "DBGMAC 001642 – DBGMAC 001645;" "DBGMAC 001721 – DBGMAC 001748." Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

10.      Provide all documents, including digital and/or computer documents, relating to the transfer and assignment of the Note and Mortgage from the Depositor to the Trust.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it

7

# EXHIBIT EIGHT

seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 000001" through "DBGMAC 000751;" "DBGMAC 000808 – DBGMAC 000811;" "DBGMAC 000949 – DBGMAC 00963;" "DBGMAC 001476 – DBGMAC 001479;" "DBGMAC 001642 – DBGMAC 001645;" "DBGMAC 001721 – DBGMAC 001748." Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

11.    Provide all documents, including digital and/or computer documents and any and all signed delivery and transfer receipts, referring or relating to the endorsement and delivery of the mortgage note from the Originator to the Sponsor and Master Servicer.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds:  it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 000001" through "DBGMAC 000751;" "DBGMAC 000808 – DBGMAC 000811;" "DBGMAC 000949 – DBGMAC 00963;" "DBGMAC 001476 – DBGMAC 001479;" "DBGMAC 001642 – DBGMAC 001645;" "DBGMAC 001721 – DBGMAC 001748." Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

12.    Provide all documents, including digital and/or computer documents and any and all signed delivery and transfer receipts, referring or relating to the endorsement and delivery of the mortgage note from the Sponsor and Master Servicer to the Depositor.

8

# EXHIBIT EIGHT

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 000001" through "DBGMAC 000751;" "DBGMAC 000808 – DBGMAC 000811;" "DBGMAC 000949 – DBGMAC 00963;" "DBGMAC 001476 – DBGMAC 001479;" "DBGMAC 001642 – DBGMAC 001645;" "DBGMAC 001721 – DBGMAC 001748." Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

13.     Provide all documents, including digital and/or computer documents and any and all signed delivery and transfer receipts, referring or relating to the endorsement and delivery of the mortgage note from the Depositor to the Trust.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 000001 -- DBGMAC 000751" and "DBGMAC 001721 – DBGMAC

9

# EXHIBIT EIGHT

001748." Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

14.     Provide all documents referring or relating to the Swap Administration Agreement.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

15.     Provide all documents referring or relating to the Swap Account.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

16.     Provide all written acknowledgements for the receipt of all documents, including digital and/or computer documents, executed by the Trustee for the Trust.

10

# EXHIBIT EIGHT

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

17.    Provide all endorsements to the original note, including all such endorsements from the date of origination to the date of production.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 001646" through "DBGMAC 001649." Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

18.    Provide all allonges to the original note.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent

11

# EXHIBIT EIGHT

it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, Secured Creditor states that there are no allonges to the note. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

19. Provide a completely executed copy of the Trust's Pooling and Servicing Agreement.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 000001" through "DBGMAC 000751." Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

20. Provide all documents, including digital and/or computer documents, referring or relating to the Trust's Pooling and Servicing Agreement.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney

12

# EXHIBIT EIGHT

client and/or work product privilege. Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 000001" through "DBGMAC 000751." Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

21.    Provide all Powers of Attorney for any person signing any of the documents requested herein.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 001749" through "DBGMAC 001758." Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

22.    Provide all documents that purport to grant authority to any person to sign any of the documents referred to herein.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, Secured

# EXHIBIT EIGHT

Creditor refers Debtor to the documents bate stamped "DBGMAC 000001 – DBGMAC 00751"

and "DBGMAC 001749 – "DBGMAC 001758." Finally, Secured Creditor reserves the right to

supplement and/or amend this response up to and including the time of trial.

23.    Provide the notary registration book for any public notary who certified the signature of any person on any documents referred to herein.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome,

not within Secured Creditor's possession, premature, made without an adequate, proper or

legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor

reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it

seeks information that is protected by the attorney client and/or work product privilege.  Subject

to and without waiving said objections, Secured Creditor is not in possession of documents

responsive to this Request.  Finally, Secured Creditor reserves the right to supplement and/or

amend this response up to and including the time of trial.

24.    Provide the original Mortgage.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome,

duplicative, premature, made without an adequate, proper or legally sufficient factual predicate,

to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the

discovery of admissible evidence, and to the extent that it seeks information that is protected by

the attorney client and/or work product privilege.   Subject to and without waiving said

objections, Secured Creditor refers Debtor to copies of the original Mortgage bate stamped

"DBGMAC 000868 -- DBGMAC 000945" and "DBGMAC 001648 – DBGMAC 001684."*

14

# EXHIBIT EIGHT

Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

25. Provide all documents, including digital and/or computer documents, referring or relating to the original mortgage.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, duplicative, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 000001" through "DBGMAC 001748." Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

26. Provide the original Assignment of the Mortgage.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, duplicative, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Subject to and without waiving said objections, Secured Creditor refers Debtor to copies of the original Assignment of Mortgage bate stamped "DBGMAC 001646" through "DBGMAC 001647."* Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

