UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

_____
                                                                )
In Re: George S. Bevins                                         )
                                                                )       Case No.: 10-12856
                                            Debtor(s)           )       Chapter 13
Address:      100 Starks Knob Road                              )
              Schuylerville, NY 12871                           )
                                                                )
Last four digits of Social Security No.(s).: 3595               )
_____)

STATE OF NEW YORK          )
COUNTY OF SARATOGA         ) ss.:

RONALD J. KIM, being duly sworn, deposes and says:

1) I am admitted to practice law in the Northern District of New York and I am the attorney of record for plaintiff, George S. Bevins ("Debtor") in his Chapter 13 bankruptcy.

2) As Debtor's attorney, I am familiar with the facts and circumstances surrounding his Chapter 13 petition and the instant objection to GMAC Mortgage LLC's ("GMAC") Proof of Claim filed allegedly on behalf of Deutsche Bank Trust Company Americas ("Deutsche") as Trustee for RALI 2006QSl8 ("RALI Trust") (collectively "claimants") and Motion for Sanctions against the filing attorney, Steven J. Baum, P.C. ("Baum Firm")

3) I make this affirmation in opposition to the motion to quash filed by Elpiniki M. Bechakas, Esq., ("Bechakas") an attorney affiliated with the Baum Firm, who executed an assignment of mortgage in her alleged capacity as Assistant Secretary and Vice President of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Homecomings Financial Network, LLC, and in accordance with the Bankruptcy Code ("Code") and the Federal Rules of Bankruptcy Procedure ("Rules.")

### RELEVANT FACTS AND PROCEDURAL HISTORY

4) On July 30, 2010, Debtor filed a petition for Chapter 13 bankruptcy relief. See CM/ECF of the Northern District of New York at Docket #1 (hereinafter: "CM/ECF".)

5) On August 26, 2010, GMAC/Deutsche filed a proof of claim ("Claim #4") which was signed by its attorney of record, Michelle C. Marans, Esq., ("Marans") of the Baum Firm. See CM/ECF Claims Register of the Northern District of New York at #4 ("Claims Register.")

6) To substantiate Claim #4, GMAC/Deutsche, via the Baum Firm, attached a Note, Mortgage and Assignment of Mortgage. Id.

7) The note that is attached to Claim #4 has no apparent indorsements.  <u>Id.</u>

8) The Assignment of Mortgage that is attached to Claim #4 purports to assign the mortgage from MERS as nominee for Homecomings Financial Network, LLC to Deutsche and is purportedly executed by Bechakas as "Assistant Secretary and Vice President of MERS."  <u>Id.</u>

9) Nowhere on the assignment of mortgage does it identify that Bechakas is an attorney affiliated with the Baum Firm.  <u>Id.</u>

10) On August 31, 2010, GMAC filed an Objection to Confirmation of Plan via Marans of the Baum Firm.  <u>CM/ECF at Docket #12.</u>

11) On November 17, 2010, Debtor filed a Response to the Objection to Confirmation of Plan and Objection to the Proof of Claim ("Debtor's Objection to POC") seeking to:  1) expunge Claim #4 in full; 2) confirm the debtor's plan; 3) deny the instant objection to confirmation by GMAC/Deutsche; and 4) issue sanctions against GMAC/Deutsche and the Baum Firm for fraud on this Court.   <u>CM/ECF at Docket #21 & 22.</u>

12) The basis of Debtor's Objection to POC is that GMAC does not have standing to file the proof of claim nor the objection to confirmation and that the Baum Firm failed to disclose to this Court that Bechakas was and is an attorney affiliated with its firm, despite prior concerns expressed by at least two other courts and the United States Trustee regarding this dual identity.   <u>Id  at ¶.17-35.</u>

13) On January 5, 2011, the Baum firm filed a Memorandum of Law ("Baum Memo of Law") in response to Debtor's Objection to POC.   <u>CM/ECF at Docket #28.</u>

