**Exhibit "1"**

IN THE CIRCUIT COURT OF THE FOURTH
JUDICIAL CIRCUIT, IN AND FOR DUVAL
COUNTY, FLORIDA.

CASE NO.: 16-2008-CA-1834-XXXX
DIVISION: CV-H

CHASE HOME FINANCE, LLC,

        Plaintiff,

vs.

YVETTE M. COBB A/K/A YVETTE M.
STALLS, et al.,

        Defendants.

_____/



FILED
JUN 0 4 2010
CLERK CIRCUIT COURT

## ORDER ON MOTION TO COMPEL DEPOSITION

    This case is before the Court for consideration of the Motion to Compel Production of Documents at Deposition filed on behalf of Defendant, Yvette M. Cobb, a/k/a Yvette M. Stalls. The Court conducted a hearing on the motion, which was attended by attorneys for Ms. Stalls and attorneys representing Plaintiff, Chase Home Finance, LLC ("Chase"), and Dale L. Friedman, Esquire, attorney for the requested deponent, Patricia A. Arango. Based upon the matters presented at the hearing, the Court finds as follows:

    Chase filed this mortgage foreclosure action on February 11, 2008. In paragraph three of its complaint, Chase alleges that, "as servicer of the owner and acting on behalf of the owner with authority to do so, [Chase] is the present designated holder of the note and mortgage with authority to pursue the present action." Attached as exhibits to the complaint are copies of a note dated July 11, 2003, payable to Flagstar Bank, FSB (without any endorsements) and a mortgage, also dated July 11, 2003, listing the lender as Flagstar Bank, FSB, and Mortgage Electronic Registrations Systems, Inc. (MERS) listed as the mortgagee, acting "solely as a nominee for Flagstar Bank and its successors and assigns.

    On July 3, 2008, Ms. Stalls filed a motion to dismiss Chase's complaint for alleged lack of standing and fraud on the court. The motion was based on an assignment of mortgage, dated February 14, 2008, under which MERS, as nominee for Flagstar Bank, purported to assign the

**Exhibit "1"**

subject note and mortgage to Chase. On February 11, 2008, Chase filed its complaint commencing this action. According to Ms. Stalls's motion, therefore, Chase only acquired ownership of the note and mortgage after the initiation of this action and thus Chase did not, and cannot obtain, standing in this action to enforce the subject note and mortgage. The assignment dated February 14, 2008, on which Ms. Stalls's motion to dismiss relies, was filed with the Court by Chase under a notice of filing filed August 7, 2008.

On March 5, 2009, Chase filed another assignment of the subject mortgage in the record of this civil action. This assignment is entitled, "Corrective Assignment of Mortgage," and recites that it was prepared to correct the previous assignment of mortgage recorded April 10, 2008, in order to "insert the effective date of transfer." In this corrective assignment of mortgage, MERS, as nominee for Flagstar Bank, executes an assignment of mortgage dated February 21, 2009, but recites that the assignment of the note and mortgage by MERS, as Flagstar Bank nominee, to Chase, was effective as of December 3, 2003.

Following the receipt of this corrective assignment of mortgage, counsel for Ms. Stalls initiated efforts to take the deposition of Patricia Arango, who was the signatory for MERS in the corrective assignment. In that assignment, Ms. Arango is listed as an assistant secretary for MERS. Ms. Arango is also an attorney employed by the Law Offices of Marshall C. Watson, which at all times has been counsel of record to Chase in this action. The request to take Ms. Arango's deposition was directed to Ms. Melody Marshall, an attorney at the Law Offices of Marshall C. Watson, who had appeared as one of the counsel of record for Chase. Neither Ms. Martinez nor Ms. Arango responded to the request of Ms. Stalls's counsel for a deposition date.

Counsel for Ms. Stalls next forwarded an email message dated August 13, 2009, to Ms. Martinez again requesting mutually convenient dates to take Ms. Arango's deposition. Ms. Martinez replied that Ms. Arango may be available after Labor Day. In the email message dated August 14, 2009, counsel for Ms. Stalls asked Ms. Martinez to provide four days after Labor Day 2009 on which Ms. Arango would be available for a deposition.

When counsel for Ms. Stalls received no response, counsel tried a fifth time to obtain dates and times to take Ms. Arango's deposition in an email message dated September 18, 2009. There was no response to this fifth attempt. Therefore, counsel for Ms. Stalls served a

**Exhibit "1"**

notice of taking deposition duces tecum and subpoena duces tecum sent to Melody Martinez on November 16, 2009, and served personally upon Patricia Arango on December 3, 2009.

The deposition was set for January 12, 2010. It was not until December 21, 2009, that Ms. Stalls's counsel received a letter from Dale Friedman, Esquire, first indicating Ms. Freidman's representation of Ms. Arango. This letter also stated objections to producing certain documents requested in the November 16, 2009, notice and subpoena.