15

# EXHIBIT EIGHT

27.    Provide all documents, including digital and/or computer documents, referring or relating to the original Assignment of Mortgage.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome, duplicative, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege.    Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 001646" through "DBGMAC 001647."*    Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

28.    Provide all documents that support, tend to support or document a complete chain of assignments of the mortgage.

**RESPONSE:**  Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome, duplicative, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege.    Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 000001 – DBGMAC 000751;" "DBGMAC 000808 – DBGMAC 000811;" "DBGMAC 000868 – DBGMAC 00963;" "DBGMAC 001476 – DBGMAC 001479;" "DBGMAC 001642 – DBGMAC 001684;" "DBGMAC 001721 – DBGMAC 001748."    Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

16

# EXHIBIT EIGHT

29.    Provide all documents that support, tend to support of document a complete chain of endorsements of the original note.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome, duplicative, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege.   Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 000949 – DBGMAC 000963" and "DBGMAC 001642 -- DBGMAC 001645."* Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

30.    Provide a copy of the lender's title insurance policy for the mortgage loan including all endorsements or riders which were issued with or subsequent to the issuance of such policy.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege.  Subject to and without waiving said objections, Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 000828 – DBGMAC 000832;" "DBGMAC 001220 – DBGMAC 1267;" "DBGMAC 001572 – DBGMAC 001581;"  "DBGMAC 001330;" "DBGMAC 001486 –

# EXHIBIT EIGHT

DBGMAC 001487;" and "DBGMAC 1685 – DBGMAC 1707." Finally, Secured Creditor

reserves the right to supplement and/or amend this response up to and including the time of trial.

31.     Provide all written commitments or uniform binders or preliminary reports of title issued by any title insurance or escrow company with respect to the mortgage.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome,

not within Secured Creditor's possession, premature, made without an adequate, proper or

legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor

reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it

seeks information that is protected by the attorney client and/or work product privilege. Subject

to and without waiving said objections, Secured Creditor refers Debtor to the documents bate

stamped "DBGMAC 000828 – DBGMAC 000832;" "DBGMAC 001220 – DBGMAC 1267;"

"DBGMAC 001572 – DBGMAC 001581;"  "DBGMAC 001330;" "DBGMAC 001486 –

DBGMAC 001487;" and "DBGMAC 1685 – DBGMAC 1707." Finally, Secured Creditor

reserves the right to supplement and/or amend this response up to and including the time of trial.

32.     Provide all documents or records maintained by the Custodian and referring or relating to the debtor.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome,

premature, made without an adequate, proper or legally sufficient factual predicate, to the extent

it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of

admissible evidence, and to the extent that it seeks information that is protected by the attorney

client and/or work product privilege. Subject to and without waiving said objections, Secured

# EXHIBIT EIGHT

Creditor refers Debtor to the documents bate stamped "DBGMAC 001721" through "DBGMAC 001748." Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

33.    Provide all documents referring or relating to any attorney's opinion of title or similar guarantee of title acceptable to mortgage lenders generally in this jurisdiction and related to this mortgage.

**RESPONSE:**  Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege.  Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

34.    Provide all Pool Insurance contracts issued to cover any grade of bonds issued by or for the bond holders.

**RESPONSE:**  Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege.  Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

19

# EXHIBIT EIGHT

35.     Provide all swap agreements between the Trust and any third-party that purports to cover any losses suffered by any bond holder of an investment bond issued for or on behalf of the Trust.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome,

not within Secured Creditor's possession, premature, made without an adequate, proper or

legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor

reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's

Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the

attorney client and/or work product privilege.  Finally, Secured Creditor reserves the right to

supplement and/or amend this response up to and including the time of trial.


36.     Provide any and all documents referred to herein that have been executed by the Master Servicer in its capacity as Seller

**RESPONSE:**  Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome,

not within Secured Creditor's possession, premature, made without an adequate, proper or

legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor

reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's

Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the

attorney client and/or work product privilege.  Finally, Secured Creditor reserves the right to

supplement and/or amend this response up to and including the time of trial.

37.     Provide any rating agency opinion referring or relating to the real property law and/or regulations and the assignment of a deed of trust or mortgage to the Trust.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome,

20

# EXHIBIT EIGHT

not within Secured Creditor's possession, premature, made without an adequate, proper or

legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor

reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's

Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the

attorney client and/or work product privilege.  Finally, Secured Creditor reserves the right to

supplement and/or amend this response up to and including the time of trial.

38.     Provide all written rules, regulations or procedures referring or relating to the
assignments of a deed of trust or mortgage to the Trust.

**RESPONSE:**  Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome,

not within Secured Creditor's possession, premature, made without an adequate, proper or

legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor

reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's

Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the

attorney client and/or work product privilege.  Finally, Secured Creditor reserves the right to

supplement and/or amend this response up to and including the time of trial.