14) In the Baum Memo of Law it is specifically stated several times that neither Bechakas nor Baum have an attorney client relationship with MERS.   <u>Id. at pg 1, 4, 5, 6, & 7.</u>

15) On January 6, 2011, the Assistant United States Trustee filed a Response to the Debtor's Objection to POC ("Trustee Response") stating:  "Based on the documents in the record, neither GMAC nor Deutsche Bank have demonstrated that they have standing to file the proof of claim or to object to confirmation."  <u>CM/ECF at Docket 29.</u>

16) On January 10, 2011, Deutsche and GMAC, via its new attorney of record, Schuyler B. Kraus filed a Response to Debtor's Objection to Proof of Claim.  <u>CM/ECF at Docket 31</u>

17) Also filed with this Response was the Affidavit of Judy Faber and several exhibits, including a Note and Mortgage.  <u>CM/ECF at Docket 31, Exhibit 1.</u>

18) Significantly, the Note that was filed with the original Claim #4 and the Note filed with the Affidavit of Judy Faber were and are different.   The Note filed with the Affidavit of Judy Faber includes several indorsements that did not appear on the Note filed with Claim #4. <u>Compare Claims Register #4 with CM/ECF at Docket 31, Exhibit 1.</u>

19) On September 6, 2011, the debtor served a subpoena duces tecum on Bechakas.  See Exhibit "A"  attached to the Declaration of Vincent E. Doyle III

### DEBTOR SEEKS TO DISCOVER RELEVANT INFORMATION FROM THE FACTUAL WITNESS, BECHAKAS AND WILL NOT INVADE THE ATTORNEY CLIENT PRIVILEGE SINCE IT DOES NOT EXIST

20) Federal Rules of Bankruptcy Procedure 7026(b)(1) provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…" Bank. R. Civ. P. 26(b)(1) (hereinafter "Rules.")

21) Relevance under the identical Fed R. Civ. P 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." See *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

22) There is *nothing* in the Rules that precludes the deposition of Bechakas merely because she also happens to be an attorney or legal counsel.  See Rule 30(a): "A party may, by oral questions, depose *any person…"*  (emphasis added.)

23) When considering whether an attorney should be deposed, the test in the Second Circuit is the "totality of circumstances" test articulated in *In Re: Subpoena Issued to Dennis Friedman*, 350 F. 3d 65, 71-72 (2nd Cir. 2003.)

24) This test correctly balances the competing discovery concerns of allowing access to discoverable information, while protecting the attorney's thoughts and communications with his/her client.

25) As the Friedman court held: "The standards set forth in Rule 26 require a flexible approach to lawyer's depositions whereby the judicial officer supervising discovery takes into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an appropriate burden or hardship."  Id.

26) The relevant factors "include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted."  Id.

27) In this case, the Debtor must depose Bechakas.  She is the alleged signatory of the assignment of mortgage that purports to transfer the mortgage from the originator, Homecomings Financial, LLC to the alleged holder and owner, Deutsche.

28) Assuming for the moment that the assignment of mortgage executed by Bechakas on behalf of MERS as nominee for Homecomings Financial, LLC was effective, it was so because it was an act of a corporate officer (Assistant Secretary and Vice President) not as an attorney.

29) How does the attorney-client privilege apply to this assignment?

30) Bechakas is clearly and irrefutably a critical fact witness in the transfer of the mortgage to the claimants which is one factor in determining whether said claimants have standing to file the proof of claim and objection to confirmation.

31)  Who but Bechakas does the debtor depose to determine if the assignment of mortgage was properly executed?

32) Who but Bechakas does the debtor depose to determine what if any authorization and/or authority she had to complete this assignment?

33) These factual inquiries are directly tied to the claims that the debtor asserts and he is entitled to discovery regarding the context and content of all communications, conversations and actions referring or relating to Bechakas' execution of the mortgage assignment and whether her failure to disclose her dual relationship as a MERS Vice President and attorney with the Baum Firm is a sanctionable fraud on the Court.