The circumstances surrounding the execution of the original and corrective assignments are directly relevant to Defendant Stalls's defense of lack of standing and fraud on the court. The original corrective assignments may have been properly executed by a person with proper authority to do so. On the other hand, the circumstances may suggest that either or both assignments could have been created in order to avoid the dismissal of the civil action or the expense of seeking out third parties formerly affiliated with the original lender, Flagstar Bank, or other entities who participated in the origination or subsequent transfer of ownership of the mortgage loan. It is unusual that someone in Arango's position, as counsel of record to the foreclosing lender, would execute an assignment of mortgage to her client while acting on behalf of the client's predecessor in title. In any event, Defendant Stalls in entitled to thorough discovery of the facts underlying and giving rise to the execution of the original and corrective assignments of mortgage.

There was a failure to respond to repeated, reasonable requests by counsel for Defendant Stalls to take Ms. Arango's deposition. Finally, after Stalls's counsel resorted to subpoenaing Arango, an attorney with the law firm acting as counsel of record for Chase, Arango retained her own counsel who transmitted a letter to Stalls's counsel objecting to the requested deposition. At the hearing before the Court on Arango's objection to the deposition, Arango, through counsel, objected to Stalls's scheduling Arango's deposition in Duval County, rather than in Fort Lauderdale where Arango lives and is employed. In response, Stalls's counsel noted that the deposition had in fact been noticed and scheduled for Fort Lauderdale for Arango's convenience. At the hearing Arango's second argument, again made through her counsel, was that a five dollar witness fee check was not delivered to Arango at the time of service of the subpoena, as required by Section 92.142, Florida Statutes (2009). For lack of the

**Exhibit "1"**

five dollar fee, Arango argued that the subpoena served on her is void and she has no obligations thereunder. Arango is entitled to receive the statutory witness fee, but the failure to tender the fee check at the time of service of the subpoena, does not render the subpoena void. Moreover, Plaintiff's counsel never opposed paying the witness fee and stated that it has always intended to do so. Arango did not promptly demand payment of the witness fee after the subpoena was served. The Court has higher expectations of the professionalism of attorneys than to expect to conduct hearings scheduled for objections to complying with subpoenas based upon the lack of a five dollar witness fee. Defendant Stalls shall pay Arango the required witness fee and Arango shall then appear promptly for her deposition pursuant to the subpoena.

Arango asserts objections to various of the document requests in Stalls's subpoena duces tecum. The Court addresses each of these objections below. Accordingly, it is
**ORDERED**:

1. Defendant Stalls's Motion to Compel Compliance with her subpoena duces tecum for deposition is **GRANTED**.

2. Patricia A. Arango shall appear promptly on a date and time provided by counsel for Defendant Stalls for her deposition at 1800 NW 49th Street, Suite 120, Fort Lauderdale, Florida 33309, or at such other address in Broward County, Florida as agreed to between Defendant Stalls and Patricia Arango. Ms. Arango shall have with her at the time and place of the deposition, the documents requested of her in the subpoena, as directed by the Court in this order. Absent an agreement between Stalls and Arango, the deposition shall take place not less than seven, nor more than 30 days after the entry of this order.

3. As to Arango's objection to the documents requested in item 2 of the subpoena, the objection is sustained in part and overruled in part. Arango shall produce W-2 forms only if issued to her by MERS, Flagstar Bank, FSB or Chase Home Finance, LLC.

4. Ms. Arango's objection directed to Defendant's request 8 – "all assignments of mortgages you have signed in Duval County foreclosure cases in 2007 and 2008" – is overruled in part and sustained in part. Ms. Arango shall not be required to produce copies of the assignments at this time. However, Ms. Arango shall testify fully as to her knowledge of signing any such assignments and the general practices followed by her and her employer law

**Exhibit "1"**

firms in signing or preparing or obtaining authority to sign or prepare, assignments of mortgages that the law firm is in the process of foreclosing or otherwise enforcing.

5. Ms. Arango's objection directed to Defendant Stalls's request 10 – the most recent 50 assignments of mortgage she has signed as a representative of MERS or any other entity – is overruled in part and sustained in part. Ms. Arango shall produce a list of the foreclosure cases, by case number, filed in Duval County by the Law Offices of Marshall C. Watson, P.A. in September, October and November 2009. Documents containing this information should be readily available to Arango without undue burden. The existence of assignments of mortgages in these other actions, particularly the timing and sequence of the assignments with respect to the dates of filing of the foreclosures, may reveal information regarding patterns of practices or procedures that would be relevant to the subject matter of this action and may lead to the discoverability of admissible evidence.

6. Arango shall have with her at the deposition and produce in full the documents requested in items 1, 3, 4, 5, 6, 7 and 10 of the subpoena.

7. The Court reserves jurisdiction to consider requests for sanctions at the conclusion of Arango's compliance with the subpoena.

**DONE AND ORDERED** in chambers at Jacksonville, Duval County, Florida, this 4th day of June, 2010.

Waddell A. Wallace, III
Circuit Judge

Copies to:

Lynn Drysdale, Esquire
Jacksonville Area Legal Aid
126 West Adams Street
Jacksonville, Florida 32202

Law Offices of Marshall C. Watson, P.A.
1800 N.W. 49th Street, Suite 120
Fort Lauderdale, Florida 33309

5

**Exhibit "1"**

Dale L. Friedman, Esquire
3440 Hollywood Boulevard, Second Floor
Hollywood, Florida 33021