39.     Provide all written rules, regulations or procedures referring or relating to the
possibility of the Originator filing a bankruptcy petition.

**RESPONSE:**  Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome,

not within Secured Creditor's possession, premature, made without an adequate, proper or

legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor

reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's

# EXHIBIT EIGHT

Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

      40.    Provide all written rules, regulations or procedures referring or relating to the possibility of the Depositor filing a bankruptcy petition.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

      41.    Provide all rating agency opinions referring or relating to the sale and/or transfer of the mortgage loans from the Originator to the Sponsor and Master Servicer.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects to this request on the following specific grounds: it is vague, ambiguous, unduly burdensome, not within Secured Creditor's possession, premature, made without an adequate, proper or legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's Objection to Proof of Claim # 4, and to the extent that it seeks information that is protected by the attorney client and/or work product privilege. Finally, Secured Creditor reserves the right to supplement and/or amend this response up to and including the time of trial.

22

# EXHIBIT EIGHT

42.     Provide all rating agency opinions referring or relating to the sale and/or transfer of the mortgage loans from the Sponsor and Master Servicer to the Depositor.

**RESPONSE:** Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome,

not within Secured Creditor's possession, premature, made without an adequate, proper or

legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor

reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's

Objection to Proof of Claim # 4, and to the extent that it seeks information that is protected by

the attorney client and/or work product privilege.  Finally, Secured Creditor reserves the right to

supplement and/or amend this response up to and including the time of trial.

43.     Provide all rating agency opinions referring or relating to the sale and/or transfer of the mortgage loans from the Depositor to the Trust.

**RESPONSE:**  Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome,

not within Secured Creditor's possession, premature, made without an adequate, proper or

legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor

reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's

Objection to Proof of Claim # 4, and to the extent that it seeks information that is protected by

the attorney client and/or work product privilege.  Finally, Secured Creditor reserves the right to

supplement and/or amend this response up to and including the time of trial.

44.     Provide all reports issued by any and all rating agencies for the Trust.

**RESPONSE:** Beyond the General Objections set forth above,  Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome,

23

# EXHIBIT EIGHT

not within Secured Creditor's possession, premature, made without an adequate, proper or

legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor

reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's

Objection to Proof of Claim # 4, and to the extent that it seeks information that is protected by

the attorney client and/or work product privilege.  Finally, Secured Creditor reserves the right to

supplement and/or amend this response up to and including the time of trial.

45.   Provide all written contracts and agreements with any third party providers for the creation and preparation of any documents related to the creation and consummation of the Trust.

**RESPONSE:**  Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome,

not within Secured Creditor's possession, premature, made without an adequate, proper or

legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor

reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's

Objection to Proof of Claim # 4, and to the extent that it seeks information that is protected by

the attorney client and/or work product privilege.  Finally, Secured Creditor reserves the right to

supplement and/or amend this response up to and including the time of trial.

46.   Provide all documents referring or relating to the flow of funds for the debtor's mortgage loan, prior to and after the closing of the mortgage loan.  (Flow of funds, means any record of money received, any record of money paid out and any bookkeeping or accounting entry, general ledger and accounting treatment of the subject loan transaction by you.)

**RESPONSE:**  Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome,

not within Secured Creditor's possession, premature, made without an adequate, proper or

legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor

# EXHIBIT EIGHT

reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's

Objection to Proof of Claim #4, and to the extent that it seeks information that is protected by the

attorney client and/or work product privilege.  Subject to and without waiving said objections,

Secured Creditor refers Debtor to the documents bate stamped "DBGMAC 000001 – DBGMAC

000751" and "DBGMAC 001632 – DBGMAC 001640."  Finally, Secured Creditor reserves the

right to supplement and/or amend this response up to and including the time of trial.


47.     Provide the legal opinion that Counsel Vincent Doyle referred to during the
January 13, 2011, hearing before Judge Littlefield referring or relating to an ethics opinion
rendered in 2009 to the law firm of Steven J. Baum, P.C.

**RESPONSE:**  Beyond the General Objections set forth above, Secured Creditor objects

to this request on the following specific grounds:  it is vague, ambiguous, unduly burdensome,

not within Secured Creditor's possession, premature, made without an adequate, proper or

legally sufficient factual predicate, to the extent it seeks documents that are not relevant nor

reasonably calculated to lead to the discovery of admissible evidence as it relates to Debtor's

Objection to Proof of Claim # 4, and to the extent that it seeks information that is protected by

the attorney client and/or work product privilege.  Further, the information requested in this

Request in not within Secured Creditor's possession.  Finally, Secured Creditor reserves the right

to supplement and/or amend this response up to and including the time of trial.


DATED:      New York, New York            HINSHAW & CULBERTSON LLP
            April 8, 2011

                                          By:  _____
                                               Schuyler B. Kraus

                                          780 Third Avenue, 4th Floor
                                          New York, NY 10017
                                          212-417-6204