34) As to the risk that a deposition of Bechakas will result in encountering attorney work product or the privilege, there is no risk of this at all.

35) Over several briefs and submissions, GMAC and Deutsche's attorneys have repeated over and over again that Bechakas did not have an attorney-client relationship with MERS, so it is very clear that there is no danger that this will present a problem.  CM/ECF at Docket #28 at pg 1, 4, 5, 6, & 7.

36) Finally, Bechakas' reference to a case in Florida where "a similar issue arose…" is misleading.   While it may be true that in *BAC Home Loans Servicing v. Galan* the Judge granted a protective order for the managing attorney, Patricia Arango, this is not binding precedent.

37) Moreover, if this Court deems the holding in Galan persuasive, it should also review, *Chase Home Finance, LLC v. Cobb*, Case No. 16-2008-CA-1834, another Florida case, where the deposition of the same non-party, Patricia Arango, the executor of an assignment of mortgage and an "attorney employed by the Law Offices of Marshall C. Watson, which at all times has been counsel of record to Chase " was ordered.   Circuit Court Judge Waddell Wallace held: "[defendant is] entitled to thorough discovery of the facts underlying and giving rise to the execution of the…assignments of mortgage."   See attached hereto as Exhibit 1 a true and correct copy of  Order on Motion to Compel Deposition dated June 4, 2010.

38) The debtor seeks to question Bechakas about the factual circumstances surrounding her execution of the mortgage assignment, her status at the time of execution, and other issues referring and relating to the debtor's allegations that the claimants do not have standing to

file the instant proof of claim/objection to confirmation and that a fraud has been perpetrated on the court by the filing of these documents.

39) The debtor should be allowed to depose Bechakas.

## BECHAKAS MUST PRODUCE THE REQUESTED DOCUMENTS

40) Bechakas also states, without any supporting rationale that "the documents in the subpoena are overly broad and clearly privileged."

41) The Rules require "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-prepartion material, the party *must* describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Bank. R. Civ. P. 26(b)(5)(ii) emphasis added.

42) Bechakas has failed to detail specifically what requests are overly broad and/or clearly privileged so it is difficult to respond to this request, however that lack of specificity dooms her desire not to respond.

43) It is clear that Bechakas has failed to submit her privilege objections in the form of a privilege log and this has been ruled to be sufficient cause to waive the privilege. *Marx v. Kelly, Hallman P.C.,* 929 F.2d 8, 10-11 (1st Cir. 1991); *Eureka Financial Corp., v. Hartford Accident & Indemnity Co.,* 136 F.R.D. 179 (E.D. Cal. 1991.)

44) Bechakas' failure to provide a privilege log or otherwise detail what documents she deems to be covered by the attorney-client/work product privilege so that the debtor can meaningfully respond is a waiver of the privilege.

## THERE IS NO BASIS TO SEAL THE DEPOSITION
## OR PROHIBIT ITS VIDEOTAPING

45) Next, GMAC/Deutsche have requested that if the deposition is taken it be sealed.

46) The Second Circuit takes a dim view of sealing the deposition and has "recognized a strong presumption of public access to court records. This preference for public access is rooted in the public's first amendment right to know about the administration of justice") *Orion Pictures v. Video Software Dealers Ass'n*, 21 F.3d 24, 26 (2d Cir. 1994) (*citing Nixon v. Warner Communications, Inc.,* 435 U.S. 589 (1978)).

47) Moreover it has emphasized that the lower courts "must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need…" Id. at 27.

48) Bechakas has utterly failed to demonstrate any circumstance or need much less one that is extraordinary or compelling to seal this deposition.

49) In a feeble attempt to justify this request, Bechakas has listed all the websites that she is now mentioned on such as www.stopforeclosurefraud.com and baselessly states that "[s]uch a safeguard is necessary to protect [her] from 'annoyance, embarrassment, oppression, or undue burden.'" Memorandum of Law at p13.   However, the fact that Bechakas is mentioned on a number of sites should not be surprising, nor is it evidence of an extraordinary circumstance or compelling need.

50) From the very beginning Bechakas' activities were public—in the Debtor's Objection to POC, no less than 23 mortgage assignments, all purportedly executed by Bechakas, were attached.   As pointed out at that time, each and every one of the assignments of mortgage was derived from *public records*.   These and even more assignments of mortgage are still available to the public---all anyone has to do is simply access a county clerk's land records.

51) Additionally, Bechakas vaguely alludes to the possibility of some type of harassment occurring if this deposition is not sealed, but provides no concrete evidence of this. Nevertheless, and without conceding this issue, the debtor will agree NOT to ask her any questions about her home address or personal contact information outside of employment and professional information.

52) Bechakas' request to seal this deposition is devoid of any demonstration of need.   Her unsupported assertion that it will avoid "annoyance, embarrassment, oppression or undue burden…" is the proverbial attempt to put the toothpaste back into the tube and should be denied.

53) Finally, without any justification or real analysis, Bechakas requests that her deposition not be videotaped.

54) First, it is clear that for many years the Second Circuit has favored videotaped depositions. As the Court noted in *Lamb v. Globe Seaways, Inc.,* 516 F. 2d 1352, 1357 Fn . 3  (2nd Cir. 1975), even prior to the widespread use of videotape depositions: "What a perfect opportunity and situation for the use of a videotape deposition!  How to improve the administration of justice while at the same time preserving the integrity of the judicial process by insuring demeanor evidence for the triers of fact!"

55) Moreover, the Second Circuit has observed that "videotape may in fact be more accurate evidence than a transcript… Transcripts lack a tone of voice, frequently misreport words and often contain distorting ambiguities…Videotaped depositions thus convey the meaning of testimony more accurately and preserve demeanor evidence as well…"  *In Re Application of CBS, Inc.,* 828 F.2d 958, 960 (2nd Cir. 1987).

56) Even when there is a real concern about the videotape being widely distributed, the Second Circuit hasn't flinched in its support of videotaping, "[n]ewsworthy testimony is likely to be widely disseminated whether or not it is videotaped…" Id.

57) Second, it is equally clear that bankruptcy courts throughout the nation realize what the Second Circuit has held and have repeatedly utilized videotaped depositions to make credibility determinations when making findings of facts and conclusions of law.   See *In Re Maxko Petroleum, LLC*, 425 B.R. 852, 857  (Bankr. S.D. Fla. 2010) (court makes findings of fact and conclusions of law based on live testimony and through videotape deposition);  *In Re Hill*, 437 B.R 503, 526 (Bankr. W.D. Pa 2010)   (Court finds testimony from videotaped deposition to be credible.)

58) As demonstrated earlier, Bechakas is a fact witness.  Moreover, how, when, and why she executed the assignment of mortgage are determinative factors in the questions presented by the Debtor's Objection to POC.   Finally, in responding to these questions a videotape will allow this Court to make  more accurate credibility determinations.

**WHEREFORE**,  for all the reasons stated  above, the debtor requests that this court order:

A.  The instant motion to quash be denied;

B.  Bechakas be ordered to appear at a deposition on October 20, 2011;

C.  Bechakas be ordered to produce those documents requested by the debtor in Schedule A of the subpoena duces tecum;

D.  That the debtor be allowed to videotape the deposition;

E.  That Bechakas' request to seal the deposition be denied;

F.  And such further relief as this Court may deem just and proper.

Dated:    Saratoga Springs
October 18, 2011                                                  */s/Ronald J. Kim/s/*
Ronald J. Kim, Esq.
*Attorney for Debtor(s)*
Bar Roll #511156
Law Offices of Ronald J. Kim
P.O. Box 318
Saratoga Springs, NY 12866
518-581-8416 Telephone
518-583-9059 Facsimile
Ron@RonaldKimLaw.com E-mail